## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al., | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. C-3-92-333 |
| | ) |
| NAVISTAR INTERNATIONAL CORPORATION, et al., | ) District Judge Walter H. Rice |
| | ) |
|     Defendants. | ) |
| NAVISTAR INTERNATIONAL CORPORATION, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. 3:10-cv-00211 |
| | ) |
| ART SHY, et al., | ) District Judge Walter H. Rice |
| | ) |
|     Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

The parties to the above-captioned litigation possess information related to the subject matter of this litigation that is confidential, and they recognize that in the course of discovery proceedings and/or settlement negotiations it may be necessary to disclose such information. Much of this information is protected as trade secrets and confidential business and other information or is otherwise protected by law. Accordingly, each party wishes to ensure that such information shall not be used for any purpose other than the proceedings in this case.

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 408 – to protect the trade secrets and confidential business and other information of the parties and related third parties, and to protect the confidentiality of the parties' settlement negotiations – the parties to this litigation, by and through their respective counsel, hereby stipulate to the following protective order for the protection of confidential information,

documents and other things produced or given as part of the disclosure, discovery, settlement, or litigation process in this litigation.

IT IS HEREBY ORDERED THAT:

1. Application of This Protective Order - Discovery: All information, testimony, things or documents filed with the Court or produced or given (either by a party or by a non-party) as part of discovery in this litigation shall be governed by this Protective Order ("Covered Matter"), including documents and things, portions of documents, answers to interrogatories, responses to requests for admissions of fact, depositions, transcripts of depositions, portions of briefs, memoranda or writings filed with or otherwise supplied to the Court, and technical or commercial information derived there from deemed by any entity producing that information to be confidential information. This Protective Order permits the parties to designate certain material as "CONFIDENTIAL" (hereafter collectively referred to as "Confidential Material"), but only such items that are actually protectable under law or pursuant to Federal Rule of Civil Procedure 26(c).

2. Application of This Protective Order – Settlement Negotiations: This Protective Order shall also govern material or information produced or exchanged in the course of settlement negotiations, including the scheduled August 23, 2010 settlement conference between the parties and the August 16, 2010 settlement position paper submissions required of the parties. All communications, statements, submissions, documents and other information provided or exchanged in the course of settlement negotiations are (a) privileged and confidential settlement negotiations pursuant to Fed. R. Evid. 408, (b) made without prejudice to any party's legal position, (c) inadmissible for any purpose in any legal proceeding, and (d) deemed "Confidential Material" governed by the terms of this Protective Order.

3. Confidential Designation: Counsel for a party or non-party (the "Designating Party") may designate as Confidential Material the whole or portion of any documents, information, materials, testimony or other things disclosed or produced in this action which constitute an actual trade secret, non-public personal or private information, or other confidential business information where disclosure would cause the producing party harm, including commercial information not readily available to the public. A party shall act in good faith in accordance with Federal Rule of Civil Procedure 26(c) and applicable law in designating information as confidential information.

4. Designating and Marking Confidential Material. Confidential Material to be designated "CONFIDENTIAL" pursuant to this Protective Order shall be designated and marked as follows:

(a) Documents: Documents may be designated as "CONFIDENTIAL" by placing on each page the following legend on any such document: "CONFIDENTIAL under *Shy v. Navistar* Protective Order." Wherever this Order refers to designating material as "CONFIDENTIAL," the designation shall read: "CONFIDENTIAL under *Shy v. Navistar* Protective Order."

(b) Magnetic or Optical Media Documents: Where a document is produced in a magnetic or optical media (such as floppy diskette, tape, CD or DVD), the medium container and the medium itself shall both be marked or stickered with the appropriate confidentiality notice as described in ¶ 4(a) above, and the contents thereof shall be treated in accordance with this Order. To the extent that any party prints any of the information contained on magnetic or optical media that is designated as Confidential Material, such printouts shall be marked as described in ¶ 4(a) above.

3

(c) <u>Physical Exhibits:</u> The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 4(a) above.

(d) <u>Written Discovery:</u> In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ 4(a) above shall be placed on each answer or response that contains Confidential Material.

(e) <u>Deposition Proceedings:</u> Whenever Confidential Material is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such information is subject to the terms of this Stipulated Protective Order and shall use best efforts to obtain the witness's agreement to execute a copy of the Confidentiality Declaration attached to this Protective Order as Exhibit A. If any person other than the witness is present at the deposition and does not come within the categories of persons defined in Paragraph 9 of this Protective Order, that person shall not be permitted to be present while Confidential Material is used during the deposition.

(f) <u>Designation of Deposition Transcripts:</u> The attorney for any party or third party, including a witness, may designate portions of a deposition transcript as "CONFIDENTIAL" by making such designation on the record during the deposition. The portions designated during the deposition as "CONFIDENTIAL" shall be separated and treated as Confidential Material consistent with the provisions of this Protective Order and shall be fully subject to the relevant provisions of this Protective Order. Transcripts that are not so designated on the record shall nevertheless be treated as "CONFIDENTIAL" until thirty (30) days after receipt of the deposition transcript by counsel for the witness and for all parties, during which period counsel for any party or third party, including the witness, may designate those portions

4

of the deposition transcript (including exhibits) as "CONFIDENTIAL" (as appropriate) and shall inform all counsel of such designation. All portions of any deposition transcript not designated as "CONFIDENTIAL" shall be free from the provisions of this Protective Order.

    5.    <u>Protecting Confidential Material</u>: All persons in possession of Confidential Material shall exercise reasonable and appropriate care with respect to its storage, custody or use in order to ensure that the confidential nature of such type or classification of information is securely maintained as provided in this Stipulated Protective Order.

    6.    <u>Improper Disclosure Of Confidential Material.</u> If any Confidential Material is disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the party responsible for the disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that are known to the party responsible for the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

    7.    <u>Inadvertent Misdesignation.</u> A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of the production shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. Any such misdesignated material shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the producing party becomes aware of the inadvertent failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not

authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to obtain the agreement of the recipient(s) to maintain the confidentiality of the Confidential Material consistent with this Stipulated Protective Order.

8. Use of Confidential or Other Material: All material or information that is produced or exchanged in the course of this action or during settlement negotiations, whether designated as "CONFIDENTIAL" or not, shall be used only for purposes of the above-captioned litigation and not for any other litigation, business, or other purposes. All information, in whatever form, discovered from examination of documents containing Confidential Material, and all information derived from a review of Confidential Material, shall likewise be used only for or in connection with this litigation, and shall not be used for any other purpose whatsoever.

9. Handling of Confidential Material. Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than:

(a) Parties. The parties to this action.

(b) Counsel. Outside counsel of record and in-house counsel for the respective parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel.

(c) Consultants And Experts. Consultants or expert witnesses retained specifically for the prosecution, defense, or settlement of this litigation, provided that each such person executes, before receiving the disclosure, a copy of the Confidentiality Declaration attached to this Protective Order as Exhibit A.

(d) Judicial Personnel. The Court, Court personnel and Court reporters in connection with this litigation.

(e) <u>Designated Representatives.</u> Designated representatives who are employees or officers of any named party or corporate affiliate of any named party to the litigation, provided that each designated representative executes, before receiving the disclosure, a copy of the Confidentiality Declaration attached to this Protective Order as Exhibit A.

(f) <u>Witnesses.</u> Any witness or prospective witness in this litigation, but only for purposes of testimony or preparation of testimony in this litigation, and subject to the restrictions set forth in this Stipulated Protective Order. No copies of "Confidential Information" shall be given to such persons for them to retain. Before the disclosure of "Confidential Information" to any witness in this litigation, each such witness shall first sign a "Confidentiality Declaration" in the form attached hereto as Exhibit A, which Declaration shall be retained by counsel for the disclosing party or non-party. Witnesses being shown Confidential Material pursuant to this subparagraph (f) shall not be allowed to retain copies of the Confidential Material. A witness who was shown Confidential Material during a deposition, however, may review the Confidential Material while reviewing his or her transcript, provided that any Confidential Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

10. <u>Recipients of Confidential Material</u>: Except as otherwise ordered by the Court, any person to whom a disclosure of Confidential Material is made by the parties shall first be given a copy of this Stipulated Protective Order. The parties agree that execution of this Stipulated Protective Order by counsel shall constitute their agreement to its terms. All persons receiving Confidential Material are ENJOINED from disclosing it to any other person except in conformance with this Stipulated Protective Order.

11. <u>Attorney-Client Privilege and Work Product Protections</u>: If information is produced in discovery that is subject to an assertion of privilege or of protection as trial-preparation material, the party making the assertion may notify any party that received the information of the assertion and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not use or disclose the information until the assertion of privilege is resolved, provided, however, that the information need not be returned or destroyed (although it may not be used or disclosed) if, within five (5) days of receiving the notification described above, the party promptly presents the information to the court under seal for a determination of the assertion of privilege. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

12. <u>Submission of Confidential Material to the Court</u>: Any pleading, motion or other paper or thing filed with the Court which discloses Confidential Material shall be filed under seal and kept under seal until further Order of this Court. Such information, however, shall continue to be available to the Court and to such persons permitted access to such information under this Stipulated Protective Order. The Clerk of this Court is directed to maintain under seal all filed things, documents and transcripts of testimony designated as Confidential Material in this litigation. A copy of all documents or things filed in this proceeding which include or reference Confidential Material shall be delivered to the Court's chambers with the designated information included or attached.

13. <u>Use of Confidential Material During Court Proceedings.</u> In the event Confidential Material is used in any proceeding in this litigation (including conferences, oral arguments or hearings), the Confidential Material shall not lose its status as Confidential

8

Material through such use. Nothing herein shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. Any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

14. <u>Post-Litigation Return or Destruction</u>: All provisions of this Stipulated Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of the above-captioned litigation, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the running of any time to appeal and the conclusion of any appeals, any person in possession of Confidential Material shall either (a) return all such Confidential Material no later than forty-five (45) days after conclusion of this litigation to counsel for the party or non-party who provided such information; or (b) destroy all such Confidential Material within the time period and certify in writing within forty-five (45) days that such Confidential Material has been destroyed. Notwithstanding anything to the contrary above, the parties and their outside counsel shall be entitled to retain one copy of the pleadings and correspondence in the action for their files, provided that they return or destroy all exhibits to such pleadings or correspondence that have been designated as Confidential Material.

15. <u>Disputes over Designation of Confidentiality:</u> Any designated item as to which an objection to confidentiality has been made shall nonetheless continue to be treated as designated unless and until the dispute is resolved by the following procedure:

(a) <u>Procedure for Parties To This Litigation.</u> At any time, a party-recipient of materials designated as CONFIDENTIAL may, in good faith, advise the Designating Party in writing that a so-designated item or group of items is not legitimately entitled to protection. The Designating Party shall have five (5) business days in which to: (i) elect to withdraw the designation; or (ii) provide the objector with the basis for the designation. If the dispute is not

resolved within fourteen days, extendable by agreement of the disputants, the Designating Party must file a motion for a ruling in support of the designation, or the designation is waived.

   (b) <u>Procedure for Interested Non-Party Members Of The Public.</u> At any time, any non-party, including interested members of the public, may, in good faith, challenge the designation of Confidential Material in writing to the Designating Party. Following receipt of such a written challenge, the parties and non-parties shall have five (5) business days, extendable by agreement of the disputants, to attempt to negotiate a resolution of the challenge after which time the party or non-party objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate.

 16. <u>General Provisions</u>:

   (a) <u>Jurisdiction</u>: Any person receiving Confidential Material under the terms of this Stipulated Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

   (b) <u>No Admissions</u>: Unless the parties stipulate otherwise, adherence to this Protective Order in no way constitutes an admission that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Confidential Material in its sole and complete discretion. In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery

requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request. Further, nothing herein shall be construed as an agreement or admission: (a) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential Material; or (b) with respect to the authenticity, competency, relevance, or materiality of any document so designated.

    (c) <u>Use of the Stipulated Protective Order:</u> This Stipulated Protective Order is for the sole purpose of facilitating discovery and settlement discussions in the above-captioned litigation, and the Confidential Material obtained under this Stipulated Protective Order may only be used for this litigation. It is further ordered that this Stipulated Protective Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Stipulated Protective Order.

    (d) <u>Modification of Stipulated Protective Order:</u> Any party for good cause may apply to the Court for a modification of this Stipulated Protective Order. In the event such an application is made, the parties shall be bound by the terms of this Stipulated Protective Order unless and until it is modified by the Court.

**Stipulated and Agreed Upon By:**

By:/s/Frederick G. Cloppert, Jr.
    Frederick G. Cloppert, Jr.
    Cloppert, Latanick, Sauter & Washburn, LLP
    225 East Broad Street
    Columbus, Ohio 43215
    Phone: 614-461-4455

    Julia Penny Clark
    Jeremiah A. Collins
    Bredhoff & Kaiser, P.L.L.C.
    805 15th Street, N.W.
    Washington, D.C. 20005
    Phone: 202-842-2600

    Daniel W. Sherrick
    Michael F. Saggau
    Legal Department
    International Union, United Automobile,
    Aerospace & Agricultural Implement
    Workers of America
    8000 East Jefferson Ave.
    Detroit, MI 48214

By:/s/David P. Pierce
    David P. Pierce
    Coolidge Wall Co., L.P.A.
    33 W. First Street, Suite 600
    Dayton, OH 45402
    Phone: 937-223-8177

    Laurence H. Levine
    LAURENCE H. LEVINE LAW OFFICES
    190 South LaSalle Street, Suite 3120
    Chicago, Illinois 60603
    Phone: (312) 291-7000

    Cary R. Perlman
    B. John Casey
    Norah K. Cooney
    LATHAM & WATKINS LLP
    233 South Wacker Drive, Suite 5800
    Chicago, Illinois 60606
    Phone: (312) 876-7700

SO ORDERED this 28th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## CONFIDENTIALITY DECLARATION

   I, the undersigned, hereby certify that I have read and understand the attached Protective Order. I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the Southern District of Ohio with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose other than this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made there from in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made there from to the counsel from whom I received such materials or destroy such materials in a manner consistent with this Protective Order.

   I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

E-mail: _____

Relationship to this action and its parties:

_____


Dated: _____    Signature: _____


w:\wdox\client\009025\00379\00490656.doc