## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ART SHY, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>NAVISTAR INTERNATIONAL<br>CORPORATION, *et al.*,<br><br>                Defendants. | Case No. C-3-92-333<br>Judge Walter H. Rice |
| NAVISTAR INTERNATIONAL<br>CORPORATION, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>ART SHY, *et al.*,<br><br>                Defendants. | Case No. 3:10-cv-0211<br>Judge Walter H. Rice |

## ORDER REGARDING DISCUSSIONS OF
## POSSIBLE SETTLEMENT

In Case No. C-2-92-333, the Court approved in 1993, and entered as a Consent Decree, a class action settlement which governs the health and life insurance benefits provided by Navistar International Corporation and related entities ("Navistar") to a class of some 27,000

retired former Navistar employees and spouses.  In that case, and in No. 3:10-cv-0211 (a declaratory judgment action filed by Navistar), disputes have arisen concerning the extent of Navistar's obligations to provide certain benefits pursuant to the settlement.

The parties are engaged in settlement discussions to determine whether it may be possible to resolve those disputes, and to provide for greater certainty regarding the class members' future benefits, by replacing the benefit plan established pursuant to the 1993 settlement with an entirely different arrangement in the form of a Voluntary Employees' Beneficiary Association Trust ("VEBA").

The Court is informed that evaluating a possible VEBA presents complex issues as to which the retiree plaintiffs require the advice and assistance of both an actuary and a financial advisor, and that The International Union, United Aerospace and Agricultural Implement Workers of America ("UAW"), which is a co-plaintiff in No. C-3-92-333 and has supported the litigation financially, has secured the agreement of Navistar to pay for the fees and expenses of the actuary and, tentatively, a financial advisor who will advise and assist class counsel and the UAW.  The Court understands this to be essential in order to facilitate financial analysis both of the benefits provided under the existing settlement in No. C-3-92-333 and of proposals to enter into a

new settlement of that case and of No. 3:10-cv-0211 through the establishment of a VEBA.

The UAW has expressed the concern that, notwithstanding the fact that the actuary and financial advisor will be advising class counsel as well as the UAW, Navistar's payment of these fees and expenses might be considered, under a literal reading of Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, to constitute a "thing of value" which, subject to certain exceptions, an employer is not permitted to provide to a union that represents any of its employees.  The UAW has requested a determination by the Court as to whether the contemplated payment by Navistar of the fees and expenses of the actuary and financial advisor in the circumstances presented here would be permitted by the statute.

This Court finds that the proposed arrangement is permitted by Section 302, and in particular by the exception in that provision for payment "in satisfaction of a judgment of any court . . . or in compromise, adjustment, settlement or release of any claim, complaint, grievance or dispute in the absence of fraud and duress."  29 U.S.C. § 186(c)(2).  Navistar's payment of these fees and expenses will contribute to the resolution of disputes under an existing settlement and judgment,

and will enable the parties to determine whether it may be possible to improve upon that settlement through a subsequent settlement.

Further, the purpose of Section 302 is to prevent abusive practices by which an employer might improperly influence a union in its representation of employees. Here, there is nothing at all abusive in the proposed arrangement, and the matters at issue principally concern retired employees who are represented by counsel and whose benefits could not be altered by adoption of a VEBA absent approval by the Court after notice to the class. "No conflict with the legislative purpose is implicated" *National Leadburners Health and Welfare Fund v. O.G. Kelley & Company, Inc.*, 129 F. 3d 372, 375 (6th Cir. 1997) in reading the Section 302(c)(2) exception to permit the proposed payments.

For these reasons, the Court orders that the parties may proceed with settlement discussions and defendant Navistar may pay the reasonable fees and expenses of independent experts retained to assist and advise plaintiffs in gathering and evaluating information for informed settlement discussions.

SO ORDERED this 20 day of May, 2011.

Walter H. Rice
U.S. District Court Judge

4