**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ART SHY, et al., ) | |
|       Plaintiffs, ) | |
| ) | |
|   vs. ) | |
| ) | Case No. C-3-92-333 |
| NAVISTAR INTERNATIONAL ) | |
| CORPORATION, et al., ) | District Judge Walter Herbert Rice |
| ) | |
|       Defendants. ) | |

**DEFENDANTS' FURTHER OPPOSITION AND MOTION TO SUPPLEMENT
RECORD CONCERNING PRESCRIPTION DRUG PLAN BENEFITS**

**I.    INTRODUCTION**

On February 24, 2011, the Court sustained in part and overruled in part Plaintiffs' Motion for an Injunction to Compel Compliance with the Settlement Agreement (the "February 2011 Order"). Since then, the parties have served on one another and tendered to the Court two "position papers" concerning the need and/or appropriateness of **additional** orders in connection with the February 2011 Order. Those position papers were dated April 20, 2011, and April 29, 2011, but they have never been formally "filed" in this case (the "Position Papers").

Although the February 2011 Order "overruled" Plaintiffs' Motion for Injunction "to the extent that the [Plaintiffs] seek injunctive relief," the Court requested the Position Papers in contemplation of a possible new order regarding prescription drug coverage for Navistar retirees in Plan 2. To the extent such an order would require Navistar to provide certain **benefits** to Class Members, however, Navistar respectfully believes such an order would be outside this Court's jurisdiction. Therefore, no further order should be entered.

II. ARGUMENT

Navistar requests that the Court allow the Position Papers of all parties to be filed so that they become an official part of the record for purposes of appeal. Navistar further requests that the Court refrain from entering further orders in connection with the Part D prescription drug change, because a determination of what benefits *Shy* Participants are entitled to under the Health Benefit Program is a question for the Health Benefit Program Committee ("HBPC").

A. The Position Papers Should Be Part of the Record

Although Navistar had no quarrel with the Court's decision to ask for simultaneous "Position Papers" as distinguished from briefing in April 2011, the better practice in the **current** circumstances is that those Position Papers be deemed "filed." If the Court does enter a further order concerning entitlement to prescription drug benefits for Plan 2 Participants, Navistar will appeal. The Position Papers will help the Sixth Circuit understand what the Court was considering at the time the new order was entered, and right now it is uncertain whether those Position Papers are part of the "record" or not.

B. The Court Has No Jurisdiction To Enter An Order That Determines Entitlement to Benefits

Plaintiffs' original Motion for Injunctive Relief invoked the Court's continuing jurisdiction pursuant to section 15.4 of the Amended and Restated Settlement Agreement. [Doc. #343, at 1.] That continuing jurisdiction is broad but not unlimited. Specifically, section 15.4 provides that the Court retains jurisdiction to resolve "any disputes relating to or arising out of or in connection with" the Settlement Agreement, "*except* for disputes relating solely to eligibility or entitlement to benefits hereunder." (Emphasis added.)

Not coincidentally, that exclusion matches up precisely with the authority that is granted to Navistar under Article V of the Health Benefit and Life Insurance Plan (the "Base Plan") and

that is subject to review by the **HBPC**. Specifically, the Base Plan states that Navistar is the "Plan Administrator" with the "powers, right and duties" to "construe and interpret the Health Benefit Program." *See* Base Plan, Art. V.  As it relates to entitlement to benefits, the "check" on Navistar's discretion lies with the HBPC. Article VI provides that the HBPC's "powers, rights and duties" include the power "to resolve disputes with respect to determinations of the Plan Administrator regarding benefits and eligibility in its sole discretion in accordance with the dispute resolution procedure set forth in the relevant SPD …." *Id.* at 6.2(b).

Significantly, until Class Counsel filed the Motion for Injunction concerning Part D in April 2010, the parties had respected the above distinction regarding what disputes should be brought to the Court.  When Navistar as Plan Administrator interpreted the Base Plan (i) to limit coverage for Viagra and (ii) to require the brand-name drug co-pay for single-source drugs – decisions that affected thousands of Participants – both disputes were brought to the **HBPC** for resolution.  The Plan Administrator's decision regarding Plan 2 prescription drug benefits is not materially distinguishable.  All such disputes are carved out of section 15.4 of the Settlement Agreement, because if they were not carved out, **any** dispute regarding benefits for **any** Participant would be the proper subject of motion practice before the Court.

The question whether Plan 2 Participants are entitled to different prescription drug benefits than those administered under the regime that Navistar implemented in July 2010 is an issue expressly carved out the Court's retained jurisdiction and granted to the HBPC.  Therefore, Navistar respectfully believes the Court has no jurisdiction to enter a further order determining the benefits of Plan 2 Participants with respect to prescription drugs.[1]

---

[1] To the extent the February 2011 Order is interpreted as a ruling concerning "entitlement" to benefits, that Order too was outside the Court's jurisdiction.

### III. CONCLUSION

For all of the foregoing reasons, Navistar respectfully requests that this Court grant leave for the parties to file their previously tendered Position Papers. Navistar also respectfully requests that the Court take no further action with respect to the Class Members' entitlement to prescription drug benefits.

Dated: June 27, 2011

    Respectfully submitted,

    COOLIDGE WALL CO., L.P.A.

    s/ David P. Pierce
    DAVID P. PIERCE (0061972)
    33 W. First Street, Suite 600
    Dayton, OH 45402
    Phone: 937-223-8177
    Fax: 937-223-6705
    E-mail: pierce@coollaw.com.

    Laurence H. Levine, Esq.
    LAURENCE H. LEVINE LAW OFFICES
    190 S. LaSalle Street, Suite 3120
    Chicago, IL 60603
    Phone: (312) 291-7000
    Fax: (312) 291-7015

    Cary R. Perlman, Esq.
    B. John Casey, Esq.
    Norah K. Cooney, Esq.
    LATHAM & WATKINS LLP
    233 South Wacker Drive, Suite 5800
    Chicago, IL 60606
    Phone: (312) 876-7700
    Fax: (312) 993-9767

    *TRIAL ATTORNEYS FOR DEFENDANTS NAVISTAR INTERNATIONAL CORPORATION, ET. AL*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically on the 27th day of June 2011. Notice of this filing will be sent to all parties by operation of the Court's ECF system and copies will be mailed via ordinary U.S. Mail to those parties not registered with the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                            s/ David P. Pierce
                                            David P. Pierce

w:\wdox\client\009025\00378\00538045.doc