IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, et al.,                    :

    Plaintiffs,                 :
                                                  Case No. 3:92cv333
vs.                                 :
                                                  JUDGE WALTER HERBERT RICE
NAVISTAR INTERNATIONAL              :
CORPORATION, et al.,                :

    Defendants.                 :

---

ORDER DIRECTING DEFENDANTS TO IMMEDIATELY REINSTATE, RETROACTIVELY, THE PRESCRIPTION DRUG BENEFIT THAT WAS IN EFFECT BEFORE NAVISTAR UNILATERALLY SUBSTITUTED MEDICARE PART D FOR SUCH BENEFIT; OTHER RELIEF ORDERED

---

In its Decision of February 24, 2011 (Doc. #373), this Court held that Defendant Navistar International Corporation ("Navistar") was without authority to unilaterally substitute Medicare Part D for the prescription drug benefit adopted by the parties in accordance with the Settlement Agreement/Consent Decree.[1] However, therein, this Court did not explicitly order Navistar to reinstate that

---

[1] The Defendants are Navistar and its subsidiaries. The Court will refer to those entities collectively as Navistar. The Plaintiffs are retirees from Navistar, both those who were represented by unions while employed by Navistar, principally the UAW, and non-union employees. A sub-set of Plaintiffs are retirees eligible for Medicare. This Order addresses that sub-set, as did the Court's Decision of February 24, 2011.

prescription drug benefit which it (Navistar) had unilaterally eliminated from the health care provided to Plaintiffs, as the parties were then engaged in good faith settlement negotiations. In addition, the Court did not order Navistar to make the Plaintiffs whole for any financial losses they may have suffered as a result of Navistar's actions. In this filing, this Court <u>orders</u> Navistar to reinstate the drug benefit plan which existed prior to its unilateral action and to make whole the Plaintiffs' class for their losses (the Medicare Part D premiums they have been required to pay as a result of Navistar's unilateral activity and any extra cost for the prescriptions themselves).

In its response to Plaintiffs' statement on remedy, Navistar has presented an additional reason why this Court should not enter this Order. In particular, Navistar points to § 3.8 of the Retiree Health Benefit and Life Insurance Plan, a detailed protocol created by the parties to address possible future adoption of changes in any "State or National Health Insurance Program."[2] The authority created by § 3.8 is invested in the Health Benefit Program Committee ("HBPC").

By way of background, the Settlement Agreement/Consent Decree provide for, <u>inter alia</u>, the allocation of health care expenses between Navistar and its retirees who were receiving retiree health insurance benefits at the time of the settlement in 1993, as well as its employees and retirees who would receive such benefits in the future. Given that the parties were not able to predict the future with certainty, they adopted § 3.8 to allow the allocation between the parties to be re-examined under certain circumstances. With § 3.8 of the Retiree Health

---

[2]This Court referred that provision during its previous Opinion. <u>See</u> Doc. #373 at 9-10.

Benefit and Life Insurance Plan, the parties crafted a detailed protocol to address possible future adoption of changes in any "State or National Health Insurance Program." That protocol provides that Navistar will be given credit, through the formula set forth in that Plan, for the apportionment of the costs between Navistar and its retirees for any new taxes, premiums or additional amounts Navistar might be required to pay as a result of such changes. Thus, the parties were aware that legislative changes in the health care system could occur and provided a contingency to address such changes should they occur. The change brought about by Medicare Part D, however, does not require Navistar to pay additional taxes or premiums; therefore, that change does not come within the contingency for legislative changes to the health care system set forth in the Retiree Health Benefit and Life Insurance Plan. This further demonstrates that, when the Settlement Agreement/Consent Decree was adopted, the parties did not intend that the statement in the SPD, that Medical Plan 2 supplements Medicare, to mean that Medical Plan 2 would supplement any new benefit Congress should in the future adopt for Medicare.

It also bears emphasis that Medicare Part D requires Navistar's Medicare eligible retirees to pay more for a prescription drug benefit than they were required to pay before Navistar made its unilateral substitution, given that they are required to pay the monthly premium under Medicare Part D, which they had not been previously required to pay. In addition, those retirees will receive less coverage under Medicare Part D, since the formulary of SilverScript,[3] the prescription drug plan selected by Navistar to provide coverage under Medicare Part D, does not

---

[3]SilverScript is a prescription drug plan offered by CVS Caremark.

- 3 -

cover all prescription medications. For these reasons, this Court rejects Navistar's assertion that its unilateral substitution of Medicare Part D for the prescription drug benefit was permissible, because its Medicare eligible retirees would continue to receive all prescription drug benefits provided by the Settlement Agreement/ Consent Decree. Of course, § 3.8 authorizes the HBPC to act in the circumstances set forth therein, rather than conferring the powers on Navistar.[4] Therefore, there is no basis for this Court to conclude that the authority set forth therein prevents it from entering this Order.

Therefore, the Court hereby <u>ORDERS</u> Navistar to reinstate, on an immediate basis, the prescription drug benefit that was in effect before Navistar unilaterally substituted Medicare Part D for that benefit. Navistar shall also reimburse the Plaintiffs for the Medicare Part D premiums they have been required to pay in the interim and any extra cost, if any, for the prescriptions, themselves.[5]

September 30, 2011                    WALTER HERBERT RICE
                                      UNITED STATES DISTRICT JUDGE

---

[4]Parenthetically, a fully functioning HBPC does not even exist.

[5]There is another potential category of damages, which flows from the fact that fewer prescription drugs are available under Medicare Part D than under the prescription drug benefit. The Court has not been informed that one or more Plaintiffs suffered an economic or other loss as a result. If such an individual or individuals exist, Plaintiffs must share the documentation with Navistar in an effort to resolve the matter. If they are unable to resolve it, they must jointly inform the Court, which reserves the right to schedule an evidentiary hearing on said matter.

Copies to:
Counsel of Record.