IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. C-3-92-333 |
| vs. ) | |
| ) | District Judge Walter H. Rice |
| NAVISTAR INTERNATIONAL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND NONTAXABLE EXPENSES

Defendants Navistar International Corporation, *et al.* ("Defendants" or "Navistar") hereby respond to the Motion for Award of Attorneys' Fees and Nontaxable Expenses ("Motion") submitted by Plaintiffs Art Shy, *et al.* ("Plaintiffs") on November 11, 2011. Defendants oppose this motion because this issue should be stayed until the appeal process has run its course and, in any event, Plaintiffs are not entitled to attorneys' fees or expenses. In support of this opposition, Defendants state as follows:

1.  On June 8, 1993, this Court entered its final judgment, as a consent decree, binding the parties to the terms of the Settlement Agreement in this case.

2.  Subsequently, on April 26, 2010, Plaintiffs filed a motion for an injunction against Defendants alleging that Defendants were not acting in compliance with the Settlement Agreement and asked the Court to enjoin Defendants from incorporating Medicare Part D coverage into the plan. Defendants opposed this motion and there was briefing both on the substance of the issue and the appropriate remedy, if any.

3.  On February 24, 2011, this Court entered its Decision and Entry Sustaining in Part and Overruling in Part Plaintiffs' Motion for an Injunction to Compel Compliance with the Settlement Agreement. Defendants appealed this decision on February 28, 2011. This appeal is currently pending before the Sixth Circuit. *See Art Shy, et al v. Navistar International Corp, et al.*, Case No. 11-3215.

4.  On September 30, 2011, this Court entered its Order Directing Defendants to Immediately Reinstate, Retroactively, the Prescription Drug Benefit that was in Effect Before Navistar Unilaterally Substituted Medicare Part D for Such Benefit. Defendants appealed this decision on October 14, 2011. This appeal is also currently pending before the Sixth Circuit. *See Art Shy, et al v. Navistar International Corp, et al.*, Case No. 11-4143.

5.  On November 10, 2011, Plaintiffs filed this Motion asking the Court to award it attorneys' fees and expenses in an amount totaling nearly $600,000.

## I. This Motion Should be Stayed Until the Appeals Are Resolved

6.  This Court should stay the Motion until the two pending appeals have run their course. *See* Fed. R. Civ. Proc. 54(d), 1993 Advisory Committee Notes ("If an appeal on the merits is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice.").[1]

7.  It is in the interest of the parties and the Court to determine whether fees should be awarded, *to which party* they should be awarded, and the appropriate amount, if any, after both appeals currently pending before the Sixth Circuit have been decided.

8.  Defendants intend to seek their fees and expenses if and when the appellate court overturns any portion of the February 24, 2011 or September 30, 2011 decisions. *See* 29 U.S.C §

1132(g)(1) (allowing courts to award fees and costs to "either party"). Therefore, to open a potentially contentious and time consuming dispute as to whether, and in what amount, fees should be awarded at this stage could result in a waste of judicial resources and of the parties' time.

9. Defendants therefore request that the Court stay this Motion until after the resolution of all appeals on the merits.

## II. Plaintiffs Should Not Be Awarded Attorneys' Fees

10. In the alternative, should the Court determine that the Motion will not be stayed, Plaintiffs cannot meet their burden of showing that they should be awarded attorneys' fees or expenses.[2]

11. Plaintiffs allege that they are entitled to attorneys' fees under 29 U.S.C. § 1132(g)(1). However, even if Plaintiffs have demonstrated "some degree of success" as is required before a court may award attorneys' fees under the ERISA statute, that is merely a threshold determination. *See Hardt v. Reliance*, 130 S. Ct. 2149, 2158 (2010).

---

[1] Defendants have separately filed a Motion to Stay Plaintiffs' Motion for Award of Attorneys' Fees and Nontaxable Expenses.

[2] If this Court determines that Plaintiffs are entitled to attorneys' fees and expenses – which it should not – then Defendants hereby demand, pursuant to Federal Rule of Civil Procedure 54(d)(2)(C) that Plaintiffs be required to provide factual support for their alleged fees and expenses. Plaintiffs do not oppose this request, and have offered to "provide additional specification and documentation." *See* Motion, ¶ 3. The fees and expenses sought by Plaintiffs are significant, especially given that the motion was decided on a paper record with no evidentiary hearing or new discovery. Defendants therefore ask that the Court require Plaintiffs to disclose time sheets and/or billing records with entries and records for all expenses charged. Only with a complete opportunity to inspect these records will Defendants be able to sufficiently evaluate whether the fees and expenses alleged are proper.

12. Plaintiffs still bear the burden of showing that this Court should exercise its discretion under ERISA and award fees. The Sixth Circuit employs a five factor test to determine whether fees are appropriate:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991). This test remains unchanged even after the Supreme Court in *Hardt* lessened the threshold for eligibility for fees. *See O'Callaghan v. SPX Corp.*, 2011 U.S. App. LEXIS 19631, *14-18 (6th Cir. 2011) ("*Hardt* does not change the district court's five-factor analysis."). Applying these five factors, Plaintiffs are not entitled to fees and expenses.

13. First, Plaintiffs have not and cannot allege that Defendants exercised bad faith. Defendants were acting as fiduciaries in an attempt to conserve resources for the well-being of all retirees going forward, while at the same time providing the coverage required under the Settlement Agreement. The mere fact that the Court was not persuaded by Navistar's argument does not indicate the presence of bad faith. *See Garber v. Provident Life & Accident Ins. Co.*, 1999 U.S. App. LEXIS 11280 (6th Cir. May 27, 1999) (finding a lack of bad faith even though the Court found that one party's interpretation of the contract was *unreasonable*); *see also Trs. for Mich. BAC Health Care Fund v. OCP Contrs., Inc.*, 136 Fed. Appx. 849, 853 (6th Cir. 2005) (upholding a finding of a lack of bad faith because the plaintiff "had thoughtfully analyzed its legal position and clearly communicated its position to [defendant]").

14. Second, although Defendants will be able to satisfy a reasonable award of attorneys' fees, every additional cost the Defendants must pay further imposes restrictions on

Navistar's ability to operate and continue to fund its substantial outstanding obligations owed to its retirees.

15. Third, awarding Plaintiffs fees and expenses in this instance will have absolutely no deterrent effect on other similarly situated companies. As is clear from the briefing, Defendants were acting in good faith and making decisions under the terms of a unique Settlement Agreement. Courts, in awarding fees with an eye to deterring future misconduct have noted that the greatest deterrent is present when a defendant is "highly culpable" and acted with "deliberate misconduct." *See Foltice v. Guardsman Products*, 98 F.3d 933, 937 (6th Cir. 1996). Additionally, the unique facts giving rise to this case means that other companies are not likely to be deterred by an award of attorneys' fees. *See Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355, 376 (6th Cir. 2009) ("The unique facts of this case mean that an award of attorney fees to the [Plaintiff] would not have a 'deterrent effect.'").

16. Fourth, not all participants covered under the Settlement Agreement are benefitted from this outcome and the case does not resolve significant legal questions regarding ERISA. As the Plaintiffs acknowledge, as has the Court, this decision benefits only a sub-set of Plaintiffs. *See* Sept. 30, 2011 Order, at 1 ("The Plaintiffs are retirees from Navistar. . . . A sub-set of Plaintiffs are retirees eligible for Medicare. This Order addresses that sub-set, as did the Court's Decision of February 24, 2011."). Because the Plaintiffs here do not seek a common benefit for *all* beneficiaries of the plan, this factor cuts against an award of fees and expenses. *See Foltice v. Guardsman Prods.*, 98 F.3d 933, 937 (6th Cir. 1996). Additionally, this is simply a case of asking the Court to interpret a consent decree, which is akin to a contract, and therefore does not raise significant legal questions regarding ERISA. *See Garber v. Provident Life & Accident Ins.*

5

*Co.*, 1999 U.S. App. LEXIS 11280 (6th Cir. 1999) ("[T]his is not a legal issue involving ERISA- it is simply a decision interpreting specific . . . policy language.").

17. Finally, there were numerous rounds of briefing and letters submitted to the Court in which both parties argued reasonable positions. As with the finding against bad faith, simply because the Court was ultimately persuaded by Plaintiffs' arguments does not mean that Defendants' arguments lacked merit. *See Shelby County Health Care Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355, 378 (6th Cir. 2009) ("[B]ecause of the numerous closely contested issues involved in this case, the fact that [Plaintiff] ultimately prevailed does not weigh in favor of an award of attorney fees."); *O'Callaghan v. SPX Corp.*, 2010 WL 259052, *2 (E.D. Mich. 2010) (finding merit in both parties' positions when defendant's position was simply "*not frivolous*").

18. Because the only factor of the five part test that tips in the direction of Plaintiffs is the Defendants' ability to pay a potential damage award, and because each of the other four factors weigh heavily against awarding fees to Plaintiffs, the Court should deny the Motion.

WHEREFORE, for the foregoing reasons, Defendants request that the Motion be stayed pending resolution of the appeals or, alternatively, be denied. And, if the Motion is granted, Defendants request submissions by Plaintiffs detailing their requested fees and expenses.

Dated: December 5, 2011

Respectfully submitted,

COOLIDGE WALL, LPA

 /s/ David P. Pierce
David P. Pierce (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pierce@coollaw.com

*Trial Attorney for Defendants Navistar
International Corporation, et al.*

Laurence H. Levine, Esq.
LAURENCE H. LEVINE LAW OFFICES
190 S. LaSalle Street, Suite 3120
Chicago, IL 60603
Phone: (312) 291-7000
Fax: (312) 291-7015

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

Cary R. Perlman, Esq.
B. John Casey, Esq.
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on the 5th day of December 2011 in the above-captioned case. Notice of this filing will be sent to all parties by operation of the Court's ECF system. Parties may access this filing through the Court's system.

s/ David P. Pierce
David P. Pierce

w:\wdox\client\009025\00378\00559662.doc