**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ART SHY, et al., | : | Case No. 3:92-cv-00333 |
| | : | |
| Plaintiffs, | : | (DISTRICT JUDGE WALTER H. RICE) |
| vs. | : | |
| | : | NAVISTAR INTERNATIONAL |
| NAVISTAR INTERNATIONAL | : | CORPORATION'S MEMORANDUM IN |
| CORPORATION, et al., | : | OPPOSITION TO THE MOTION OF THE |
| | : | SUPPLEMENTAL BENEFIT COMMITTEE |
| Defendants. | : | OF THE NAVISTAR INTERNATIONAL |
| | : | TRANSPORTATION CORPORATION |
| | : | RETIREE SUPPLEMENTAL BENEFIT |
| | : | PROGRAM TO INTERVENE |

---

## MEMORANDUM

## I. INTRODUCTION

Defendant Navistar International Corporation ("NIC") respectfully asks the Court to deny the motion of the Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (now known as the Navistar, Inc. Retiree Supplemental Benefit Program) ("SBC") to Intervene (Docket No. 394). The SBC is not entitled to intervene as of right under Fed. R. Civ. P. 24(a) because there is no litigation pending before the Court that would impair any right or claim of the SBC. Indeed, there is no litigation pending before this Court at all. Thus, there is no basis for permissive intervention under Rule 24(b) because there is no pending litigation in which the SBC might intervene. The SBC's motion to intervene should also be denied because the SBC has not asserted any claim or defense in a valid pleading, and there is no reason why the SBC could not assert any claim that it might have in an independent action. For all of these reasons, the SBC's Motion to Intervene in this case should be denied.

## II.    Background[1]

NIC will not recount the full procedural history of this case, as the Court is intimately familiar with this matter. In summary, the SBC was created pursuant to the Settlement Agreement that the Court approved in this case in 1993. The SBC now claims that NIC has not complied with its obligations under the Settlement Agreement to provide certain information to the SBC, and also by failing to respond to information requests promulgated by the SBC. NIC strongly disputes the SBC's assertions that it has not fully complied with its obligations to provide information under the Supplemental Benefit Trust Profit Sharing Plan ("Profit Sharing Plan"), and maintains that it is not obligated to respond further to the SBC's information requests.

The SBC is not a party to this case, nor are its individual members.[2] Although the Court has on one prior occasion been called upon to resolve a substantive dispute among existing parties relating to the Settlement Agreement, this dispute was fully resolved by the Court in September of 2011, over six months ago. There are no other motions or claims for relief presently pending before the Court in this case. Nevertheless, the SBC now seeks to intervene in this case, and has also filed a "Motion to Enforce the Settlement Agreement" (a Settlement Agreement to which the SBC is not even a party), in which it asks the Court to order NIC to respond to its information requests.

---

[1] NIC strongly disputes many of the "facts" that are set forth with absolutely no support in the SBC's memorandum of law in support of its motion to intervene. Because the vast majority of those assertions are not pertinent to the issue presently before the Court, however, those assertions are not addressed in this brief. NIC respectfully reserves the right to dispute the SBC's substantive allegations if and when that becomes necessary in light of the Court's disposition of the motion to intervene.

[2] As a threshold matter, there are significant issues raised as to whether the SBC (as opposed to its individual members or some other entity) is an entity that even has standing or "capacity" to bring a claim in its own right. Again, NIC will defer addressing this issue pending resolution of this motion to intervene.

## III.   Argument

### A.   The SBC Is Not Entitled To Intervene As a Matter of Right Under Rule 24(a)

Fed. R. Civ. P. 24(a) provides for intervention as of right only where the intervener "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impede or impair the movant's ability to protect its interest, unless existing parties adequately represent that interest." The SBC cannot meet this standard for a very simple reason: as the SBC readily concedes in its own brief, "there is no pending litigation" before the Court. Accordingly, the SBC cannot demonstrate that "disposing of the action" may "impede or impair" its ability to protect its interests, because there is no action to be disposed of. *See United States v. N. Colorado Water Conservancy Dist.*, 251 F.R.D. 590, 598 (D. Colo. 2008) ("I agree … that the absence of any currently pending motion or proceeding before this court precludes a finding that such impairment to Climax's interest would result from any pending action or judgment *of this court,* which I find to be a *sine qua non* of the impairment requirement for intervention as of right.")

The SBC's argument, that it has a "substantial interest in ensuring that the Settlement Agreement is complied with by all parties," misses the point.[3] Whatever legal right or interest the SBC may have, it is undisputed that right will not be affected by any pending action or judgment by this Court in the case in which the SBC now seeks to intervene. Accordingly, the SBC has no right to intervene in this matter under Fed. R. Civ. P. 24(a).

---

[3] Interestingly, the SBC purports to bring this action in the interest of "participants" in the Profit Sharing Plan. The SBC's contentions in this regard reflect a fundamental misunderstanding of the nature of the Profit Sharing Plan in this case, as there are no "participants" in that plan. Again, however, Navistar will defer addressing this issue pending resolution of the current motion to intervene.

### B.     There is No Basis For Permissive Intervention Under Rule 24(b)

The SBC argues in the alternative that it should be permitted to intervene under Fed. R.

Civ. P. 24(b), which allows the Court in its discretion to permit intervention on a timely motion

by a person or entity that "has a claim or defense that shares with the main action a common

question of law or fact." Once again, the SBC's request to intervene misses the mark because (as

discussed above) there is presently no "main action" before the Court in which the SBC might

intervene. By definition, there can be no "common question of law or fact" with issues now

pending before the court, as no issues are now pending.

### C.     The SBC's Motion to Intervene Should Also Be Denied Because it Fails to Include A "Pleading" as Required by Rule 24(c)

Fed. R. Civ. P. 24(c) provides that a motion to intervene "must state the grounds for

intervention and be accompanied by a pleading that sets out the claim or defense for which

intervention is sought." Again, it is undisputed that the SBC fails to meet the plain language of

the Rule.  Rather than including a pleading asserting a legally cognizable claim or defense, the

SBC has merely filed what the SBC itself characterizes as a "preliminary non-dispositive

motion,"[4] evidently as a prelude to some other claim that the SBC might later seek to assert.

Fed. R. Civ. P. 7 makes it clear that a "pleading" is not the same thing as a motion, and

that the only pleadings permitted by the rules are complaints, counterclaims, third-party

complaints, answers to the foregoing, and with leave of court, a reply to an answer. Further,

under Fed. R. Civ. P. 8, any pleading that states a claim for relief must contain a statement of the

grounds for the court's jurisdiction, a statement of the claim showing that the pleader is entitled

---

[4] *See* Docket No. 402, Response to Navistar's Request for an Extension of Time at 2. ("The Committee particularly is opposed to an indefinite extension for a response to the Motion to Enforce and the suggestion that such a preliminary non-dispositive motion requires a status conference and briefing schedule.")

to relief, and a demand for the specific relief sought. Pleadings must also conform to the format specified in Rule 10, including separate claims or defenses stated in numbered paragraphs "each limited as far as practicable to a single set of circumstances." Whatever else it may be, the SBC's motion to intervene plainly is not a pleading as required by the federal rules, nor does it include such a pleading.

This is also not a case, such as *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309 (6th Cir. 2005), where a party's failure to file a pleading contemporaneously with a Motion to Intervene as required by Fed. R. Civ. P. 25(c) might reasonably be excused based upon actual notice of the would-be interveners' claims and a lack of prejudice to the opposing parties. In *Providence Baptist Church*, the intervener actually filed a pleading, albeit not with its motion to intervene. Such is not the case here, and the SBC's filings omit crucial information, such as the legal basis for the SBC's attempt to enforce a contract to which it is not a party.

**D.      No Prejudice Whatsoever Will Result From Denial of This Motion**

Even if the SBC included with its motion to intervene a proper pleading in conformance with the rules, intervention should still be denied because there is simply no need for the SBC to join as a party *in this (now closed) case.* If the SBC has a cognizable legal claim and the SBC is the right party to assert it, there is absolutely no reason why such a claim could not be asserted in a separate action. Indeed, such a separate action would be entirely consistent with past practice in this matter. Specifically, there has been one prior occasion where a dispute under Shy has been pursued by a non-party. In that case, a dispute arose between members of the Health Benefit Program Committee of the Navistar, Inc. Retiree Health Benefit and Life Insurance Plan created by the *Shy* agreement, and NIC. That case was filed as an independent action (*Miller et al. v. Bunn et al.*, No. 3:07 CV 00040), and was transferred to and resolved by this Court as an independent action.

Courts in this jurisdiction have made it clear that a court may appropriately exercise its discretion to deny a motion for permissive intervention where the would-be intervenor has other adequate means for asserting its rights. *Doe v. Cin-Lan*, No. 08-cv-12719, 2011 WL 37970, at *4 (E.D. Mich. Jan. 5, 2011) ("[t]he Sixth Circuit has recognized that 'a charge of abuse of discretion in the denial of a motion for permissive intervention appears to be almost untenable on its face when an appellant has other adequate means of asserting her rights.'") (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1124 (6th Cir. 1989)). Such is the case here, and no purpose would be served by allowing the SBC to intervene in this closed and dormant matter in lieu of properly asserting a claim for relief in an independent action.

In its supporting memo, the SBC asserts in a wholly conclusory fashion that "unless this Motion is granted, no one will be able to enforce the terms of the Settlement Agreement and the plaintiffs to the original action will be severely prejudiced." (SBC memo at p. 9). With due respect, this contention is simply false. The SBC has not asserted any claim against NIC, but if it had any cognizable claim and was the proper party to assert that claim, the SBC has identified no reason why such a claim could not be brought as an independent action. No prejudice will result to any person or entity from denial of this motion.

## IV. Conclusion

The disposition of this case cannot possibly result in any impairment of any right or claim that the SBC might have, because "there is no pending litigation" before this Court. Further, it remains to be seen whether the SBC has any claim, because it has not filed a pleading setting out a claim or defense as required by Fed. R. Civ. P. 24(c). Even if it were to do so, there is absolutely no reason why the SBC's complaint could not be filed as a separate action. Under these circumstances, the SBC has no right to intervene under Rule 24(a), and there is no basis for

permissive intervention under Rule 24(b). NIC therefore respectfully asks the Court to deny the SBC's Motion to Intervene, and to strike its Motion to Enforce the Settlement Agreement as moot.

Respectfully submitted,

*s/ David P. Pierce*

David P. Pierce (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS*
*NAVISTAR INTERNATIONAL*
*CORPORATION, et al.*

OF COUNSEL:
David Radelet, Esq.
William R. Pokorny, Esq.
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Phone: (312) 986-0300
Fax: (312) 986-9192

*Admitted Pro Hac Vice as*
*One of the Attorneys for Defendants*
*Navistar International Corporation, et al.*

Cary Perlman, Esq.
Latham & Watkins LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606

*Admitted Pro Hac Vice as*
*One of the Attorneys for Defendants*
*Navistar International Corporation, et al.*

Laurence H. Levine, Esq.
LAURENCE H. LEVINE LAW OFFICES
190 S. LaSalle Street, Suite 3120
Chicago, IL 60603
Phone: (312) 291-7000
Fax: (312) 291-7015

*Admitted Pro Hac Vice as*
*One of the Attorneys for Defendants*
*Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April 2012, a copy of the foregoing *Navistar International Corporation's Memorandum in Opposition to the Motion of the Supplemental Benefit Committee of the Navistar International Transportation Corporation Retiree Supplemental Benefit Program to Intervene* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail, postage prepaid, to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

s/ *David P. Pierce*_____
David P. Pierce

w:\wdox\client\009025\00378\00579696.doc

8