## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ART SHY, et al., | : | Case No. 3:92-cv-00333 |
| | : | |
| Plaintiffs, | : | (DISTRICT JUDGE WALTER H. RICE) |
| vs. | : | |
| | : | RESPONSE IN OPPOSITION TO THE |
| NAVISTAR INTERNATIONAL | : | SUPPLEMENTAL BENEFIT |
| CORPORATION, et al., | : | COMMITTEE'S AMENDED MOTION TO |
| | : | ENFORCE THE SETTLEMENT |
| Defendants. | : | AGREEMENT |
| | : | |
| | : | |

Now comes Defendant Navistar International Corporation ("Navistar" or "the Company"), and for its response in opposition to the Amended Motion to Enforce the Settlement Agreement filed on June 14, 2012 (Docket No. 407) by the Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (now known as the Navistar, Inc. Retiree Supplemental Benefit Program) ("SBC"), hereby states as follows:

In late March of 2012, the SBC filed a Motion to Intervene in this case (Docket No. 394), as well as a Motion to Enforce the 1993 Settlement Agreement in this case (Docket No. 395). The SBC is not a party to this case, and is also not a party to the Settlement Agreement it seeks to enforce. In response, Navistar filed its Motion for Extension of Time To Respond to the Motion to Intervene and to Defer Briefing on the Motion to Enforce the Settlement Agreement Pending Resolution of the Motion to Intervene (Docket No. 401), and also its Memorandum in Opposition to the Motion to Intervene (Docket No. 404). As stated therein, it is Navistar's position that the SBC's Motion to Intervene in this case should be denied, and that briefing on the SBC's Motion to Enforce should be deferred pending resolution of the SBC's Motion to

Intervene. More specifically, it is Navistar's position that if the SBC believes that it has cognizable claims against Navistar, it should be required to properly assert those claims as a new action by filing a complaint in compliance with Fed. R. Civ. P. 8.[1] Further, for the reasons set forth in Navistar's Motion to defer briefing on the SBC's Motion to Enforce (Docket No. 404), Navistar should not be required to respond to the SBC's motion for substantive relief in a case to which the SBC is not a party.

These same arguments apply with equal force to the instant "Amended Motion to Enforce the Settlement Agreement." Navistar maintains its position that this Amended Motion should be deferred pending resolution of the SBC's Motion to Intervene, and that the SBC's Motion to Intervene should be denied for the reasons summarized above and in prior pleadings addressing this issue.

Finally, should the Court grant the SBC's Motion to Intervene, Navistar respectfully renews its request that the Court set a telephonic status hearing for the purpose of establishing a briefing schedule for resolving any matters then pending before the Court, including this "Amended" motion.

---

[1] Contrary to Plaintiffs' statements in briefing the Motion to Intervene, Navistar's arguments do not undermine the exclusive jurisdiction clause in Section 15.4 of the *Shy* settlement agreement, which reserves to this Court exclusive jurisdiction over disputes relating to the interpretation or enforcement of the *Shy* agreement. If the claims being pursued by the SBC fall within that exclusive jurisdiction clause, then the SBC should comply with the clause and file a new and independent action with this Court. Navistar's point is that, under Fed. R. Civ. P. 8 as well as applicable precedent, the SBC's claims should be plead and filed as a separate action, and not through intervention in this case, which was terminated years ago. Again, as noted in Navistar's response to the Motion to Intervene, this process has been followed in the past. The only prior case involving a dispute by a non-party to the original *Shy* case, *Miller et al. v. Bunn et al.*, No. 3:07 CV 00040, was filed as an independent action and was transferred to and resolved by this Court pursuant to Section 15.4 of the Agreement.

Respectfully submitted,

 *s/ David P. Pierce*
David P. Pierce (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH  45402
Phone:  937-223-8177
Fax:      937-223-6705
E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS
NAVISTAR INTERNATIONAL
CORPORATION, et al.*

OF COUNSEL:
David Radelet, Esq.
William R. Pokorny, Esq.
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

Laurence H. Levine, Esq.
LAURENCE H. LEVINE LAW OFFICES
190 S. LaSalle Street, Suite 3120
Chicago, IL 60603
Phone:  (312) 291-7000
Fax:  (312) 291-7015

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

Cary R. Perlman, Esq.
B. John Casey, Esq.
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

*Admitted Pro Hac Vice as*
*Attorneys for Defendants*
*Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2012 a copy of the foregoing *Response In Opposition to the Supplemental Benefit Committee's Amended Motion to Enforce the Settlement Agreement* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail, postage prepaid, to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

s/ *David P. Pierce*
David P. Pierce

w:\wdox\client\009025\00378\00587022.doc

4