UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al., | |
|     Plaintiffs, | |
| v. | Case No. 3:92-CV-00333 |
| | Judge Walter Herbert Rice |
| NAVISTAR INTERNATIONAL CORPORATION, et al., | |
|     Defendants. | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | |
|     Intervenor-Plaintiff, | |
| v. | |
| NAVISTAR INTERNATIONAL CORPORATION, | |
|     Defendant. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS INTERVENOR-PLAINTIFF'S COMPLAINT**

Intervenor-Plaintiff, the Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (the "Committee"), files this memorandum in opposition to Defendant's Motion to Dismiss Intervenor-Plaintiff's Complaint (the "Motion to Dismiss").

**INTRODUCTION**

As explained in the Complaint and the Motion to Enforce the Settlement Agreement, the Committee has the right and duty to review and enforce Navistar's obligations under the *Shy* Agreement. Such rights and duties are granted to the Committee by the express terms of the Supplemental Benefit Program and the Profit Sharing Plan ("PSP"), both of which are incorporated into the *Shy* Agreement.

In their Motion to Dismiss for failure to state a claim upon which relief can be granted, Navistar asserts that: (1) the Committee lacks standing to enforce the *Shy* Agreement; (2) the Committee's recourse, in this instance, is through the dispute resolution process set forth in the PSP; and (3) the Committee's claims are moot. As described below, these arguments are without merit.

First, it is axiomatic that the Committee has standing to enforce the *Shy* Agreement because the parties to the *Shy* Agreement bestowed upon the Committee that very right. Next, Navistar's failure to provide information requested by the Committee does not trigger the dispute resolution process set forth in the PSP. Finally, as Navistar has consistently failed – and still fails – to comply with its obligations under the PSP, the Committee's claims are not moot.

**STATEMENT OF FACTS**

The Committee refers to the Statement of Facts presented in its Memorandum in Support of its Motion to Enforce the Settlement Agreement. (Doc. #395-1 at 3-7.) The Committee, however, adds the following facts for clarification:

The *Shy* Agreement created the Committee to administer the Supplemental Benefit Program, including the PSP. (Doc. #399-2 at 7-8.) Among the duties bestowed upon the Committee are the duties to "review and enforce [Navistar's] compliance with their obligations

under the Supplemental Benefit Program," and to "undertake [] such other necessary actions as are necessary or appropriate in connection with the exercise of such powers, rights and duties." (Doc. #399-3 at 26-27.)

The dispute resolution process set forth under section 8.4 of the PSP is triggered only "[i]f, following a review of the information and calculations provided pursuant to Sections 8.1, 8.2 and 8.3 [of the PSP,] the Supplemental Benefit Committee disputes such information or calculation . . . ."  (Doc. #393-4 at 57, § 8.4.)

## ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a motion requires the Court to construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true. *Brown v. Cassens Transp. Co.*, 675 F.3d 946, 953 (6th Cir. 2012). To avoid dismissal, a plaintiff must "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, (556 U.S. 662, 678 (2009)). As explained below, the Committee has indeed set forth facts upon which the Court can draw such an inference, and the Committee has the power under the *Shy* Agreement to seek relief for such misconduct.

## I.     The Committee has Standing to Bring this Action.

After first insisting that the Committee file a complaint to accompany its motion to intervene, Navistar now argues that the complaint must be dismissed because the Committee has

no standing to enforce the *Shy* Agreement.  Navistar cites cases on third-party beneficiaries trying to enforce consent decrees without explaining how the Committee is in any way like a class of individual securities purchasers or firefighters that has been afforded some relief in a class action lawsuit.  For the Committee is not a class beneficiary of the *Shy* Agreement; it is a *creature* of that agreement with responsibilities agreed to by Navistar that include enforcing Navistar's compliance with the terms to which it also agreed.

This Court made that clear in its decision granting the Committee's motion to intervene, recognizing that the Committee was "created in order to administer the benefits program at issue to Navistar retirees and *to monitor Navistar's compliance with the Settlement Agreement*."  (Doc. #414 at 12 (emphasis added).)  The Court added that the Committee "has the duty 'to review and *enforce* Parent's and Company's compliance with their obligations under the Supplemental Benefits Program.'"  (*Id*. (citing Section 6.2(d) of the Navistar International Transportation Corporation Retiree Supplemental Benefit Program, Exhibit B to the Settlement Agreement, Doc. #399-3 at 26) (emphasis added).)  Finally, this Court recognized that, "[b]ecause the Committee is a creature of the Settlement Agreement between the original parties, and was designed to administer the trust created specifically for the retirees' benefits, harm to the retirees' legal rights could result if the Committee is not allowed to intervene."  (Doc. #414 at 10.)

Having bargained for and agreed to form the Committee and to grant it the power to review and enforce the *Shy* Agreement, Navistar cannot now argue that the Committee lacks standing to exercise that very right.

**II.     The Dispute Resolution Process Has Not Been Triggered.**

Seeking yet another means by which to delay compliance with its obligations under the PSP, Navistar argues that, instead of pursuing its claims in this Court, the Committee must

4

engage in a dispute resolution process involving a neutral accountant that is set forth in the PSP. (*See* Doc. #399-5 at 7, § 8.4.) But this is clearly not the kind of dispute that was intended to be decided by that process.

Section 8.4 of the PSP states that "[i]f, *following a review of the information and calculations provided* pursuant to Sections 8.1, 8.2 and 8.3 [of the PSP,] the Supplemental Benefit Committee *disputes* such information or calculation, it shall inform the Company of such dispute . . . ." (*Id*. (emphasis added).) If the dispute cannot be resolved, the parties go through a process to identify a third-party accounting firm to resolve the dispute. (*Id*.)

By its plain language, Section 8.4 is triggered only *after* the Committee has had a chance to review the information necessary to properly verify the accuracy and reasonableness of Navistar's calculations of the contribution obligation, and applies only then to accounting issues, and not, for example, to disputes about the meaning of the *Shy* Agreement. Here, the Committee's concern is not with the information that Navistar has previously provided, or even, at this point, with Navistar's calculations. The Committee's concern is with the information that Navistar has *refused* to provide and the Committee's present inability to determine whether it even *has* a dispute with Navistar about the payments. A neutral accountant has no role here. Only this Court has the jurisdiction and the power to compel Navistar to comply with its responsibilities under the *Shy* Agreement.

### III. Navistar Has Consistently Failed – and Still Fails – to Comply with the Requirements of the PSP.

Based on its eventual and tardy production (up to 7 years late) of certain information required under the PSP, Navistar attempts to brush aside the Committee's claims as largely moot. But Navistar does not dispute that it has breached the *Shy* Agreement by failing to provide the required information for plan years 2004 through 2010 on the timeline mandated by the

5

agreement. And as the Complaint makes clear, Navistar continues to withhold from the Committee a significant amount of required and requested information to which it is entitled.

Most obviously, the Committee's motion is not moot because Navistar has failed to provide *any information whatsoever* for Plan Years 2011 and 2012. Although Navistar attempts to reassure the Committee that it will soon provide the information for 2011, the Committee must be forgiven its skepticism considering Navistar's past performance. And Navistar has not indicated any intention to provide information for Plan Year 2012, which is now also overdue.

Equally important, Navistar has failed to respond to numerous specific requests for additional information that the Committee sought pursuant to its authority under Section 8.6 of the PSP. That section reads:

> In addition to the above [requirements that Navistar provide information regarding qualifying profits and qualifying hours], the Company will respond as soon as practicable to any reasonable requests from the UAW or the Supplemental Benefit Committee for information supporting any computation made by the Company to compute the Contribution obligation, and will provide the information so requested.

(*See* Doc. #399-5 at 7.) Pursuant to Section 8.6 of the PSP, the Committee submitted more than 15 specific requests for information that it needs in order to understand and evaluate how Navistar is interpreting and implementing the Settlement Agreement with respect to the calculation of contribution obligations. (*See* Doc. #399-7 (May 4, 2010 Letter from the Committee to Navistar), 399-9 (November 15, 2011 Letter from the Committee to Navistar).) Navistar has objected to, or refused to respond to, the majority of these requests. (*See* Doc. #415-6 (February 12, 2010 Letter from Navistar to the Committee).) Not only is this information directly related to the calculation of the contribution obligations as set forth in sections 5.2 through 5.5 of the PSP, it is necessary for the Committee's review thereof. (*See* Doc. #399-5 at 3-4, §§ 5.2-5.5; 6-7, §§ 8.1-8.3.)

The Committee had no choice but to file this action in light of the abrupt cessation of the PSP payments after 2002, as well as earlier discrepancies such as Navistar reporting in an SEC filing an accrued liability to the Supplemental Profit Sharing Trust of $24 million that turned out to be a payment of approximately $3.6 million.  (*See* Doc. #415-6.)  The Committee has waited patiently while Navistar tried to work through its well-chronicled problems with its financial reporting.  Far from being moot, the Committee's requests for information, as well as its entitlement to information Navistar is required to provide in the normal course, remain unfulfilled.

## **CONCLUSION**

For all of the reasons set forth above, the Committee respectfully requests that the Court deny Defendant's Motion to Dismiss Intervenor-Plaintiff's Complaint.

Dated:  March 18, 2013                                 Respectfully submitted,

/s/ Kevin L. Murphy
Kevin L. Murphy (#0021810)
Graydon Head & Ritchey LLP
2400 Chambers Center Drive
Suite 300
Ft. Mitchell, KY  41017
Phone: 859-578-3060
Fax:    859-525-0214
kmurphy@graydon.com

*Trial Attorney for Intervenor-Plaintiff Supplemental Benefit Program Committee*

Edward A. Scallet (admitted via *pro hac vice*)
Will E. Wilder (admitted via *pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, DC 20006
202-857-0620 (p)
202-659-4503 (f)
eas@groom.com
wwilder@groom.com

7

*Attorneys for Intervenor-Plaintiff Supplemental Benefit Program Committee*

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail, postage prepaid, to those parties to whom electronic notice has not been sent.

/s/ Kevin L. Murphy
Kevin L. Murphy (#0021810)

4130054.1