IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ART SHY, et al.<br>                Plaintiffs,<br>vs.<br><br>NAVISTAR INTERNATIONAL<br>CORPORATION, et al.<br>                Defendants.<br><br><br>SUPPLEMENTAL BENEFIT COMMITTE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION RETIREE SUPPLEMENTAL BENEFIT PROGRAM,<br>                Plaintiff,<br>vs.<br><br>NAVISTAR INTERNATIONAL CORPORATION,<br>                Defendant. | Case No. 3:92-CV-00333<br><br>District Judge Walter H. Rice<br><br><br><br><br><br>**<u>DEFENDANT'S REPLY TO INTERVENOR-PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INTERVENOR-PLAINTIFF'S COMPLAINT</u>** |

The Complaint filed by the Supplemental Benefit Committee (the "SBC") of the Navistar International Transportation Corp. (now known as Navistar, Inc.) Retiree Supplemental Benefit Program should be dismissed because the SBC lacks standing to enforce the 1993 Settlement Agreement and Consent Decree entered into by Defendant Navistar, Inc.[1] and other affiliated entities. Because it was not a party to the Consent Decree, under Sixth Circuit precedent the

---

[1] As noted in its motion, SBC named Navistar International Corporation ("NIC"), the parent/holding company as the defendant, but NIC is not the proper defendant. It is actually the operating company, Navistar, Inc. (formerly known as Navistar International Transportation Corp.) that has the obligation to provide information to the SBC under the Supplemental Benefit Trust Profit Sharing Plan. For simplicity, both NIC and Navistar, Inc. will be collectively referred to as "Navistar."

1

935304.3

SBC does not have standing to enforce the Settlement Agreement and Consent Decree. The SBC has not identified any court decisions that limit or create exceptions to the Sixth Circuit's unequivocal rule.

The Complaint should also be dismissed because the dispute it raises is subject to the dispute resolution procedure set forth in the Supplemental Benefit Trust Profit Sharing Plan ("PSP"). Although Navistar offered in its motion that it was willing to resolve the dispute through these procedures, the SBC asserts the process does not apply to this dispute because it has not yet received all of the information to which it claims it is entitled. As explained in its initial motion and below, Navistar provided the information to which the SBC was entitled for years 2004 through 2010 — and more — in response to the SBC's requests for information. The SBC here seeks additional information from Navistar that Navistar asserts is not reasonable under the PSP. An accounting firm (the designated adjudicator under the PSP dispute resolution process unless the parties identify a different, mutually acceptable third party) is well-placed to decide what information is reasonably needed to support Navistar's calculations and computations, and whether Navistar should be required to provide any additional information to the SBC. Accordingly, the dispute resolution process does apply to the SBC's claims, and the SBC should be required to pursue its claim through that procedure.

I.  **The Sixth Circuit's Unequivocal Rule Is That The SBC Lacks Standing Because It Was Not A Party To The Consent Decree**

The Sixth Circuit's position is exceptionally clear; only the parties to a consent decree have legal standing to enforce it. *Aiken v. City of Memphis*, 37 F.3d 1155, 1167-1168 (6th Cir. 1994); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992); *S.E.C. v. Dollar Gen. Corp.*, 378 F. App'x 511, 514-516 (6th Cir. 2010); *Sanders v. Republic Servs. of Kentucky, LLC*, 113 F. App'x 648, 650 (6th Cir. 2004); *Ragland v. City of Chillicothe*, No. 2:10-cv-879, 2012

WL 1389949, at *5 (S.D. Ohio Apr. 20, 2012). The rule is based on a Supreme Court decision holding that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it *even though they were intended to be benefited by it.*" *Aiken*, 37 F.3d at 1167 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)) (emphasis in original) (internal quotations omitted). The rule applies without exception — third party beneficiaries (whether intentional or incidental), other parties in interest, and even other parties to the litigation who were not parties to the consent decree do not have standing to enforce the consent decree. *See Aiken*, 37 F.3d at 1168; *Vogel*, 959 F.2d at 598; *Dollar Gen. Corp.*, 378 F. App'x at 515; *Sanders*, 113 F. App'x at 650.

Tellingly, the SBC does not cite any authority limiting or restricting the Sixth Circuit's unequivocal rule set forth in the cases cited above. Likewise, Navistar is not aware of any such cases. The SBC argues that the cases Navistar cites are limited to third-party beneficiaries, but that is not so. In fact, in *Sanders*, the plaintiffs seeking to enforce the consent decree were intervening defendants in the underlying lawsuit, but not parties to the agreed judgment between the original plaintiff and defendant. *Id.* at 649. In *Dollar General*, Dollar General was a co-defendant in the underlying litigation, but not a party to the consent decree that was entered. As such, it lacked standing to enforce the consent decree.

The SBC also asserts that it is not a third party beneficiary of the Settlement Agreement, but rather a "creature" of the consent decree so the Sixth Circuit's bright-line rule does not apply. But this is a distinction without a difference, as a third-party beneficiary's rights also necessarily arise out of and are a "creature" of the consent decree. *See, e.g. Commonwealth Propane Co. v Petrosol International Inc.*, 818 F.2d 522, 531 (6th Cir. 1987). The Sixth Circuit's rule does not make an exception for entities "created" by a consent decree, nor for any other entities that have

935304.3

responsibilities or benefits arising under a consent decree. Accordingly, the SBC's assertion that it was designed to administer the trust, and therefore has an interest in enforcing it, is unavailing. The Sixth Circuit has made it clear that an entity's "interest" in enforcing the consent decree is simply irrelevant. *See Aiken*, 37 F.3d at 1168; *Dollar Gen. Corp.*, 378 F. App'x at 515; *Sanders*, 113 F. App'x at 650; *Ragland*, 2012 WL 1389949, at *5. The Sixth Circuit's rule creates a clear dichotomy. Parties to the consent decree have standing to enforce it, and all other entities lack such standing. Because the SBC was not a party to the Consent Decree in this case, it does not have standing.

II. **This Dispute Is Appropriately Resolved Through The Third Party Dispute Resolution Procedure**

Importantly, the SBC is not left without a remedy to pursue the additional information that it believes it should receive from Navistar. The parties to the Consent Decree specifically created a process within the PSP for the SBC to raise disputes. That is, the SBC may pursue timely raised disputes through the dispute resolution procedure set forth in Section 8.4 of the PSP, and Navistar has stated its willingness to proceed through the process.

The SBC argues that the information dispute at issue is not the type of dispute that must be decided through the dispute resolution procedure, but the language of the PSP establishes the opposite. As the SBC points out, Section 8.4 of the PSP states that "if, following a review of the information and calculations provided pursuant to Sections 8.1, 8.2 and 8.3, [the SBC] disputes such information or calculation," the parties must resolve the dispute through the third party dispute resolution procedure in Section 8.4.3. The SBC claims that the dispute resolution procedure is triggered "only *after*" Navistar has produced the information under Sections 8.1, 8.2 and 8.3 — but that is precisely what has happened in this case. Navistar provided the information

935304.3

required under Sections 8.1, 8.2 and 8.3 for the years 2004 through 2010.[2] After its review of the information, the SBC now questions Navistar's calculations under the PSP and what it describes as discrepancies in how Navistar reported accrued liabilities. (Doc. No. 423, p. 7). Because, following its review of the information provided by Navistar, the SBC potentially "disputes such information or calculation," the dispute resolution procedure applies.

The SBC also attempts to limit the PSP dispute resolution process to "accounting issues," but that limitation is not supported by the plain language of the PSP. First, under the PSP, the parties may designate a mutually acceptable third party other than an accounting firm to resolve the dispute. Further, the concerns that the SBC has raised <u>are</u> "accounting" issues — for example (and as noted above), the SBC's concern with how Navistar calculated an accrued liability or why it had no Contribution obligation for a specified year. PSP allows the SBC to request information that is "reasonably necessary to review the calculation of Qualifying Profits" and to make "reasonable requests . . . for information supporting any computation made by the Company." (Sections 8.1 and 8.6). An accounting firm, or other mutually acceptable third party, will be equipped to resolve whether the SBC's requests for additional information are "reasonably necessary to review the calculation of Qualifying Profits" or to support Navistar's computations as is required by the PSP. An accounting firm experienced in conducting audits, preparing financial statements, and reviewing financial documents would have the expertise to determine whether the additional information requested by the SBC is relevant and reasonable in light of the worksheets, Qualifying Profits and audit reports that Navistar already produced.

---

[2] As noted in its initial motion, much of the SBC's Complaint is moot because Navistar produced the required information for 2004 through 2010. The 2011 information has not been provided to the SBC because Navistar's certified public accounting firm has not completed its review of data provided by Navistar. Navistar's delay is not indicative of bad faith; it simply cannot produce a report that is not yet completed. Lastly, the SBC's response raises, for the first time, the claim that Navistar is late in providing information for 2012. Because the SBC did not raise this claim in its Complaint, it is not properly before this court, although Navistar recognizes its obligation to provide the report when it is completed.

Such a firm would be positioned to understand the information within the documents, the probative value of additional information, and the extent to which (if any) the SBC should receive additional information beyond that which has been provided by Navistar.

## CONCLUSION

Because the SBC lacks standing to bring an action to enforce the Settlement Agreement entered into in this case, and because the disputes raised by the SBC must be resolved through the PSP dispute resolution procedure, the SBC's Complaint should be dismissed. Navistar is willing to proceed with the PSP's dispute resolution process, the designated procedure established by the parties to the Settlement Agreement for resolving this type of dispute.

Respectfully submitted,

/s/ David P. Pierce
David P. Pierce (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax:     937-223-6705
E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS
NAVISTAR INTERNATIONAL
CORPORATION, et al.*

OF COUNSEL:
David P. Radelet, Esq.
Sally J. Scott, Esq.
William R. Pokorny, Esq.
Joshua D. Meeuwse, Esq.
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Phone: (312) 986-0300
Fax: (312) 986-9192

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of March 2013 a copy of the foregoing *DEFENDANT'S REPLY TO INTERVENOR-PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INTERVENOR-PLAINTIFF'S COMPLAINT* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. mail, postage prepaid, to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

                                                 */s/ David P. Pierce*
                                                 David P. Pierce

w:\wdox\client\009025\00382\00622262.docx

935304.3