IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ART SHY, et al.<br>    Plaintiffs,<br><br>vs.<br><br>NAVISTAR INTERNATIONAL<br>CORPORATION, *et al.*<br>    Defendants. | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION RETIREE SUPPLEMENTAL BENEFIT PROGRAM,<br><br>    Intervenor-Plaintiff<br><br>vs.<br><br>NAVISTAR INTERNATIONAL CORPORATION,<br>    Defendant. | Case No. 3:92-CV-00333<br><br>(District Judge Walter H. Rice)<br><br>**NOTICE OF COMPLIANCE** |

  In compliance with the Court's order of March 29, 2013 (Docket No. 426), Defendant Navistar International Corporation ("Navistar" or the "Company") has submitted over 75,000 pages of documentation and a detailed written response to the information requests filed by the Supplemental Benefit Committee of the Navistar, Inc. (formerly Navistar International Transportation Corp.) Retiree Supplemental Benefit Program (the "Committee") on April 19, 2013.

  Promptly upon receipt of the Court's March 29, 2013 order and well before the Committee was required to file its requests, in an effort to improve communication between the Committee and Navistar and to provide the Committee with documents that it might find helpful in

formulating its requests, Navistar contacted the Committee's counsel and invited Committee representatives to meet with Company representatives. The parties met on April 15. Among others, Navistar's Assistant Corporate Controller and director-level representatives of Navistar's treasury and tax groups attended the meeting. At the meeting, the Company provided the Committee with various documents to explain its profit sharing calculations for a number of years.

On April 19, 2013, the Committee filed its information requests. The requests include fourteen numbered items, most with multiple sub-parts, for a total of approximately 100 requests for different, discrete categories of information. Most of the Committee's requests seek highly detailed financial information for all businesses included within the Company's organization for each fiscal year either from 1993 to the present, or from 1997 to the present (which total more than 300 businesses for the time period at issue).[1] For example, the Committee seeks, for each business and for each year from 1997 to the present, receivables and advances from affiliated companies, inventory purchased or received from affiliated companies, loans or notes due from affiliated companies, sales to affiliated companies, allocations, and changes in ownership, along with other significant information.

The Committee's requests vastly exceed any information previously sought by the Committee in the history of the *Shy* Agreement, and far exceed the requests attached to its Motion to Enforce. Indeed, only 9 of the approximately 100 discrete information requests included in the Committee's April 19 filing correspond to the information requested by the

---

[1] Notably, the Supplemental Benefit Trust Profit Sharing Plan provides that any disputes regarding Navistar, Inc.'s profit sharing calculations are to be raised within 30 days after the Committee receives the information required pursuant to Sections 8.1, 8.2 and 8.3 of the Plan. Other than final audited calculations for fiscal years 2011-2012 (which the Company has today provided to the Committee in unaudited form), it is the Company's position that it has provided the information required by those Plan sections far longer than 30 days ago, and in most cases years ago. Thus, it is the Company's position that it is now too late for the Committee to dispute any calculations from those prior years.

Committee in its Motion to Enforce, and even those 9 requests seek information over a broader span of time than previously sought.

Despite the immense scope of the information requested, the Company has made every effort to respond fully to the Committee's requests within the 21-day period ordered by the Court. The Company has produced information or records responsive to the vast majority of the Committee's requests. Where it has not provided requested information, or was only able to provide the information requested in part, it has provided a detailed explanation why a particular request cannot or should not be fulfilled.

The extensive information provided to the Committee in response to the Committee's April 19, 2013 information requests is more than sufficient to satisfy the Company's obligations under the Plan. Further, the Company stands ready to work with the Committee to respond to further reasonable information requests under the Plan and to resolve any issues that may remain with respect to the Company's responses.

Respectfully submitted,

*/s/ David P. Pierce*
David P. Pierce (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH  45402
Phone: 937-223-8177
Fax:    937-223-6705
E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS NAVISTAR INTERNATIONAL CORPORATION, et al.*

OF COUNSEL:
David P. Radelet, Esq.
Sally J. Scott, Esq.
William R. Pokorny, Esq.
Joshua D. Meeuwse, Esq.
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2013, a copy of the foregoing *NOTICE OF COMPLIANCE* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. mail, postage prepaid, to those parties to whom electronic notice has not been sent.  Parties may access the filing through the Court's system.

/s/ *David P. Pierce*
David P. Pierce

w:\wdox\client\009025\00382\00628099.docx