IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al. | |
| Plaintiffs, | |
| v. | Case No. 3:92-CV-00333 |
| | Judge Walter Herbert Rice |
| NAVISTAR INTERNATIONAL CORPORATION, et al. | |
| Defendants. | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | |
| Intervenor-Plaintiff, | |
| v. | |
| NAVISTAR, INC., | |
| Defendant. | |

**INTERVENOR-PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT INSTANTER AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Intervenor-Plaintiff, the Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (the "Committee"), by and through its undersigned counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby files this motion for leave to file an amended complaint instanter and memorandum in support thereof.

## **PROCEDURAL HISTORY**

1.	On March 23, 2012, the Committee, acting within its role as fiduciary of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program, including the Profit Sharing Plan ("PSP"), filed a Motion to Intervene in this litigation (Dkt. No. 394). Three days later, the Committee filed a Motion to Enforce the Settlement Agreement (Dkt. No. 395), which it subsequently amended on June 6, 2012 (Dkt. No. 407). The purpose of these motions was to compel Navistar (or the "Company") to produce the information the Committee required to determine whether Navistar had failed to comply with the terms of the PSP.

2.	On February 6, 2013, the Court granted the Committee's Motion to Intervene. At the Court's instruction, on February 15, 2013, the Committee filed a Complaint for Breach of Settlement Agreement and for Injunctive Relief (Dkt. No. 415) as Intervenor-Plaintiff.

3.	On March 11, 2013, Navistar filed its Response to the Committee's Motion to Enforce (Dkt. No. 421), along with a Motion to Dismiss Intervenor-Plaintiff's Complaint (Dkt. No. 422). The Committee timely responded to these filings.

4.	On March 29, 2013, the Court granted the Committee's Motion to Enforce the Settlement Agreement and denied Navistar's Motion to Dismiss (Dkt. No. 426 (the "Decision")). In the Decision, the Court recognized that the Committee did not yet have sufficient information to determine whether Navistar has breached the Shy Agreement by failing to make contributions, or to make sufficient contributions, to the PSP. Accordingly, the Court ordered the Committee "to file a detailed request for all the information that it requires to perform its duties" under the PSP within 21 days of the Decision (Decision at 28). The Court further ordered Navistar to provide the Committee with "all the information requested" within 21 days of the Committee's request, or else explain why particular information requested is not relevant (Decision at 29).

5.	In accordance with the Decision, the Committee filed its Information Request on April 19, 2013 (Dkt. No. 427).  On May 10, 2013, Navistar notified the Court that it had complied with its obligation to respond to the Information Request (Dkt. No. 428).  On May 13, 2013, the Committee received the documents and information submitted by Navistar.

6.	Since receiving Navistar's May 13, 2013 response, the Committee, its counsel and its experts have undertaken an extensive analysis of the information produced in order to determine whether Navistar has failed to make the required contributions to the PSP.  The Committee has determined that Navistar has, in fact, materially breached the Shy Agreement and has failed in act in accordance with the terms of the PSP.

7.	The Committee now requests leave of Court to amend its February 15, 2013 Complaint to reflect the facts and claims that have come to light as a result of the Committee's analysis of the information produced by Navistar.  The Committee's proposed Amended Complaint for Breach of Settlement Agreement and Violation of ERISA is attached hereto as Exhibit A.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The grant or denial of a motion to amend lies within the discretion of the district court; however, the Sixth Circuit has stated that "there must be at least some significant showing of prejudice to the opponent if the motion is to be denied."  *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (internal quotation omitted).

A district court should consider the following factors when ruling on a plaintiff's motion

to amend:  (1) undue delay in filing the motion, (2) lack of notice to adverse parties, (3) whether the movant is acting in bad faith or with a dilatory motive, (4) failure to cure deficiencies by previous amendments, (5) the possibility of undue prejudice to adverse parties, and (6) whether the amendment is futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 645 (6th Cir. 2012); *Mathews v. Novartis Pharms. Corp.*, 2013 WL 3514420 (S.D. Ohio July 12, 2013) (applying *Foman*).

      Here, all six factors weigh in Intervenor-Plaintiff's favor.  There has been no undue delay in filing this motion.  Within weeks of filing the Complaint, the Court granted the Committee's initial Motion to Enforce the Settlement Agreement (Dkt. No. 426).  In that Decision, the Court recognized that the Committee did not yet have sufficient information to determine whether Navistar has breached the Shy Agreement by failing to make contributions to the PSP.  Upon order of the Court, Navistar produced more than 75,000 pages of documents on May 13, 2013 – information that was necessary for the Committee to make that determination.  The Committee, with the help of counsel and consultants, has analyzed the voluminous information, concluded that Navistar did indeed breach the Shy Agreement, and promptly drafted the attached Amended Complaint.  There has been no undue delay in filing this motion.

      Second, there is no lack of notice to adverse parties.  The Company has been on notice that claims such as these were likely since at least March 26, 2012 – the date upon which the Committee filed its initial Motion to Enforce the Settlement Agreement, which was eventually converted to the Complaint on February 15, 2013.  In the Complaint, the Committee specifically noted its concern regarding Navistar's "lack of disclosure and the glaring discrepancy between the substantial contributions made in the early years versus the lack of contributions post-2002." The new claims added by this Amended Complaint are merely the culmination of the process set

in motion by the Committee's intervention and the Court's order to the Company to produce the information necessary to determine whether the Company had breached the Shy Agreement. In short, the Company has seen this coming for quite some time.

Third, the Committee is not acting in bad faith or to delay the proceedings. The Committee acted as efficiently as possible to analyze the abundance of information that was produced by Navistar to determine whether or not Navistar breached the Shy Agreement. In July 2013, the Committee alerted Navistar and the Court that it had reached a tentative conclusion that Navistar had materially breached the Shy Agreement and failed to act in accordance with the terms of the Plan (Dkt. No. 431). The Committee even noted it would make a final determination whether to seek additional relief in this Court on or before August 20, as it has done. The Committee has thus been candid and forthright, and such actions indicate the absence of bad faith.

Though the proposed Amended Complaint seeks to add a claim for violation of ERISA, such claim does not seek to cure any deficiencies in the previously filed complaint. Indeed, the newly asserted claims are a direct result of the Committee's analysis of documents to which they were not privy prior to the filing of their Complaint.

Fifth, amending the pleadings at this stage of the litigation will in no way prejudice the Company. In fact, no scheduling order has yet been entered in this case.

Finally, the amendment would not be futile. An amendment is deemed "futile" "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 677).  There is no doubt here that, if the Court "construe[s] the complaint in a light most favorable to plaintiffs, accept[s] all plausible well-pled factual allegations as true, and draw[s] all reasonable inferences in plaintiff's favor," the Committee would be entitled to relief due to Navistar's breach of both the Shy Agreement and ERISA.  *Lutz*, 717 F.3d at 464 (citation omitted).

In sum, there is simply no prejudice to the Company in granting leave to amend at this early stage of litigation, and Intervenor-Plaintiff's motion to amend instanter should be granted.

Dated:  August 21, 2013    Respectfully submitted,

/s/ Kevin L. Murphy
Kevin L. Murphy (#0021810)
Graydon Head & Ritchey LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY  41017
Phone:  859-578-3060
Fax:  859-525-0214
kmurphy@graydon.com

*Trial Attorney for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

Edward A. Scallet (admitted *pro hac vice*)
Sarah A. Zumwalt (admitted *pro hac vice*)
Will E. Wilder (admitted *pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW

        Washington, DC 20006
        202-857-0620 (p)
        202-659-4503 (f)
        eas@groom.com
        szumwalt@groom.com
        wwilder@groom.com

*Attorneys for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21th day of August, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed to those parties to whom electronic notice has not been sent.

        /s/ Kevin L. Murphy
        Kevin L. Murphy (#0021810)

## CERTIFICATE OF COMPLIANCE

In compliance with S.D. Ohio LR 7.3, counsel for the Committee consulted with counsel for Navistar and requested that Navistar consent to this Motion. Navistar's counsel indicated, however, that Navistar does not consent to this Motion.

        /s/ Kevin L. Murphy
        Kevin L. Murphy (#0021810)

4380927