IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al. | |
| Plaintiffs, | |
| v. | Case No. C-3-92-333 |
| | Judge Walter Herbert Rice |
| NAVISTAR INTERNATIONAL CORPORATION, et al. | |
| Defendants. | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | |
| Intervenor-Plaintiff, | |
| v. | |
| NAVISTAR, INC., | |
| Defendant. | |

### INTERVENOR-PLAINTIFF'S REPLY IN SUPPORT OF
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

In its Brief in Opposition to Intervenor-Plaintiff's Motion for Leave to File Amended Complaint (Doc. #433) ("Opposition"), Defendant Navistar, Inc. ("Navistar" or the "Company") argues that amendment of the complaint filed by Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (the "Committee") would be futile because the allegations asserted in the Committee's Amended Complaint must be resolved through the dispute resolution process set forth in the

Profit Sharing Plan ("PSP") of the Shy Agreement. For the reasons set forth below, the dispute resolution process has not been triggered, and the Committee's Motion for Leave to File Amended Complaint should be granted.

**1. The Dispute Resolution Process Has Not Been Triggered.**

Through its Opposition, Navistar seeks to remove from the province of this Court the fundamental questions of interpretation of the Shy Agreement raised by the Amended Complaint. But resolving those questions is clearly within the Court's ongoing duty with respect to the Shy Agreement to "resolve any disputes relating to or arising out of or in connection with the enforcement, *interpretation* or implementation of [the Shy] Agreement, except for disputes relating solely to the eligibility and entitlement to benefits [t]hereunder." Shy Agreement § 15.4 (emphasis added). Indeed, as the Court that "oversaw and approved" the Shy Agreement, this Court retains a unique role and responsibility with respect to interpretation of that agreement. *Shy v. Navistar Int'l Corp.*, 701 F.3d 523, 528-29 (6th Cir. 2012) (holding that this Court retains jurisdiction to interpret the Shy Agreement and that such interpretation is owed deference).

In its Amended Complaint, the Committee has asserted that Navistar has been improperly interpreting the Shy Agreement through, among other things, classifying formed entities as "entities acquired after the Effective Date" of the Shy Agreement, improperly treating dividend payments from foreign entities, and failing to include certain employees as Bonus Eligible employees. These issues are "disputes relating to . . . the . . . interpretation or implementation of [the Shy] Agreement"—disputes that the Shy Agreement leaves to this Court to resolve.

Moreover, only a court can provide the type of relief that the Committee seeks in its Amended Complaint. Not only do the parties require a ruling on the meaning of the Shy Agreement, but Navistar must also be compelled to adhere to the proper interpretation going

2

forward.  For this reason, the Committee has prayed that the Court enjoin acts or practices by Navistar that violate the terms of the PSP.

The PSP's dispute resolution process that Navistar argues removes this lawsuit from the Court's authority is far too narrow to encompass the issues currently before the Court.  Section 8.4 of the PSP states:

> If, following a review of the information and calculations provided pursuant to Sections 8.1, 8.2, and 8.3 the Supplemental Benefit Committee disputes such information or calculation, it shall inform the company of such dispute within 30 calendar days of the receipt by the UAW and the Supplemental Benefit Committee of such information.

The PSP goes on to provide that, if the parties cannot resolve their dispute within 30 days, the parties "will attempt to identify a mutually acceptable third party (such as an accounting firm) to resolve such disputes."  PSP § 8.4.1.  If the parties cannot agree on a third party, they engage in a process for selecting one of the seven largest accounting firms in the country to be the decision-maker.  *Id*. § 8.4.2.

Sections 8.4.1 and 8.4.2 provide for the selection of an accounting firm to resolve disputes under Section 8.4 because such disputes pertain to Navistar's *calculation* of its profit-sharing contributions.  Such disputes may well be appropriate for an accountant to resolve.  Here, however, the Committee has brought claims not about Navistar's calculation of its profit-sharing contributions but about Navistar's misinterpretation of the agreement—and, in doing so, has raised legal issues, not accounting or mathematical issues.  Resolution of those issues falls not within Section 8.4 of the PSP but, by default, within Section 15.4 of the Shy Agreement, which vests this Court with authority to resolve disputes over interpretation of the Shy Agreement.[1]

---

[1] Navistar suggests that, because the Court may need to interpret the term "business acquired" in accordance with generally accepted accounting principles, the dispute must be resolved by an accountant-arbitrator.  Opposition at 8. Of course, this Court is well versed in interpreting and applying all manner of terms and concepts from various fields, and experts can assist the Court in that process to the extent necessary.

3

In short, far from a mere disagreement over calculations, this broad-ranging legal dispute over the interpretation of the Shy Agreement requires the full range of judicial decision making, procedures, and remedies available only in this Court.

## 2. The Committee is Not Required to Exhaust Administrative Remedies.

Navistar posits that ERISA requires the Committee to exhaust any available administrative remedies before seeking relief in this Court.  Even assuming the adversarial dispute resolution process could be considered an administrative remedy, this argument is without merit.  The Company is attempting to import a concept from benefit claims cases into the very different situation presented here, in which a plan fiduciary has sued the plan sponsor to enforce the terms of the plan.  As Navistar acknowledges, the Sixth Circuit authority requiring exhaustion of administrative remedies pertains to *benefit claims* cases.  In its Opposition at 10-12, Navistar explains to the Court that the purposes of the exhaustion requirement are to "help[] to reduce the number of frivolous lawsuits under ERISA, promot[e] the consistent treatment of *claims*, provid[e] a non-adversarial method of *claims* settlement, and minimiz[e] the costs of *claims* settlement for all concerned."  Opposition at 11 (citing *Constantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994)) (emphases added).  Navistar has offered no explanation as to how these benefit-claims-specific purposes could possibly be applicable to the case presented here.

The Committee comes not as a participant seeking benefits from the plan administrator but rather as a plan fiduciary alleging that the plan sponsor has incorrectly interpreted the plan.  Navistar, in its role as contributing plan sponsor, has no greater authority to interpret its obligations under the plan than the plan fiduciary Committee does.  Unlike a plan administrator adjudicating a benefit claim, Navistar's interpretation of its contribution obligations is entitled to

no deference such that the Committee should be required to submit to its authority prior to pleading for the Court's intervention.

### 3. Navistar Will Not be Unduly Prejudiced by the Filing of the Amended Complaint.

Navistar maintains that it will be prejudiced if the Committee is granted leave to amend its Complaint because it will be required to submit to "full-blown federal court litigation" instead of the dispute resolution process. Opposition at 15. But that is a consequence of the provisions of the Shy Agreement vesting this Court with authority to interpret its terms, together with Navistar's failure to adhere to the Shy Agreement to the detriment of thousands of its retirees. It hardly constitutes undue prejudice to Navistar to be compelled to account for that conduct in this Court.

*          *          *

For the reasons presented herein and in Intervenor-Plaintiff's Motion for Leave to File Amended Complaint Instanter and Memorandum in Support Thereof, the Committee should be permitted to file its Amended Complaint.

Dated:  September 25, 2013               Respectfully submitted,

/s/ Kevin L. Murphy
Kevin L. Murphy (#0021810)
Graydon Head & Ritchey LLP
2400 Chambers Center Drive
Suite 300
Ft. Mitchell, KY  41017
Phone: 859-578-3060
Fax:    859-525-0214
kmurphy@graydon.com

*Trial Attorney for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

5

        Edward A. Scallet (admitted *pro hac vice*)
        Sarah A. Zumwalt (admitted *pro hac vice*)
        Will E. Wilder (admitted *pro hac vice*)
        Groom Law Group, Chartered
        1701 Pennsylvania Avenue, NW
        Washington, DC 20006
        Phone: 202-857-0620
        Fax:     202-659-4503
        eas@groom.com
        szumwalt@groom.com
        wwilder@groom.com

        *Attorneys for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of September, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed to those parties to whom electronic notice has not been sent.

        <u>/s/ Kevin L. Murphy</u>
        Kevin L. Murphy (#0021810)