UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

**ART SHY**, et alia,

    Plaintiffs

Vs.                                    Case No. C-3:92 cv 333

                                           Judge Walter H. Rice

**NAVISTAR, INC.** et alia,

    Defendants

---

## *PRO SE* MOTION TO FILE PETITION TO REPLACE SHY PLAN "OTHER MEMBER" OF THE HEALTH BENEFIT PROGRAM COMMITTEE.

Now comes WILLIAM W. JONES, *pro se*, as a non-union-represented Shy Plan Participant and member of the Shy Retiree plaintiff class established by this Court under the Shy Consent Judgment on July 1, 1993 and presents to the Court the attached "paper" original Petition to Replace Shy Plan "Other Member" of the Shy Health Benefit Program Committee.

1. I am a Shy Plan 2 Participant who was a non-union-represented salaried employee of Navistar, Inc. and who retired onto the Navistar Retirement Plan for Salaried Employees in 2001 and immediately became a Shy Plan Participant. I have been a member of the Shy Retiree Class since July 1, 1993.
2. I am no longer licensed to practice law in any jurisdiction and I am not represented in this proceeding by legal counsel; I am making this paper filing on a *pro se* basis.
3. The Shy Retiree Class is comprised of two sub-classes: a.) the retirees who were represented during their Navistar employment by a union, the "union-represented" retirees and b.) retirees who were not so represented, the "non-represented" retirees or sometimes the "salaried" retirees.
4. Of the currently estimated (by the Supplemental Benefit Committee in its 2013 annual report) 33,281 Contributing Retired Participants in the Shy Plan today approximately 8,000 are non-union represented retirees (with an unknown percentage of 7,000 spouses and dependents related to them who are also Shy Plan Participants).

1

5. This Motion concerns only the non-represented Shy Participants and is focused on obtaining more meaningful and assertive representation on the Health Benefit Program Committee for these 8,000 Shy Participants and their spouses.
6. The filing of this Petition is authorized pursuant to the Shy Consent Judgment under Section 6.6 of the Navistar Health and Life Insurance Plan (the "Shy Plan") (copy attached).
7. The Petition consists of 199 pages with 316 signatures; only 50 signatures are required pursuant to Section 6.6 of the Shy Plan. (an electronic copy of this Motion and the Petition is also provided in a pdf format on a CD ROM disk.)

WHEREFORE, on behalf of the 8,000 non-represented Shy Participants and their spouses I respectfully request that this Court accept the filing of the Petition to Replace Shy Plan "Other Member" of the Health Benefit Plan Committee, pursuant to Section 6.6 of the Shy Plan and pursuant to this Court's specific retention of jurisdiction over the parties and subject matter of the Shy Consent Judgment for enforcement and interpretation; and to grant the relief sought in the Petition by entry of an Order designating Mr. Jack D. Hall as the Other Member of the Health Benefit Program Committee, *instanter*.

Respectfully submitted this 28th day of February, 2014.

_____

**William W. Jones**, *pro se*

407 Mistwood Court

Spring Hill, Florida 34609

352.666.6434

I hereby certify that on the 28th day of February 2014 a copy of this Motion and the Petition were sent to counsel for Navistar, Inc. and the Supplemental Benefit Committee, to Retiree Class Counsel and to each member of the Health Benefit Program Committee, including Mr. Mindiola, c/o the HBPC Secretary via U.S. Mail, postage prepaid.

_____
William W. Jones

*NAVISTAR HEALTH AND LIFE INSURANCE PLAN*

        being divided equally between the HBPC UAW Members and HBPC Other Member present;

(c) A meeting of the Health Benefit Committee shall be validly constituted if both HBPC UAW Members or one UAW Member and the HBPC Other Member, on the one hand, and two HBPC Company Members, on the other hand, participate in such meeting;

(d) Except as otherwise specifically provided herein, the Health Benefit Program Committee shall act by the majority vote of all of its members at a duly called and validly constituted meeting, which action shall be as effective as if such action had been taken by all members of the Health Benefit Program Committee, or by written instrument signed by all of the HBPC Committee Members, which instrument may be executed in counterparts; provided, that one or more HBPC Committee Members or other persons may be so authorized to act with respect to particular matters on behalf of all HBPC Committee Members; and provided, further, that no HBPC Committee Member shall be liable or responsible for any act or omission of other HBPC Committee Members in which the former has not concurred; and

(e) The HBPC Chair shall vote only in case of a failure of the other HBPC Committee Members to adopt a decision as to any matter which is properly before the Health Benefit Committee and within its authority to determine; and

(f) The certificate of the Secretary of the Health Benefit Program Committee or of a majority of the HBPC Committee Members that the Health Benefit Program Committee has taken or authorized any action shall be conclusive in favor of any person relying on such certificate.

    6.5 **Health Benefit Program Committee Minutes**. As soon as is reasonably practicable after each meeting of the Health Benefit Program Committee, its Secretary shall prepare draft minutes of such meeting, which shall be delivered to each HBPC Committee Member and approved or modified at the following meeting.

    6.6 **HBPC Other Member**. The initial HBPC Other Member is the person specified as such in Appendix A-7. In the event of the death, incapacity or resignation of the HBPC Other Member, his successor shall be appointed by a majority vote of such HBPC Other Member (if he is not deceased or incapacitated) and two alternates

- 22 -

(the "HBPC Other Member Alternates") upon notice from the Healt Benefit Program Committee or such HBPC Other Member of such death, incapacity or resignation; provided, that the HBPC Other Member shall not be a Non-Represented Employee, an employee of the UAW, an Employee represented by the UAW or a Retiree represented by the UAW at the time of his retirement. The initial HBPC Other Member Alternates are the persons specified as such in Appendix A-7. In the event of the death, incapacity or resignation of either of the HBPC Other Member Alternates, his successor shall be appointed by a majority vote of such HBPC Other Member Alternate (if he is not deceased or incapacitated), the other HBPC Other Member Alternate and the HBPC Other Member upon notice from the Health Benefit Program Committee or such HBPC Other Member Alternate of such death, incapacity or resignation. The HBPC Other Member or either of the HBPC Other Member Alternates may also be replaced by the Court upon petition signed by not less than 50 Participants who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement, for failure adequately to represent the Participants.

6.7 **Expenses**. The Company agrees that, upon demand and the Company's receipt of such detailed supporting documentation as the Company may reasonably request, it will forthwith pay (i) to all HBPC Committee Members that are not employed by the Company, any Employer or the UAW, reasonable compensation for time spent on Health Benefit Program Committee matters, (ii) to each HBPC UA Member, the HBPC Other Member and any HBPC Other Member Alternate, the amount of any and all out-of-pocket expenses, including reasonable travel expenses, incurred by him in exercising or discharging his powers, rights and duties hereunder and (iii) to the Health Benefit Program Committee, the amount of any and all out-of-pocket costs and expenses (other than expenses of consultants and other professionals) incurred by it in connection with reviewing the administration of the Health Benefit Program and the Life Insurance Program. Such compensation and expenses shall not be considered Plan Expenses.

6.8 **Dispute Resolution**. In the event of a dispute regarding any determination by the Actuary hereunder, the Company and the Health Benefit Program Committee will attempt to resolve such dispute. If any such dispute is not so resolved to the satisfaction of the Health Benefit Program Committee, the Health Benefit Program Committee may request that such determination be resolved by an independent actuary. Such independent actuary shall be selected in accordance with the following procedure. First, the Company and the Health Benefit Program Committee shall, for a period not to exceed 10 days, seek to agree on a firm to serve as such independent actuary. Second, in the event that the Company and the Health Benefit Program Committee fail to agree on such a firm, they shall request the Society of Actuaries to prepare a list

- 23 -

5