IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, et al.,  :

    Plaintiffs,

v.  :  Case No. 3:92cv333

NAVISTAR INTERNATIONAL  :  JUDGE WALTER H. RICE
CORPORATION, et al.,

    Defendants.  :

---

ENTRY SUSTAINING THE PRO SE MOTION TO FILE PETITION TO REPLACE SHY PLAN "OTHER MEMBER" OF THE HEALTH BENEFIT PROGRAM COMMITTEE (DOC. #447); ORDER TO THE HEALTH BENEFIT PROGRAM COMMITTEE TO SHOW CAUSE, WITHIN TWENTY (20) DAYS, WHY THIS COURT SHOULD NOT GRANT PETITIONERS' REQUEST TO REPLACE THE CURRENT "OTHER MEMBER" OF THE HEALTH BENEFIT PROGRAM COMMITTEE WITH PETITIONER JACK D. HALL

---

Pending before the Court is the *Pro Se* Motion to File Petition to Replace Shy Plan "Other Member" of the Health Benefit Program Committee ("Petition"), filed by interested party William W. Jones and petitioner Jack D. Hall. Mr. Jones and Mr. Hall are members of the Plaintiff class and a beneficiary of the Navistar International Transportation Corporation ("Navistar") Retiree Health Benefit and Life Insurance Plan ("Plan"), a creation of the Settlement Agreement approved by this Court on June 8, 1993. Doc. #327. The Settlement Agreement terminated the above-captioned class action, brought by retired employees and their union

representatives against Navistar, after the company reduced the medical benefits of its retired employees.

Article VI of the Plan allows for the creation of the Health Benefit Program Committee ("HBPC"), and requires the appointment of one member who is a representative of the non-UAW retirees ("HBPC Other Member"). Section 6 of Article VI describes the appointment of the HBPC Other Member, and provides several procedures for said member's replacement, including the following:

> The HPBC Other Member . . . may also be replaced by the Court upon petition signed by not less than 50 Participants who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement, for failure to adequately represent the Participants.[1]

The Petition invokes the above-mentioned process in Article VI, § 6.6 of the Plan, alleging that the HBPC has violated its fiduciary obligations under the Plan and ERISA. See Petition at 2. The multiple violations alleged include the HPBC's failure to oversee millions of dollars of life insurance proceeds that Navistar improperly paid out of trusts instead of its own corporate accounts; the failure to monitor Navistar's compliance this Court's Order of September 30, 2011, regarding prescription drug benefits; and other violations related to Plan eligibility and Medicare requirements. Id.

---

[1] In addition to the express grant of authority to the Court to replace the HPBC Other Member in Article VI § 6, Section 15.4 of the Settlement Agreement provides that "[t]his Court will retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of this Settlement Agreement except for disputes relating solely to eligibility of entitlement to benefits hereunder."

2

With specific reference to the current HPBC Other Member, the Petition alleges that he "has never communicated with non-represented Shy participants to inform them about the current status of their Shy Plan benefits, changes to the Shy Plan, or any issues or disputes with Navistar, Inc. or those acting as the Shy Plan Administrator." *Id.* The signatories to the Petition seek an order from the Court, replacing the current HPBC Other Member with Mr. Hall, in accordance with Article VI, § 6.6 of the Plan.

The Court SUSTAINS the *Pro Se* Motion to File Petition to Replace Shy Plan "Other Member" of the Health Benefit Program Committee (Doc. #447).

The Court has reviewed the Petition, the allegations therein, and the signatures thereto. Accordingly, the Court ORDERS the HPBC to show cause, within twenty (20) days, why it should not order the appointment of Mr. Hall as the HPBC Other Member, in accordance with Article VI, § of the Plan.

Date: March 7, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

3