IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ART SHY, et al., | ) | Case No. 3:92-cv-00333-WHR |
| | ) | |
| Plaintiffs, | ) | (District Judge Walter H. Rice) |
| | ) | |
| vs. | ) | |
| | ) | |
| NAVISTAR INTERNATIONAL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | NAVISTAR'S BRIEF IN SUPPORT OF DISMISSAL OF COUNT I OF INTERVENOR-PLAINTIFF'S AMENDED COMPLAINT |
| v. | ) | |
| | ) | |
| NAVISTAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The Supplemental Benefit Program Committee (the "SBC") of the Navistar, Inc. Retiree Supplemental Benefit Program intervened in this matter to enforce the Settlement Agreement that was entered as a Consent Decree in June 1993. Ultimately, on October 18, 2013, with leave of Court, the SBC filed an amended complaint against Navistar asserting claims for breach of contract (Count I) and violations of ERISA (Count II). Dkt. No. 439. Both counts allege that Navistar incorrectly calculated profit-sharing contributions under the Supplemental Benefit Trust Profit Sharing Plan ("PSP"), which is part of the Consent Decree. Navistar moved to dismiss the Complaint pursuant to FRCP 12(b)(6) and to compel arbitration of the dispute pursuant to the

dispute resolution process prescribed in Section 8.4 of the PSP. On March 6, 2014, the Court denied Navistar's motion to compel arbitration and its motion to dismiss Count II.

The Court has asked the parties to submit briefs on whether Count I is a viable claim under ERISA. The answer to the Court's inquiry is straightforward: the SBC's breach of contract claim is preempted by ERISA and must, therefore, be dismissed. The scope of ERISA's preemption clause is exceedingly broad and plainly covers the allegations asserted in Count I. Indeed, the factual allegations and legal theories set forth in the SBC's breach of contract claim are identical to those underlying the SBC's ERISA claim. Thus, under well-established precedent, the SBC cannot maintain a stand-alone breach of contract claim that is subject to ERISA.

## ARGUMENT

Section 514 of ERISA declares that the federal statute shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1114(a). The Supreme Court has held that ERISA's preemption clause is "deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 at 45-46 (1980); *FMC Corp. v. Holliday*, 498 U.S. 52 (1990) (ERISA preemption is "conspicuous in its breadth"). As the Sixth Circuit has observed:

> The United States Supreme Court has held that Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern . . . This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA.

*Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991); *Central States, Se. & Sw. Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997) ("[I]n enacting ERISA, Congress made a careful well-reasoned decision to limit the involvement of the judicial system in the administration of employee benefit plans."). Thus, it is well established

that a state law claim is preempted by ERISA if the allegations directly or indirectly relate to or reference an ERISA plan.  *Ingersoll-Rand*, 498 U.S. 133, 139 (1990); *see also Cairns v. Bridgestone/Firestone, Inc.*, 802 F.Supp. 152, 158 (N.D. Ohio 1992).

The Sixth Circuit has been equally clear that disputes governed by ERISA cannot be restyled as an independent claim under federal common law.  "The creation and use of federal common law by the courts historically has been very limited."  *Central States*, 112 F.3d at 256.  Federal courts may only create independent causes of action under federal common law "in the absence of an applicable Act of Congress, and because the Court is compelled to consider federal questions which cannot be answered from federal statutes alone."  *Tassinaire v. American Nat'l Ins. Co.*, 32 F.3d 220, 225 (6th Cir. 1994) (quoting *Milwaukee v. Illinois*, 451 U.S. 304, 312 (1981)).  In ERISA cases, federal common law is developed "only in those instances in which ERISA is silent or ambiguous."  *Bond v. General Motors Acceptance Corp.*, 142 F.3d 432 (6th Cir. 1998).  Accordingly, the Sixth Circuit "has been vigilant in confining the federal common law to its symbiotic existence, recognizing that it can neither provide an independent source of rights with regard to employee benefit plans not substitute for the remedies authorized by the ERISA statute."  *Central States*, 112 F.3d at 257; *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997) (federal common law may not be used to create a cause of action where the alleged conduct or relief is already the subject of an ERISA provision).

Consistent with these principles, the Sixth Circuit has repeatedly dismissed breach of contract claims where the recovery at issue relates to ERISA plan benefits, even if remotely.  For example, in *Hutchinson v. Fifth Third Bancorp.*, 469 F.3d 583 (6th Cir. 2006), a bank's employees filed a breach of contract claim as third party beneficiaries to a bank merger agreement, alleging the bank breached terms of the agreement concerning the allocation of funds

to participants in a pre-merger employee benefit plan. *Id.* at 584, 586. The Court affirmed dismissal of the breach of contract claim on ERISA preemption grounds. *Id.* at 588-89. Even though the plaintiffs were not parties to the merger agreement that was allegedly breached, the Court reasoned that the claim fell squarely within ERISA's preemption clause because a key element of the claim concerned changes to the employees' beneficiary scheme impacted by the agreement. *Id.*

The Court of Appeal's decision in *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395 (6th Cir. 1995), provides a more stark illustration of the breadth of preemption under ERISA. There, the Sixth Circuit affirmed dismissal of a physician's claim against a health insurance provider, alleging that the provider breached a settlement agreement that resolved a prior lawsuit concerning the provider's decision to remove the physician as a preferred provider for its employee benefit programs. *Id.* at 1396. The Court held the claim was preempted by ERISA even though the settlement agreement was not an ERISA plan because the merits of the claim concerned and referred to an employee welfare plan. *Id.* at 1401.

In fact, a federal district court in Ohio dismissed a breach of contract claim with factual circumstances very similar to the case at bar. *Cairns v. Bridgestone/Firestone, Inc.*, 802 F. Supp. 152 (1992). In *Cairns*, a tire manufacturer and a class of its retirees were parties to a settlement agreement, the provisions of which provided lifetime welfare benefits to thousands of the company's retirees. *Id.* at 154, 156-57. Several years later, the company implemented supplemental premium assessments to the retirees in response to federal legislation changing Medicare and prescription drug benefits. The retirees filed ERISA and breach of contract claims challenging those supplemental premiums. *Id.* at 155-56. The district court dismissed the breach

4

of contract claim based on ERISA preemption because the claim directly related to a retiree benefit plan negotiated in conjunction with the settlement agreement. *Id.* at 158-60.

Here, the application of ERISA preemption to the SBC's breach of contract claim is even more direct than the cases cited above. The SBC breach of contract claim alleges Navistar breached the Consent Decree, which, as acknowledged in the Amended Complaint, is itself an ERISA plan because it provides for profit sharing contributions to retiree benefits programs. Am. Compl. ¶ 63. The SBC's ERISA claim, brought under Section 502(a)(3) of the statute, is indistinguishable from the breach of contract claim in both the factual allegations and theories asserted. Thus, there can be no plausible dispute that this matter relates to an ERISA plan and is governed by ERISA. Moreover, ERISA provides a remedy to the SBC for the conduct alleged in the Amended Complaint, as reflected in the Court's recent decision. Dkt. No. 446 at 28-30. Therefore, under well-settled Supreme Court and Sixth Circuit precedent, the SBC's free-standing breach of contract claim is both preempted and prohibited under ERISA.

For the reasons stated above, Count I must be dismissed with prejudice.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

 s/ David P. Pierce
    DAVID P. PIERCE (0061972)
    33 W. First Street, Suite 600
    Dayton, OH 45402
    Phone:  937-223-8177
    Fax:  937-223-6705
    E-mail:  pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS NAVISTAR INTERNATIONAL CORPORATION, et al.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as*
*One of the Attorneys for Defendants*
*Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent.  Parties may access the filing through the Court's system.

                                          s/ David P. Pierce
                                          David P. Pierce

w:\wdox\client\009025\00382\00674006.docx