IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ART SHY, et al., | ) | Case No. 3:92-cv-00333-WHR |
| | ) | |
| Plaintiffs, | ) | (District Judge Walter H. Rice) |
| | ) | |
| vs. | ) | |
| | ) | |
| NAVISTAR INTERNATIONAL | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SUPPLEMENTAL BENEFIT | ) | |
| COMMITTEE OF THE NAVISTAR | ) | |
| INTERNATIONAL TRANSPORTATION | ) | |
| CORP. RETIREE SUPPLEMENTAL | ) | |
| BENEFIT PROGRAM, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | DEFENDANTS' MOTION TO STAY |
| v. | ) | ALL PROCEEDINGS PENDING |
| | ) | APPEAL |
| NAVISTAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 62 and FRAP 8, Defendant Navistar, Inc. ("Navistar") moves for a stay of all further proceedings pending resolution of Navistar's appeal of this Court's March 6, 2014 Decision and Entry Overruling Defendant Navistar International Transportation Corporation's Motion to Dismiss Intervenor-Plaintiff's Amended Complaint and Compel Dispute Resolution Process (Doc. #446).  Navistar filed its appeal on March 20, 2014 (Doc. # 451).

Navistar's motion should be granted as a matter of right because this Court lacks jurisdiction over the issues raised in the appeal (whether the SBC's claims may be litigated in

this court or are subject to the arbitration provision contained in the Consent Decree).  In the alternative, this Court should grant a stay of the proceedings because Navistar's appeal raises serious questions and because Navistar will be irreparably harmed if the case proceeds in this Court and the Sixth Circuit subsequently finds that it should have been referred to the arbitration process. A memorandum in support is attached.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

 s/ David P. Pierce
DAVID P. PIERCE (0061972)
33 W. First Street, Suite 600
Dayton, OH 45402
Phone:  937-223-8177
Fax:  937-223-6705
E-mail:  pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS*
*NAVISTAR INTERNATIONAL*
*CORPORATION, et al.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as Attorneys for Defendants*
*Navistar International Corporation, et al.*

2

## MEMORANDUM IN SUPPORT

On October 18, 2013, Intervenor-Plaintiff Supplemental Benefit Program Committee (the SBC) of the Navistar, Inc. Retiree Supplemental Benefit Program filed an amended complaint against Defendant Navistar, Inc. asserting claims for breach of contract (Count I) and violations of ERISA (Count II). The SBC sought to enforce a Settlement Agreement that was entered as a Consent Decree in June 1993 between Navistar and a group of active and retired employees, among others. Both counts of the SBC's amended complaint allege that Navistar incorrectly calculated profit-sharing contributions under the Supplemental Benefit Trust Profit Sharing Plan (PSP), which is part of the Consent Decree. Navistar moved to dismiss both counts of the amended complaint because the Consent Decree mandates that disputes regarding Navistar's calculations of its profit-sharing obligation must be resolved by a third party or accounting firm under the dispute resolution procedure prescribed in the PSP. That dispute resolution process is legally equivalent to an agreement to arbitrate and is entitled to the deference to arbitration clauses mandated by the Federal Arbitration Act (FAA).

On March 6, 2014, the Court denied Navistar's motion to dismiss and compel the dispute resolution process.[1] Dkt. No. 446. Pursuant to the FAA, 9 U.S.C. § 16(a)(1)(B), Navistar has on this same date filed a notice of appeal to the Sixth Circuit Court of Appeals appealing this Court's order.

Navistar presents this motion to stay all proceedings, including its obligation to file an answer or other responsive pleading to the complaint, pending the outcome of the appeal of the Court's March 6 order. Navistar's motion should be granted as a matter of right because this

---

[1] The Court also ordered the parties to brief whether the Court should dismiss the SBC's breach of contract claim because it is preempted by ERISA, and Navistar filed its brief today. By complying with this Court's Order and filing its brief, Navistar is not waiving its argument that a stay of the proceedings pending appeal is appropriate.

Court lacks jurisdiction over the issues raised in the pending appeal—namely, whether the SBC's claims may be litigated in court or are subject to the arbitration provision contained in the Consent Decree. In the alternative, this Court should grant a stay because Navistar's appeal raises serious questions and Navistar will be irreparably harmed if the case proceeds in this Court and the Sixth Circuit subsequently finds that it should have been referred to arbitration.

## ARGUMENT

I. **This Court Lacks Jurisdiction to Proceed with the Case Because Its Jurisdiction is Precisely the Issue on Appeal**

The FAA provides that a district court's denial of a motion to compel arbitration may be immediately appealed. 9 U.S.C. § 16(a)(1). As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

Relying on this principle, the majority of the circuit courts of appeal to address the issue have held that an interlocutory appeal under 9 U.S.C. § 16(a)(1)(A) divests the district court of jurisdiction pending the outcome on appeal. *See e.g. Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 264-65 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.,* 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004); *Bombadier Corp. v. Nat'l R.R. Passenger Corp.,* 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997).

The formative case adopting the majority position is *Bradford–Scott Data Corp.* In that case, the Seventh Circuit relied on the general rule articulated by the Supreme Court in *Griggs*. It found that the underlying claims before the district court were necessarily "involved in the

4

appeal" because "[w]hether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A) . . . it is the mirror image of the question presented on appeal." *Id*. at 505. The court further explained that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals" and that the benefits of arbitration clauses "are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially." *Id*. at 506. The court concluded that "[c]ases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id*.

In adopting the majority view, the Fourth Circuit in *Levin* held:

> The core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims. Therefore, because the district court lacks jurisdiction over "those aspects of the case involved in the appeal," it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue. *Griggs*, 459 U.S. at 58, 103 S.Ct. 400. That the present case involves only the continuation of discovery does not change that rationale. Discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction.

*Levin,* 634 F.3d at 264.

Although the Sixth Circuit has yet to decide the issue of whether an interlocutory appeal under 9 U.S.C. § 16(a)(1)(A) divests the district court of jurisdiction, Sixth Circuit authority holds that the filing of a notice of appeal is an event of jurisdictional significance, even when the appeal is taken from an interlocutory order. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir.1995). In *Fort Gratiot*, the Sixth Circuit stated: "It is settled law that filing a notice of appeal with the district court divests the district

court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *See, e.g.*, *Keohane v. Swarco, Inc*., 320 F.2d 429, 432 (6th Cir.1963) (holding void orders entered by a district court after notice of appeal from interlocutory order), *aff'd per curiam*, 328 F.2d 615 (6th Cir.1964)." *Fort Gratiot,* 71 F.3d at 1203 (additional citations omitted.)

Relying on the holding in *Fort Gratiot* and the reasoning of the decisions by other circuit courts of appeals, district courts in the Sixth Circuit have also adopted the majority view.[2] *Huffman v. The Hilltop Cos.*, 2014 WL 695844, at *1-2 (S.D. Ohio Feb. 24, 2014); *Dental Assocs., P.C. v. American Dental Partners of Mich., LLC*, 2012 WL 1555093, at *2-4 (E.D. Mich. Apr. 30, 2012); *Levy v. Cain, Watters & Assocs., P.L.L.C*., 2010 WL 2560395 (S.D. Ohio June 23, 2010); *Cambio Health Solutions, LLC v. Reardon*, 228 F.Supp.2d 883 (M.D. Tenn. 2002).

As Southern District of Ohio Senior District Judge Spiegel recently stated:

> It is well settled, then, "that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." . . . In the Court's view, the better weight of authority is that during the pendency of the appeal, it is limited to at most an administrative role with regard to the case, and that it would be improper to address any matter of substance. In the instant case, it would seem that should the appeals court find arbitration appropriate and reverse this court, proceedings taking place before this court during the pendency of the appeal could be for nothing. Although Plaintiffs contend they would be entitled to discovery in any event, even should this matter ultimately be sent to arbitration, the Court finds dubious that the same rules would govern discovery or that discovery would be available as to the purported class. Regardless of the

---

[2]  In the one case of which Navistar is aware where the district court denied a motion to stay, the Sixth Circuit then granted the stay.  *Tillman v. Macy's, Inc.*, 2012 WL 12737 (E.D. Mich.  Jan. 4, 2012); *Tillman v. Macy's, Inc.*, No. 11-2580 (6th Cir. June 19, 2012) (order granting stay pending appeal) (Ex. A hereto).  The Sixth Circuit granted the stay because of "substantial legal questions or matters of first impression are at issue," and because "while monetary expenses incurred in litigation are not normally considered irreparable harm. . . the point of arbitration is to avoid the expenses of litigation. Here, forcing both sides to incur such costs and then possibly the additional costs of arbitration would benefit neither party. . . Although the issuance of a stay may delay the ultimate resolution of the plaintiff's claims, a balance of the equities supports the issuance of a stay." Ex. A at 2.

> Court's musings as to the potential effects of discovery, it would appear
> in conflict with *Griggs* for the Court to continue proceedings in this
> matter beyond administrative matters.

*Huffman*, 2014 WL 695844, at \*1 (citation omitted).

In finding that it was without jurisdiction to proceed once an appeal of an order denying arbitration was filed, the District Court in *Cambio Health Solutions* noted, "[t]he holding of *Keohane v. Swarco, Inc*., which was cited with approval in *Fort Gratiot*, is old but remains good law. . . . Until it is overturned, it remains binding upon this court. Consequently, the court concludes that it lacks jurisdiction to entertain further proceedings in this case." *Cambio Health Solutions*, 228 F. Supp.2d at 886.

Here, too, the Court should adopt the majority view and stay the proceedings pending the outcome of the appeal. Whether the case may proceed in this Court is precisely the issue pending before the Sixth Circuit. Therefore, because the arbitrability question is an "aspect[] of the case involved in the appeal," this Court lacks jurisdiction to allow the case to proceed and a stay must be granted. *Griggs*, 459 U.S. at 58; *Levin*, 634 F.3d at 263.

## II. Discretionary Factors also Support a Stay

Even if this Court decides that it is not divested of its jurisdiction to proceed, a stay is nonetheless warranted under the discretionary standard set forth by the Supreme Court. Generally, a court's decision whether to grant a stay pending an appeal is determined by the following factors: 1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). When analyzing these factors, a "sliding scale" approach applies, such that a greater showing of

one of the factors entitles the moving party to make a somewhat lesser showing of the others. *Nwakanma v. Ashcroft*, 352 F.3d 325, 327-328 (6th Cir. 2003). For the reasons set forth below, Navistar is entitled to a stay under this alternative analysis.

### A. Navistar Has Raised a Serious Question for Appeal

A party seeking a stay "need not always establish a high probability of success on the merits." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Rather, it must show a "serious question[]" as to the merits of the appeal. *Id.* at 154. Undoubtedly, Navistar has raised a serious question as to the arbitrability of the claims at issue.

The SBC's breach of contract claim and ERISA claim are both based on the same allegations and assert the same four disputes with the manner in which Navistar calculated its profit-sharing payment obligations to the Supplemental Benefit Trust (i.e. misidentification of entities as acquired businesses; exclusion of cash dividends and other payments from Qualifying Profits; Medicare Part D subsidy payments; and exclusion of employees' hours from Qualifying Hours). Dkt. No. 432-1. Thus even if the Court were to dismiss the breach of contract claim based on the requested briefing, the ERISA claim remains subject to the FAA arbitration requirements. Private agreements to arbitrate disputes arising under ERISA are enforceable. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1084 (5th Cir.1996); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1115–16 (3d Cir.1993); *Bird v. Shearson Lehman/American Express*, Inc. 926 F.2d 116, 122 (2d Cir.1991), *cert. denied* 501 U.S. 1251, 111 S.Ct. 2891 (1991); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475, 478 (8th Cir. 1988).

In its ruling, the Court found that "the 'specific dispute' between the parties clearly 'falls within the substantive scope of the agreement,' and is, therefore, arbitrable." Dkt. No.446 at 21-

22 (internal citation omitted). However, the Court denied Navistar's motion to compel arbitration because it found that Navistar waived its right to arbitrate. Under Sixth Circuit precedent, "a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012) (citations omitted). Here, the Court found that Navistar took actions inconsistent with an intent to arbitrate because: 1) it declined to initiate arbitration in August 2009 and 2) Navistar did not raise arbitration as an affirmative defense in response to the SBC's motion to intervene. The Court found that the SBC was prejudiced because of the time delay in seeking arbitration and because benefits would have been paid to the beneficiaries "long ago" if Navistar had submitted to arbitration. Dkt. No. 446 at 26-27. As detailed below, Navistar disagrees with the Court's findings and has a reasonable likelihood of prevailing on the merits on whether it waived its right to arbitrate.

### 1. Navistar did not Engage in Actions Inconsistent with the Arbitration Requirement

There is a strong presumption in favor of arbitration under the FAA, so waiver of the right to arbitration is not to be lightly inferred. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003). In contexts similar to that presented in this case, the Sixth Circuit has found that a party did not waive arbitration. For example, in *Highlands Wellmont Health Network v. John Deere Health Plan*, 350 F.3d 568 (6th Cir. 2003), while the parties were in the "discussion phase" of their respective claims, the John Deere Health Plan wrote a letter to the plaintiff stating:

> For the reasons stated above, we cannot agree with the assertions made in your May 23 letter that underpayments have occurred. On the contrary, John Deere Health maintains its position that the services were billed inappropriately, resulting in overpayment on John Deere Health's part. While we appreciate Wellmont's interest in resolving what Wellmont wishes to portray as a contract dispute quietly and expeditiously, *we do not at this point agree to arbitration or other alternative dispute resolution*.

*Id*. at 572 (emphasis added). The Sixth Circuit held this was not a waiver, but "nothing more than the typical posturing that may occur where one party is attempting to 'stare down' the other party in the hope that the other party will simply give up." *Id*. at 574.

Similarly, in *JDP, Inc. v. Chronimed Holdings*, 539 F.3d 388 (6th Cir. 2008), the plaintiff argued that Chronimed waived arbitration with a letter that was viewed by the plaintiff as indicating an unwillingness to engage in arbitration. The Court held:

> Turning then to whether the July 6th letter amounted to a waiver of arbitration rights, we hold that Chronimed's actions were not "completely inconsistent" with its later reliance on the arbitration agreement. *Highlands*, 350 F. 3d at 573. Although DiCello reads the letter as Chronimed shrugging off the arbitration process, it can also be read as simply signaling to DiCello that Chronimed would challenge the sufficiency of his EBITDA objection if he chose to proceed with arbitration. In other words, by identifying a perceived weakness in DiCello's case, Chronimed "stare[d] down" DiCello, in the hope that he would "simply give up" conduct we have characterized as "typical posturing." *Id*. at 574. . . . We find no waiver.

*Id.* at 394.

In the August 2009 letter sent by Navistar to the SBC, Navistar stated that the dispute identified by the SBC "has no impact whatsoever on the profit sharing payments due under the plan" because the amount in dispute (consisting of the Medicare Part D subsidy) was insufficient to trigger a profit-sharing payment obligation even if the SBC were to prevail in its arguments. Navistar further agreed that the dispute was timely raised "in the event the dispute becomes material in any future year." Dkt. No. 415-2 at 41-42. This was not a refusal to arbitrate that

10

constitutes waiver, but merely an observation that the dispute was moot. As such, Navistar's conduct falls squarely within the holdings of *Highlands* and *JDP, Inc*. No waiver occurred.

This Court also found that Navistar waived its right to arbitrate by failing to timely raise arbitration. Specifically, the Court found that Navistar waived the right to compel arbitration by failing to raise the arbitration process in response to the SBC's motion to intervene. A closer examination of the underlying facts establishes that this finding is inconsistent with the Court's prior ruling that it was premature to request arbitration.

In March 2012, the SBC filed a motion to intervene and a motion to enforce the Consent Decree. Dkt. Nos. 394, 395. The purpose of both motions was to require Navistar to produce information to which the SBC believed it was entitled under the PSP. In response to the motion to intervene, Navistar argued that the SBC should not be allowed to intervene under Federal Rule of Procedure 24, and it noted that the SBC had failed to file a pleading as required by Rule 24(c). Dkt. No. 404. In February 2013, this Court granted the motion to intervene and also directed the SBC to file a complaint. Dkt. No. 414. In its later response to the motion to enforce and in its motion to dismiss the complaint, Navistar argued that the dispute should be deferred to the dispute resolution process of the PSP, which is legally equivalent to an arbitration process. Dkt. Nos. 421, 422.

In its ruling granting the SBC's motion to enforce and denying Navistar's motion to dismiss, this Court found that it was premature of Navistar to raise the dispute resolution process. Rather, this Court found that the dispute resolution process "presupposes the disclosure of information by Navistar." Dkt. No. 426 at 26. Only after the information was disclosed and reviewed would the dispute resolution process be triggered. *Id.* As this Court previously ruled that it was premature of Navistar to raise the dispute resolution process and that the process was

not triggered by the SBC's request for information, to now hold that Navistar waived its right to compel arbitration by failing to raise it in response to the motion to intervene is inconsistent. This is particularly true here as the purpose of the motion to intervene was to allow the SBC to seek to obtain information from Navistar, and this Court held that the dispute resolution process did not apply to the SBC's efforts to have Navistar disclose information. *Id*.

Further, because the SBC did not attach a complaint to its motion to intervene as required by Rule 24(c), the obligation to raise arbitration did not arise. The Sixth Circuit's decision in *Johnson Assocs. Corp. v. HL Operating Corp*., 680 F.3d 713 (6th Cir. 2012) supports Navistar's position.  In that case, the defendant was found to have waived arbitration because it failed to raise arbitration in its answer to the complaint, asserted a counterclaim for breach of contract, and actively scheduled and requested discovery, including depositions. *Id*. at 718.  In fact, defendant requested arbitration only three days before the scheduled close of discovery and after plaintiff had produced over 1,000 pages of responsive documents and a 4.11 gigabyte hard drive containing responsive information. *Id*. at 716-17.  In discussing defendant's failure to have raised arbitration as an affirmative defense in response to the complaint, the Sixth Circuit noted that "a defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate. *The filing of an answer is, after all, the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff; and the intent to invoke an arbitration provision is just such an issue*." *Id.* at 718 (emphasis added).

Here, in contrast, Navistar clearly demonstrated its intent to arbitrate by moving to dismiss the SBC's complaint once it was filed because the dispute should be resolved by arbitration, not litigation.  Further, unlike in *Johnson,* Navistar did not file an answer and no discovery or other proceedings have occurred in this case.  For these reasons, Navistar has made

a strong showing that it is likely to succeed on the merits of its position that it did not waive the right to arbitrate the SBC's claims.

### 2.    The SBC Did not Suffer Actual Prejudice

In finding actual prejudice to the SBC, this Court held that "if Navistar had submitted to arbitration at the Committee's request in 2009, benefits would have been paid out to the beneficiaries of the Supplemental Trust long ago." Dkt. No. 446 at 27. However, in 2009, the only dispute at issue was Navistar's treatment of the Medicare Part D subsidy in its profit sharing calculation. Dkt. No, 415-2 at 41. Navistar responded by pointing out that the dispute was moot because it would have no impact on the profit sharing payments under the PSP, and agreed that the issue was timely raised if it became material in the future. Dkt. No. 415-2 at 41-42. In short, the delay in arbitration resulted in no prejudice to the SBC because the SBC would have obtained no monetary relief even if the arbitration had proceeded and the SBC had prevailed.

Moreover, the SBC's current complaint identifies four disputes: that Navistar wrongly identified entities as businesses acquired after the effective date of the Consent Decree; that Navistar allegedly excluded cash dividends and other payments from Qualifying Profits; that Navistar allegedly excluded employees' hours from Qualifying Hours; and the Medicare Part D subsidy. The only one of these disputes for which the SBC ever sought arbitration was the Medicare Part D subsidy; the SBC did not request or seek to initiate arbitration on the other three disputes included in the complaint. Thus the Court's finding of actual prejudice also fails in this regard.

Third, the Supplemental Benefit Trust's Form 990, which is a publicly available document, shows that it had assets of $511,742, 541 at the end of 2012 and that it had spent $40,630,777 on "benefits paid to or for members" during that year. Ex. B (Return of

Organization Exempt from Income Tax Form 990 signed 2/5/2013, pp. 1, 10). This also belies the finding of actual prejudice to the beneficiaries in that the SBC has significantly greater assets than what it paid out in benefits to the members and there is no evidence in the record that the SBC would have paid out greater benefits if it had greater assets. [3]

Equally significant, this Court has applied a test different than the Sixth Circuit in deciding whether prejudice occurred. As the Sixth Circuit explained in *Johnson*:

> Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense. . . . Prejudice can also be found where a party has gained a strategic advantage by obtaining something in discovery that would be unavailable in arbitration.

*Johnson*, 680 F.3d at 719-720 (internal citations omitted).

The "unnecessary delay or expense" refers to actions taken after the litigation commences, which in the *Johnson* case included that "motions were filed, requests for discovery materials were made and responses were prepared, and a judicial settlement conference was held." *Id*. at 720. The plaintiffs there argued that "the fruits of their efforts will not be fully transferrable to an arbitration process abroad that may delay resolution of this case even further," and the Sixth Circuit agreed. *Id.* Here, in contrast, no similar litigation activity has occurred that would result in prejudice to the SBC. They have not been required to engage in discovery, have depositions taken or other similar litigation activity. Thus no actual prejudice will occur if arbitration is compelled.

---

[3] Navistar is also troubled by this Court's finding of actual prejudice because it presupposes the outcome of the dispute over Medicare Part D payments – that the SBC would have prevailed, that the Supplemental Benefit Trust would have received additional money, and that the SBC would have spent the money on the beneficiaries – without a hearing, evidence or argument. This cannot be a basis for finding actual prejudice.

### B.  Navistar Will Suffer Irreparable Harm without a Stay

As discussed above, the purpose of granting a stay pending an appeal under the FAA is to avoid the irreparable harm that would occur if an appealing party was forced to litigate a claim only to have that claim later be sent to arbitration by a reviewing court.  The same harm exists here.  If this Court were to deny the motion to stay and the Sixth Circuit reverses this Court, Navistar will have endured the duplicative costs of litigation and arbitration of the same issues.

Additionally, Navistar would be harmed in that it would be deprived of the benefit of its bargain.  The parties specifically agreed that certain disputes would be resolved by final and binding arbitration and this agreement between the parties was codified in the PSP.  This was by design; the parties to the Consent Decree expressly acknowledged that they entered into the agreement and made certain compromises in light of Navistar's severe financial condition and possible insolvency at the time the decree was entered.  Dkt. No. 399-2 at 8.  By requiring Navistar to litigate the claims that are subject to arbitration, this Court would deprive Navistar of its right to arbitration, and the cost benefits and efficiencies inherent therein.  If this Court forces Navistar to litigate in federal court, such advantages will be lost and cannot be recouped.  *See Bradford-Scott,* 128 F.3d at 506 (noting that the benefits of arbitration "are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially").

Further, continuing district court proceedings while an issue of arbitrability is pending in the court of appeals "creates a risk of inconsistent handling of the case by two tribunals." *Bradford-Scott*, 128 F.3d at 505.  As the Seventh Circuit has aptly noted, "[t]he worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the

dispute arbitrated, to arbitrate the dispute, and finally return to court to have the award enforced." *Id.* at 506.

### C.     The Issuance of the Stay Will Not Injure the SBC or its Beneficiaries

The SBC will not suffer any harm if a stay is issued. To the contrary, it would be irreparably harmed if this Court denied a stay pending appeal.  Just as Navistar would be forced to incur the duplicative costs of litigation and arbitration on the disputed issues, so too would the SBC.  Simply put, the benefits of arbitration weigh in favor of all interested parties and a failure to stay the proceedings to determine arbitrability effectively nullifies any such benefits.

### D.   The Balance of Harms and the Public Interest Warrants a Stay

The harm to Navistar if no stay is granted far outweighs any harm to the SBC if a stay is granted.  As stated above, Navistar (and the SBC) will be harmed if this Court's decision is reversed by the duplicative costs of proceeding in court and in arbitration.  The only harm to the SBC is a temporary delay in the prosecution of its lawsuit pending the outcome of the arbitrability issue. Whether their claims are resolved sooner or later will not affect their substantive rights and potential recoveries.

Finally, a stay would serve the public interest at stake in this case.  As the Supreme Court has steadfastly held, there exists a "national policy favoring arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).  Arbitration clauses must be rigorously enforced, and any doubts must be resolved in favor of arbitration. *See, e.g., Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S.Ct. 2847, 2857 (2010).  Allowing the court of appeals to address arbitrability before proceeding in this Court is consistent with the policy favoring arbitration.  Further, issuing a stay would avoid the problem of a district court and court of appeals exercising jurisdiction over the same issues simultaneously, which violates the fundamental judicial hierarchy on which the

16

federal court system is based. *Bradford-Scott*, 128 F.3d at 505. The public interest thus clearly weighs heavily in favor of the granting of a stay in this case.

**III.     Navistar Should Not Be Required to Post Bond to Obtain a Stay**

As a final matter, Navistar should not be required to post bond to obtain a stay. Fed. R. Civ. P. 62(c). As a monetary judgment was not entered, a bond is not necessary should a stay be granted.

**CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendant Navistar, Inc. respectfully requests that its Motion to Stay All Proceedings Pending Appeal be granted.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

 s/ David P. Pierce
              DAVID P. PIERCE (0061972)
              33 W. First Street, Suite 600
              Dayton, OH 45402
              Phone: 937-223-8177
              Fax: 937-223-6705
              E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS*
*NAVISTAR INTERNATIONAL*
*CORPORATION, et al.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as Attorneys for Defendants*
*Navistar International Corporation, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent.  Parties may access the filing through the Court's system.

s/ David P. Pierce
David P. Pierce

w:\wdox\client\009025\00382\00674130.doc

18