No. 11-2580

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CECILIA TILLMAN, | ) | **FILED** |
| | ) | **Jun 19, 2012** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MACY'S INC., | ) | |
| | ) | |
| Defendant–Appellant. | ) | |

Before: DAUGHTREY, MOORE, and COLE, Circuit Judges.

Defendant Macy's Inc. ("Macy's") appeals the denial of its motion to compel arbitration and moves for a stay of the proceedings in the district court pending the appeal. The *pro se* plaintiff has not responded to the motion for a stay but moves for the appointment of counsel. Macy's opposes her motion.

Macy's argues that the filing of its appeal divests the district court of jurisdiction to proceed on the merits and, consequently, an automatic stay is required. Because this court has not determined whether an appeal from the denial of a motion to compel arbitration divests the district court of jurisdiction to proceed on the merits of the claim, we do not find at this time that the district court proceedings are automatically stayed. However, Macy's may address this issue in its appellate briefs for consideration by the panel to be assigned to hear this appeal on the merits.

Alternatively, Macy's seeks a discretionary stay pending appeal. Macy's "bears the burden of showing that the circumstances justify" the exercise of discretion to grant a stay. *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1761 (2009). In deciding whether a stay is warranted, we consider:



EXHIBIT A

Case: 3:92-cv-00333-WHR Doc #: 452-1 Filed: 03/20/14 Page: 2 of 4 PAGEID #: 2642
2:Case: 10-99488FC-DkMmeDoc#06111F3H2306/19Fi2edP0621817201Pg IDage 2  (2 of 4)

No. 11-2580
- 2 -

(1) whether Macy's has a strong or substantial likelihood of success on the merits; (2) whether it will suffer irreparable harm if a stay of the district court proceedings is not granted; (3) whether a stay will substantially injure the plaintiff or other interested parties; and (4) where the public interest lies. *Id.*; *see also Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (order); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Macy's has shown "that substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo." *Simon Prop. Grp., Inc. v. Taubman Ctrs., Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003). In addition, while monetary expenses incurred in litigation are not normally considered irreparable harm, *see Griepentrog*, 945 F.2d at 154, the point of arbitration is to avoid the expenses of litigation. Here, forcing both sides to incur such costs and then possibly the additional costs of arbitration would benefit neither party. *See C.B.S. Emps. Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Although the issuance of a stay may delay the ultimate resolution of the plaintiff's claims, a balance of the equities supports the issuance of a stay.

Although we have the discretion to appoint counsel for an indigent civil litigant, *see* 28 U.S.C. § 1915(e)(1), a civil litigant has no constitutional right to counsel. Thus, the appointment of counsel in a civil action "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). The determination of whether exceptional circumstances exists involves consideration of the "'type of case and the abilities of the plaintiff to represent [her]self.'" *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment is "not appropriate when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." *Mars v.*

No. 11-2580
- 3 -

*Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted). Compelled arbitration of employment disputes is an issue of significance and Tillman won on the merits below. In addition, if Macy's does choose to address the jurisdictional question discussed above, that is an issue of first impression in this circuit. Thus, it would benefit the Court to have thorough arguments on both sides and we grant Tillman's motion to appoint counsel.

Both the plaintiff's motion for the appointment of counsel and the defendant's motion for a discretionary stay of proceedings in the district court pending appeal are **GRANTED**.

ENTERED BY ORDER OF THE COURT

*/s/*
_____
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Leonard Green | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 19, 2012

Mr. Maurice G. Jenkins
Jackson Lewis
2000 Town Center
Suite 1650
Southfield, MI 48075

Cecilia Tillman
4571 Korte
Dearborn, MI 48126

   Re: Case No. 11-2580, *Cecilia Tillman v. Macy's Inc.*
    Originating Case No. : 2:11-CV-10994

Dear Sir or Madam,

 The Court issued the enclosed Order today in this case.

        Sincerely yours,

        s/Bryant L. Crutcher
        Case Manager
        Direct Dial No. 513-564-7013

cc: Mr. Michael Corey Christman
  Mr. David J. Weaver
  Ms. Kimberly A. Yourchock

Enclosure