## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al. | &#124; |
| | &#124; |
|     Plaintiffs, | &#124; |
| | &#124; |
| v. | &#124;    Case No. C-3-92-333 |
| | &#124;    Judge Walter Herbert Rice |
| NAVISTAR INTERNATIONAL | &#124; |
| CORPORATION, et al. | &#124; |
| | &#124; |
|     Defendants. | &#124; |
| _____ | &#124; |
| SUPPLEMENTAL BENEFIT | &#124; |
| COMMITTEE OF THE NAVISTAR | &#124; |
| INTERNATIONAL TRANSPORTATION | &#124; |
| CORP. RETIREE SUPPLEMENTAL | &#124; |
| BENEFIT PROGRAM, | &#124; |
| | &#124; |
|     Intervenor-Plaintiff, | &#124; |
| | &#124; |
| v. | &#124; |
| | &#124; |
| NAVISTAR, INC., | &#124; |
| | &#124; |
|     Defendant. | &#124; |
| | &#124; |

## INTERVENOR-PLAINTIFF'S MEMORANDUM ADDRESSING THE LEGAL VIABILITY OF BREACH OF CONTRACT CLAIM

In its March 6, 2014 Decision and Entry Overruling Defendant Navistar International Transportation Corporation's Motion to Dismiss (Doc. No. 446), this Court ordered supplemental briefing regarding whether the breach of contract claim brought by Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Corporation Retiree Supplemental Benefit Program (the "Committee") is viable in light of the fact that the

Committee has also brought a claim under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

In its Amended Complaint for Breach of Settlement Agreement and Violation of ERISA (Doc. No. 439) (Oct. 18, 2013) ("Complaint" or "Compl."), the Committee brought two causes of action. The First Cause of Action is for breach of contract, which relies for its jurisdictional basis on the Court's retention of jurisdiction to enforce the terms of the Shy Agreement. Compl. ¶ 3 (citing Section 15.4 of Settlement Agreement ("Shy Agreement")) and Doc. No. 414. The Second Cause of Action is brought under ERISA to enforce the terms of the Supplemental Benefit Plan that was incorporated into the Shy Agreement.

The Court's Order asked the parties to address the possible preemption of the breach of contract action under ERISA section 514(a). That section provides that the portions of ERISA relevant here "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . [subject to certain inapplicable exemptions]." ERISA § 514(a); 29 U.S.C. § 1144(a). For the reasons set forth below, the Committee's breach of contract claim is not preempted and should be allowed to proceed alongside the ERISA claim.

## I.     The Breach of Contract Claim is Not Preempted Because it is Not a State Law Cause of Action.

### A. An Action to Enforce the Shy Agreement is a Federal Cause of Action.

The Committee's breach of contract claim is not preempted by ERISA section 514 because it does not arise out of any "State laws." The Sixth Circuit has held that a federal court has jurisdiction of a claim alleging violation of an order issued by a federal court because the claim arises under the laws of the United States. In *EBI-Detroit, Inc. v. City of Detroit*, the court explained that "Section 1331 creates federal jurisdiction for all lawsuits 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331. . . . The 'laws' of the

2

United States include the orders issued by the federal courts." 279 Fed. App'x. 340, 345 (6th Cir. 2008). Similarly, in *Ohio ex rel. Skaggs v. Brunner*, this Court found federal jurisdiction because, as in *EBI-Detroit Inc.*, "the plaintiff's allegation 'required to the court to interpret a federal court order and thus present[ed] a federal question.'" 588 F. Supp. 2d 819, 824 (S.D. Ohio 2008), *opinion vacated* 549 F.3d 468 (6th Cir. 2008) (quoting *EBI-Detroit, Inc.*, 279 Fed. App'x. at 342), *rev'd on other grounds at* 549 F.3d 468 (6th Cir. 2008).

In many cases, a settlement agreement is viewed as a contract like any other, enforceable by a breach of contract claim in state court (absent a basis for diversity jurisdiction). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). As the Supreme Court has explained, however, "[t]he situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* at 381; *cf. Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) (in a case predating *Kokkonen*, holding that it is "well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them" regardless of whether the court specifically retained jurisdiction).

That "quite different" situation presents itself in this case, where the Court has in fact both incorporated the terms of the settlement agreement into its order and retained jurisdiction to enforce the order. *See* Shy Agreement ¶ 15.4 (noting that the "Court will retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with the

enforcement, interpretation or implementation of this Settlement Agreement. . ."); *see also* Judgment Entry, Doc. No. 327 (June 6, 1993) (adopting the Shy Agreement as a consent decree); Order, Doc. No. 414 at 10-11 (Feb. 6, 2013) (noting that Section 15.4 of the Shy Agreement grants the Court jurisdiction over the matter at hand and indicates that the parties "contemplated the possibility of post judgment involvement of the Court in 'any' dispute").

The fact that there is a direct federal cause of action for defendant's breach of this Court's order distinguishes this case from those instances where courts have expressed concerns about the "'very limited' federal common law that courts have allowed to develop under ERISA," Order, Doc. No. 446 at 38. In stark contrast to the causes of action considered in those cases, the Committee is not asking the Court to fill gaps in ERISA by recognizing a new federal cause of action. It does not need to. A federal cause of action, unrelated to ERISA, already exists to allow the Committee to enforce the court order. Because the Committee's breach of contract claim is a federal claim, there can be no preemption concern.

**B. This Situation is Analogous to the Silverscript Litigation.**

That the cause of action for breach of contract is federal in nature is further made apparent by recalling the procedural manner in which this breach of contract claim came to be. The Committee first moved to intervene in this action and then filed a motion to enforce the settlement agreement. Doc. Nos. 394, 395. At this Court's instruction, the Committee repackaged its motion to enforce the settlement agreement into the form of a complaint for breach of contract in order to comply with Federal Rule of Civil Procedure 24(c). *See* Order, Doc. No. 414 (Feb. 6, 2013) (ordering the Committee to file a pleading in accordance with FRCP 24(c)); *see also* Doc. No. 415 (Feb. 25, 2013). That complaint was later amended to state the claims at issue here. *See* Compl., Doc. No. 439 (Oct. 18, 2013).

4

The filing of a new complaint was required only because the Committee was created by the Shy Agreement and was not an original party to the litigation or a signatory to the agreement. Had the Committee been a party, or had these issues been brought before the Court by the original plaintiffs in this matter, the Court would have proceeded to enforce the Shy Agreement by ruling on the motion to enforce that agreement, and no one would have doubted that the claim arose under federal law.

Indeed, that is precisely what occurred in the "Silverscript litigation." As the Court will recall, Plaintiffs filed a motion to compel compliance with the Shy Agreement. Doc. No. 343 (Apr. 26, 2010). The matter was briefed, and the Court ordered Navistar to comply with the Shy Agreement. Doc. No. 373 (Feb. 24, 2011); Doc. No. 383 (Sept. 30, 2011). Neither the parties nor the Court raised any issue regarding ERISA preemption. Neither suggested that the fact that the proceeding required interpretation of an ERISA plan document (in that case, the Navistar International Transportation Corp. Retiree Health Benefit and Life Insurance Plan that was incorporated into the Shy Agreement) mandated that the dispute be resolved through an ERISA cause of action rather than a motion to enforce the Shy Agreement. Then, in its ruling upholding this Court's decision to enforce the Shy Agreement, the Court of Appeals for the Sixth Circuit recognized this Court's jurisdiction to decide the matter and proceeded to analyze Navistar's authority under the plan document (incorporated into the Shy Agreement) through the lens of ERISA. *See Shy v. Navistar Int'l Corp.*, 701 F.3d 523, 529 (6th Cir. 2012) ("Citing *Firestone* [*Tire & Rubber Co. v. Bruch*], Navistar argues that it has discretionary power to construe and interpret the Plan and therefore its interpretation of the Plan is due deference by this court under the arbitrary and capricious standard [developed in ERISA's interpretive caselaw]."). The Sixth Circuit expressed no concern regarding its application of a breach of contract analysis to

5

determine the extent of Navistar's authority as an ERISA named fiduciary and plan

administrator.  *Id*. at 8 ("It is this resemblance to contracts that requires that the scope of a

consent decree be discerned within its four corners, and not by reference to what might satisfy

the purposes of one of the parties to the consent decree.") (internal quotation omitted).

The fact that enforcement of the Shy Agreement required analysis of ERISA issues was

not a hindrance to the Silverscript litigation, and, in this case, *no* analysis of ERISA issues is

required to decide the breach of contract claim.  As in the Silverscript litigation, a person has

come before the Court seeking the proper interpretation and enforcement of an ERISA plan

document that was incorporated into the contract that is the Shy Agreement.  The fact that the

Committee's efforts take the form of a complaint alleging breach of contract and ERISA causes

of action rather than a motion to enforce the settlement agreement which raises both ERISA and

contract-interpretation issues is merely a result of the Committee's status as an intervenor-

plaintiff rather than an original plaintiff.  To allow that distinction to result in a difference would

be to elevate form over substance.

## II.    Even if the Breach of Contract Claim Were a State Law Claim, It Would Not Be Preempted.

Even if one ignores the case law establishing that the claim at issue is a federal and not

state law cause of action, the claim would still not be preempted.  First, the claim does not "relate

to" an employee benefit plan in the manner contemplated by ERISA Section 514.  As the

Supreme Court has recognized, courts "simply must go beyond the unhelpful text and the

frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA

statute as a guide to the scope of state law that Congress understood would survive."  *N.Y. State*

*Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995).

In the most fundamental sense, the Committee's cause of action "relates" not to the ERISA plan specifically but to the Shy Agreement as a whole, for a failure to follow the terms of the plan here also constitutes of breach of the Shy Agreement as a whole. That Agreement creates an "independent legal duty," separate and apart from ERISA, the breach of which would sustain a cause of action. As the Supreme Court has stressed, preemption applies "where there is no other independent legal duty that is implicated by a defendant's actions . . . ." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Indeed, the fact that the provisions of the Shy Agreement that Navistar is alleged to have breached are contained within the portion of the agreement constituting an ERISA plan is incidental. A requirement that an employer take an action such as funding health care coverage for its employees has been held not to be preempted even if the recipient of the funding is an employee benefit plan. *See Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, 546 F.3d 639, 654-57 (9th Cir. 2008) (holding that a city ordinance requiring employers to make a minimum contributions to employees' health care, either by payments to the city or payments toward an ERISA plan (or certain specified other means) did not relate to employee benefit plans under ERISA because the employer's contributions did not need to involve an ERISA plan); *Keystone Chapter, Assoc. Builders & Contractors, Inc. v. Foley*, 37 F.3d 945, 960 (3d Cir. 1994) ("Where a legal requirement may be easily satisfied through means unconnected to ERISA plans, and only relates to ERISA plans at the election of an employer, it affects employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan.") (some internal quotation marks omitted). Here, the only reason that the contribution requirements at issue in this case relate to an ERISA plan is that they were, at the election of the parties to the settlement agreement, included in the plan document section of the agreement

7

rather than elsewhere in the broader agreement.  This relationship is too incidental to justify ERISA preemption.

Second, when one looks "to the objectives of the ERISA statute as a guide to the scope of state law that Congress understood would survive[,]" *N.Y. State Conference of Blue Cross & Blue Shield Plans*, 514 U.S. at 656, it becomes clear that preemption is not appropriate here. Courts have concluded that, under ERISA, "state processes alleged to supplement or supplant the federal scheme by allowing beneficiaries to obtain remedies under state law that Congress rejected in ERISA" are preempted.  *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 378 (2002) (internal quotations and alterations omitted).  No such concern is presented here.  This Court has already held that the "appropriate equitable relief" sought by the Committee here may include an order directing Navistar to comply with the plan terms by paying money.  Order, Doc. 446 at 37.  The Court cited *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 363 (2006), in which the court observed, "ERISA provides for equitable remedies to enforce plan terms, so the fact that the action involves a breach of contract can hardly be enough to prove relief is not equitable; that would make § 502(a)(3)(B)(ii) an empty promise." *Id*.  Thus, if the Committee is successful on its ERISA claim, it will be entitled to the full remedy it seeks—an order that Navistar must make the contributions it agreed to make.  If the Committee is also successful on the breach of contract claim, the Court may instead order damages in the amount of the contributions Navistar had agreed to make.  Whichever the Court chooses to provide, the breach of contract claim does not, as a practical matter, expand the remedies available to the Committee.  It simply describes the same end result in a different way.  Because the Committee has not sought to expand the remedies beyond those Congress approved under ERISA, preemption is not implicated.  *See Rush Prudential HMO, Inc.*, 536 U.S. at 380.

## III.    Conclusion

For the reasons set forth above, the Committee's First Cause of Action for breach of contract is not preempted and should not be dismissed.

Dated:  March 20, 2014                     Respectfully submitted,

*/s/ Kevin L. Murphy*
Kevin L. Murphy (#0021810)
Graydon Head & Ritchey LLP
2400 Chambers Center Drive
Suite 300
Ft. Mitchell, KY  41017
Phone: 859-578-3060
Fax:    859-525-0214
kmurphy@graydon.com

*Trial Attorney for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

Edward A. Scallet (admitted *pro hac vice*)
Sarah A. Zumwalt (admitted *pro hac vice*)
Will E. Wilder (admitted *pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, DC 20006
202-857-0620 (p)
202-659-4503 (f)
eas@groom.com
szumwalt@groom.com
wwilder@groom.com

*Attorneys for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on the 20th day of March, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed to those parties to whom electronic notice has not been sent.


      <u>/s/ Kevin L. Murphy</u>
      Kevin L. Murphy (#0021810)


4795957.1

10