IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ART SHY, et al., | : | Case No. 3:92-cv-00333-WHR |
| Plaintiffs, | : | (District Judge Walter H. Rice) |
| vs. | : | |
| NAVISTAR INTERNATIONAL CORPORATION, et al., | : | |
| Defendants. | : | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | : | |
| Intervenor-Plaintiff, | : | NAVISTAR'S RESPONSE TO INTERVENOR-PLAINTIFF'S MEMORANDUM ADDRESSING THE LEGAL VIABILITY OF BREACH OF CONTRACT CLAIM |
| v. | : | |
| NAVISTAR, INC., | : | |
| Defendant. | : | |

In its March 6, 2014 Order (Dkt. No. 446), the Court asked the parties to submit simultaneous briefs addressing whether the breach of contract claim asserted in Count I of the Amended Complaint by the Supplemental Benefit Program Committee (the "SBC") of the Navistar, Inc. Retiree Supplemental Benefit Program is preempted by ERISA.  As explained in Navistar's Brief (Dkt. No. 450), U.S. Supreme Court and Sixth Circuit precedent clearly instruct that the SBC's breach of contract claim is not a viable cause of action in light of ERISA's preemption clause.  The SBC's Brief in response to the Court's inquiry (Dkt. No. 453) underscores why this is so.  The SBC acknowledges that the contract provisions at issue are part

of an ERISA plan and that its breach of contract count is based on the same allegations as its ERISA claim. Dkt. No. 453 at 7-8. In other words, the SBC concedes that Counts I and II are substantively identical claims with different names. This fact alone compels dismissal of Count I on preemption grounds.

The SBC attempts to evade this required outcome by making several unavailing arguments. For the reasons explained below, the SBC's arguments should be rejected, and the Court should dismiss Count I of the Amended Complaint with prejudice.

## ARGUMENT

The SBC's primary argument for preserving its breach of contract claim is that the claim presents a question of federal law involving the interpretation of a federal consent decree and is, therefore, beyond the scope of Section 514 of ERISA, which preempts claims arising under state law. In support of this position, the SBC cites cases permitting the removal of claims alleging violations of federal court orders from state to federal court. *See, e.g., EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. App'x. 340 (6th Cir. 2008); *Ohio ex rel. Skaggs v. Brunner*, 588 F.Supp.2d 819 (S.D. Ohio 2008).

The SBC's reliance on this point is misplaced. Navistar does not dispute that federal courts have jurisdiction over claims involving the interpretation or violations of federal court orders. The mere fact that Count I raises federal questions, however, does not render it a *viable* federal claim. Rather, the salient question before the Court is whether the SBC can rely on federal common law to create an independent cause of action that is identical to its ERISA claim. The SBC has not cited a single case permitting such action, and Navistar is not aware of any such precedent. To the contrary, the Sixth Circuit has expressly and repeatedly rejected attempts to create federal common law causes of action where, as here, ERISA plainly governs the dispute

and provides a remedy to redress the alleged violations. *See, e.g., Bond v. General Motors Acceptance Corp.*, 142 F.3d 432 (6th Cir. 1998) (federal common law developed "only in those instances in which ERISA is silent or ambiguous"); *Central States, Se. & Sw. Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997) (Sixth Circuit "has been vigilant in confining the federal common law to its symbiotic existence, recognizing that it can neither provide an independent source of rights with regard to employee benefit plans nor substitute for the remedies authorized by the ERISA statute"); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997) (federal common law may not be used to create a cause of action where the alleged conduct or relief is already the subject of an ERISA claim).

The decision in *White v. Worthington Industries, Inc. Long Term Disability Income Plan*, 266 F.R.D. 178 (S.D. Ohio 2010) illustrates this point.  There, a plan participant filed a claim, styled as a federal contract claim, against her employer alleging that the company had breached a multi-state settlement agreement under which the company had agreed to reassess benefits claims.  *Id.* at 181.  The claim fell within the scope of a Section 502(a)(1)(B) ERISA action; however, the plan participant failed to file a timely claim under ERISA, so instead filed a breach of contract claim to avoid dismissal.  *Id.* at 182-83.  The court held that the plaintiff could not evade dismissal of her claim by characterizing it as a federal common law cause of action because ERISA governed the dispute and would have provided a remedy for the claim had it been timely filed.  *Id.*  The court noted that it would be "an odd result" to allow a plaintiff to pursue a claim reviewable under ERISA "under the guise of a federal common law breach of contract claim." *Id.* at 183.

Similarly, in this case, there is no authority that would permit the SBC to pursue an independent cause of action for breach of contract because it has already asserted a claim under

ERISA that is indistinguishable from its breach of contract allegations. Both claims allege Navistar miscalculated its profit-sharing obligations to the Supplemental Benefit Trust in four respects: misidentification of entities as acquired business; exclusion of cash dividends and other payments from Qualifying Profits; Medicare Part D subsidy payments; and exclusion of employees' hours from Qualifying Hours. In order to prevail on either count, the SBC must prove the same facts and succeed on the same legal theories. Moreover, both claims seek the same remedy: an order requiring Navistar to make contributions in a certain manner to the Supplemental Benefit Trust. In filing both ERISA and breach of contract claims, the SBC stresses that it is not seeking to expand the remedies available to it under ERISA.[1] Dkt. No. 453 at 8. Indeed, the SBC admits the alternative relief requested in both claims "simply describe[] the same end result in a different way." *Id.* Therefore, because ERISA is not "silent and ambiguous" with respect to the allegations asserted in the SBC's breach of contract claim, the weight of authority prohibits the creation of an independent federal common law cause of action, and the claim should be dismissed.

Second, the SBC erroneously tries to analogize this proceeding to the *Shy* plaintiffs' motion to enforce the Consent Decree in the "SilverScript" litigation, and makes much of the fact that the SilverScript litigation was not preempted by ERISA. There, the *Shy* plaintiffs challenged Navistar's decision to substitute Medicare Part D for the prescription drug plan in the Consent Decree. Dkt. No. 343. That proceeding has no bearing on the instant one. In the SilverScript litigation, the *Shy* plaintiffs filed a motion to compel as parties to the settlement agreement. They did not assert any independent claim under ERISA or otherwise. Because there was not a

---

[1] The SBC has not explained *why* it seeks to pursue duplicative ERISA and common law breach of contract claims, particularly given that it seeks the same remedy from both causes of action. To the extent that the SBC seeks to sidestep the limitations period prescribed in the *Shy* Profit Sharing Plan and instead expand the temporal scope of its claims by taking advantage of a common law breach of contract limitations period, the *Worthington* case bars that action. *Worthington*, 266 F.R.D. at 182-83.

separate ERISA cause of action, but only a motion to compel compliance with the Consent Decree, the issue of ERISA preemption never arose.  Here, in contrast to the SilverScript litigation, the SBC is not a party to the settlement agreement and, therefore, could not seek to enforce the Consent Decree through a motion to compel.  Instead, the SBC was required by the Court to file a complaint and state its causes of action against Navistar.[2]  Because the SBC pled both a breach of contract and an ERISA claim, as the Court correctly recognized, the SBC's Amended Complaint directly raises the question of whether a common law breach of contract claim can coexist with a substantively identical ERISA claim.

      Lastly, the SBC argues that, even if its breach of contract claim is a state law claim, it may proceed independently from its ERISA claim because the breach of contract claim does not "relate to" an ERISA plan.  The SBC contends that the breach of contract claim concerns the Consent Decree as a whole, and argues that "the fact that the provisions of the Shy Agreement that Navistar is alleged to have breached are contained within the portion of the agreement constituting an ERISA plan is incidental."  Dkt. No. 453 at 7.  This contention strains credulity.  By its own admission, this is an action to challenge Navistar's alleged non-compliance with the *Shy* Profit Sharing Plan and Supplemental Benefit Trust, which are part of an ERISA plan.  Am. Comp. ¶ 63; *see also* Consent Decree, Dkt. No. 399-2 at 6 (designating the Settlement Agreement as "ERISA Plan number 584").  The SBC admits that the action is authorized by ERISA Section 502(a)(3); therefore, it cannot credibly also argue that the dispute is too remote to an ERISA plan to be governed by the statute.

---

[2] Navistar has previously raised and continues to maintain its position that the SBC lacks standing to assert a breach of contract claim based on the Consent Decree because it was not a party to the settlement agreement, and in fact did not exist at the time the agreement was entered.  *See, e.g., Aiken v. City of Memphis*, 37 F.3d 1155, 1167-1168 (6th Cir. 1994); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992); *S.E.C. v. Dollar Gen. Corp.*, 378 F. App'x 511, 514-516 (6th Cir. 2010); *Sanders v. Republic Servs. of Kentucky, LLC*, 113 F. App'x 648, 650 (6th Cir. 2004).

For the reasons stated above and in Navistar's Brief in Support of Dismissal of Count I of Intervenor-Plaintiff's Amended Complaint, Count I must be dismissed with prejudice.

        Respectfully submitted,

        COOLIDGE WALL CO., L.P.A.

        s/ David P. Pierce
        DAVID P. PIERCE (0061972)
        33 W. First Street, Suite 600
        Dayton, OH 45402
        Phone:  937-223-8177
        Fax:  937-223-6705
        E-mail:  pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS*
*NAVISTAR INTERNATIONAL*
*CORPORATION, et al.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  (312) 986-0300
Fax:  (312) 986-9192

*Admitted Pro Hac Vice as Attorneys for Defendants*
*Navistar International Corporation, et al.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

                                              s/ David P. Pierce
                                              David P. Pierce

w:\wdox\client\009025\00382\00676622.docx