IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ART SHY, et al. | |
| Plaintiffs, | |
| v. | Case No. 3:92-cv-00333-WHR |
| | Judge Walter Herbert Rice |
| NAVISTAR INTERNATIONAL CORPORATION, et al. | |
| Defendants. | |
| _____ | |
| SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORP. RETIREE SUPPLEMENTAL BENEFIT PROGRAM, | |
| Intervenor-Plaintiff, | |
| v. | |
| NAVISTAR, INC., | |
| Defendant. | |

**INTERVENOR-PLAINTIFF'S RESPONSIVE MEMORANDUM ADDRESSING THE
LEGAL VIABILITY OF BREACH OF CONTRACT CLAIM**

Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Corporation Retiree Supplemental Benefit Program (the "Committee") submits this Responsive Memorandum Addressing the Legal Viability of its Breach of Contract Claim in accordance with the Court's March 6, 2014 Decision and Entry Overruling Defendant Navistar International Transportation Corporation's Motion to Dismiss (Doc. No. 446).  As the Committee explained in its opening memorandum on this issue (Doc. No. 453) ("Opening Brief"), its breach of contract

claim could not possibly be preempted because it is a federal claim, not a state law claim. Even if the claim were a state law claim, however, Navistar has presented no compelling argument that it should be preempted.

**I.     The Breach of Contract Claim is Not Preempted Because it is Not a State Law Cause of Action.**

In its Opening Brief, the Committee explained that its breach of contract claim is a federal claim because the breach of a settlement agreement that has been incorporated into a federal court order gives rise to a federal cause of action. Opening Brief at 2-4. There is simply no argument Navistar can make that ERISA preempts other federal causes of action. *See* 29 U.S.C. 1144(d) ("Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in [sections not relevant here]) or any rule or regulation issued under any such law."); *id*. § 1144(a) (providing that "the provisions of [title I] and title IV shall supersede any and all *State laws* insofar as they may now or hereafter relate to any employee benefit plan . . . .") (emphasis added).

It is clear that the Committee did not allege and is not alleging a state law cause of action. The Committee did not refer to state law anywhere in its Amended Complaint, and it did not invoke supplemental jurisdiction as the basis for its claim but rather relied on the Court's retained jurisdiction to enforce the Shy Agreement. Amended Complaint at ¶ 3. The Committee is master of its own complaint, and if it chose not to bring a state law claim, the Court may not presume that it did. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill."); *cf. Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (noting that, "if the plaintiff chooses to bring a state law claim, that claim cannot

generally be 'recharacterized' as a federal claim").[1] Because the Committee brought a federal claim, it is not preempted.

## II. Even if the Breach of Contract Claim Were a State Law Claim, It Would Not Be Preempted.

Because the Committee did not bring a state law claim, Navistar's Brief in Support of Dismissal of Count I of Intervenor-Plaintiff's Amended Complaint (Doc. No. 450) (March 20, 2014) ("Navistar Br.") addresses the wrong issue.[2] Even if the Committee had brought a state law claim, however, that claim would not be preempted for the reasons set forth in the Committee's Opening Brief and below.

Although preemption of state law under ERISA may be relatively broad, it is not as unfettered as Navistar suggests by its citations to two of the Supreme Court's early preemption decisions. Navistar Br. at 2 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987); *FMC Corp. v. Holliday*, 498 U.S. 52 (1990)). In the years since those cases, the Supreme Court has clarified some of the expansive language expressed therein, especially the emphasis on whether a state law arguably "relates to" a plan covered by ERISA. *See, e.g.*, *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) ("*Travelers*"). *See also* Opening Br. at 6 (explaining that, under *Travelers*, courts "simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of state law that Congress understood would survive"). Under the current approach, it is not sufficient that a cause of

---

[1] The exception to the rule expressed in *Roddy* is that, where Congress has expressed that a statute should completely preempt state law claims, a state law claim may be removed to federal court and converted into a federal claim. 395 F.3d at 322-24. There is no doctrine, of course, that allows a *federal* claim to be recharacterized as a state law claim—to do so would turn preemption on its head.

[2] The caselaw Navistar cites regarding creation of federal common law of ERISA is also not relevant here. Navistar Br. at 2. As explained in the Committee's Opening Brief, the Committee already has a federal cause of action and is not asking the Court to create one to fill the interstices of ERISA. Opening Br. at 4.

action bear some relation to an ERISA plan; rather, claims are preempted only "where there is no other independent legal duty that is implicated by a defendant's actions . . ." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The Sixth Circuit has confirmed that the current approach mandated by the Supreme Court in *Travelers* represents a significant restriction of the Court's preemption doctrine expressed in *Pilot Life*. In *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, the Court of Appeals noted the "deliberately expansive" language from *Pilot Life* that Navistar cites in its brief (Navistar Br. at 2). 399 F.3d 692, 697 (6th Cir. 2005). The court then went on to explain that, "[m]ore recently, however, the Supreme Court has narrowed the preemptive scope of ERISA, moving away from the broader meaning of the provision. . . . We too have followed the *Travelers* approach in applying ERISA preemption in our recent cases." *Id*. at 697-98 (collecting cases).

This Court has also recognized that, subsequent to *Pilot Life*, the Supreme Court "narrowed the application" of ERISA section 514(a). *Sherfel v. Gassman*, 899 F. Supp. 2d 676, 695 (S.D. Ohio 2012). In *Sherfel*, this Court explained that a state cause of action is not preempted where "the existence of [an ERISA] plan was not a critical element of the state-law cause of action." *Id*. This principle flows from the Supreme Court's instruction in *Aetna* that ERISA preemption applies "where there is no other independent legal duty that is implicated by a defendant's actions . . . ." *Aetna*, 542 U.S. at 210.

The lead case on which Navistar relies is not to the contrary and, in fact, recognizes the principles explained above. In *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 587-88 (6th Cir. 2006), the Sixth Circuit affirmed the district court's ruling that claims were preempted. The Court of Appeals based its decision on the fact that "plaintiffs seek damages for the ERISA-

regulated actions of an ERISA fiduciary[.]" *Id*. at 587. The court distinguished *Aetna* because the duties at issue there "[d]id not arise independently of ERISA or the plan terms." *Id*. at 588 (quoting *Aetna*, 542 U.S. at 212). It also distinguished a Sixth Circuit preemption case, *Briscoe v. Fine*, on the grounds that, in *Briscoe*, "the plaintiffs could have alleged such a breach of duty even if the Company had never sponsored an ERISA-covered plan." *Id*. at 590 (quoting *Briscoe v. Fine*, 444 F.3d 478, 500 (6th Cir. 2006)).

Another district court in this circuit has recognized that *Hutchinson*, *Briscoe*, and *Aetna* are not in conflict but together "reveal[] a clear rule: When the decision to award benefits under an ERISA plan is a necessary element of a plaintiff's state law cause of action, that cause of action does not present a legal duty independent of those imposed by ERISA, and it is therefore completely preempted[.]" *Poss v. Chattanooga Gas Co.*, No. 1:07-CV-206, 2007 WL 4146686, at *2 (E.D. Tenn. Nov. 19, 2007).[3]

Although not dealing with an award of benefits, this case, when analyzed under the principle expressed in *Poss*, is revealed to be more akin to *Briscoe* and *Aetna* than to *Hutchinson*. The Committee's claim arises out of an independent legal duty created by the Shy Agreement that would have existed even if the Shy Agreement did not include an ERISA plan. *See Briscoe*, 444 F.3d at 500. Importantly, the actions the Committee seeks to remedy—Navistar's repeated failure to make plan contributions—are not actions that Congress chose to regulate in ERISA.

---

[3] Navistar cites *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395 (6th Cir. 1995), as a "stark illustration of the breadth of preemption under ERISA." Navistar Br. at 4. *Zuniga*, however, must be considered old law. Although the decision technically was rendered after *Travelers*, it came out just a few days after the Supreme Court's ruling and made absolutely no mention of that ruling—a ruling that the Sixth Circuit has since recognized substantially narrowed the scope of ERISA preemption. *See Penny/Ohlmann/Nieman, Inc*., 399 F.3d at 697. Navistar also cites *Cairns v. Bridgestone/Firestone, Inc.*, 802 F. Supp. 152 (N.D. Ohio 1992), *aff'd*, 995 F.2d 1066 (6th Cir. 1993), which does not bind this Court but more importantly also predates *Travelers*. The *Cairns* court applied the exceedingly broad standard that has since been restricted by the Supreme Court. *See Cairns*, 802 F. Supp. at 158 (stating that "a state law claim is preempted if it in any way relates to, has reference to, or is connected to an ERISA plan even in an indirect sense"). Navistar's reliance on caselaw two decades old only serves to highlight that its preemption argument cannot stand under the Supreme Court's current standard.

Specifically, the Committee has asked the Court to examine a series of corporate actions, including incorporating new subsidiaries, rerouting profits, and the like.  These actions were not undertaken by Navistar in its role as an ERISA fiduciary and have nothing to do with any conduct that ERISA regulates.  These actions therefore stand in contrast to those at issue in *Hutchison*.  469 F.3d at 587 (finding preemption because "plaintiffs seek damages for the ERISA-regulated actions of an ERISA fiduciary").  And in determining the propriety of these non-ERISA-governed actions, the Court will not need to read a single provision of ERISA or analyze any of ERISA's interpretive caselaw.  Instead, the only "law" at issue here is that created specially by the parties to the Shy litigation and set forth within the four corners of the Shy Agreement.  Even the mere existence (or not) of an ERISA plan is utterly irrelevant to the Committee's cause of action.  *See Poss*, 2007 WL 4146686, at *2.  For these reasons, the Supreme Court and Sixth Circuit guidance compels the conclusion that the Committee's breach of contract claim is not preempted.

### III. Conclusion

For the reasons set forth above and in the Committee's Opening Brief, the Committee's First Cause of Action for breach of contract is not preempted and should not be dismissed.

Dated:  April 3, 2014                                   Respectfully submitted,

*/s/ Kevin L. Murphy*
Kevin L. Murphy (#0021810)
Graydon Head & Ritchey LLP
2400 Chambers Center Drive
Suite 300
Ft. Mitchell, KY  41017
859-578-3060 (p)
859-525-0214 (f)
kmurphy@graydon.com

*Trial Attorney for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

Edward A. Scallet (admitted *pro hac vice*)
Sarah A. Zumwalt (admitted *pro hac vice*)
Will E. Wilder (admitted *pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Washington, DC 20006
202-857-0620 (p)
202-659-4503 (f)
eas@groom.com
szumwalt@groom.com
wwilder@groom.com

*Attorneys for Intervenor-Plaintiff Supplemental Benefit Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program*

CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of April, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed to those parties to whom electronic notice has not been sent.

        /s/ Kevin L. Murphy
        Kevin L. Murphy (#0021810)

4827362.1