IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ART SHY, et al., <br>                 Plaintiffs, <br> v. <br> NAVISTAR INTERNATIONAL CORPORATION, et al., <br>                 Defendants. | Case No. 3:92-cv-00333 <br><br> Judge Walter Herbert Rice |

**JOINT RESPONSE OF THE UAW MEMBERS AND COMPANY MEMBERS OF THE HEALTH BENEFIT PROGRAM COMMITTEE TO THE PETITION TO REPLACE THE "OTHER MEMBER" OF THE HEALTH BENEFIT PROGRAM COMMITTEE**

Pursuant to the Court's Order of March 7, 2014 (Docket No. 448), the undersigned members of the Health Benefit Program Committee ("HBPC") of the Navistar, Inc. Retiree Health Benefit and Life Insurance Plan (the "Plan") respond as follows to the petition filed on March 7, 2014 (Docket no. 449) requesting that the current HBPC "Other Member," John Mindiola, be replaced by Jack D. Hall (the "Petition").[1]

The Petition was filed pursuant to Article VI, Section 6.6 of the Plan, which provides that the HBPC Other Member may be "replaced by the Court upon petition signed by not less than 50 Participants who are Non-Represented Employees, Present employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement, for failure to adequately represent the Participants." Section 6.6 of the Plan appears to call for the Court to make a factual and legal finding as to whether there was a "failure adequately to represent the Participants."

---

[1] The undersigned note that there is some ambiguity as to the identity of the petitioner. Mr. Hall is identified as the petitioner in the first sentence of the Petition. However, the Petition is signed by William Jones.

1. HBPC Member John Mindiola denies that he has failed adequately to represent the Participants. HBPC members Pikelny, Delphey, Morris, Doyle, and Miller believe that it would be inappropriate for them to take a position on the question of whether Mr. Mindiola has failed to adequately represent the Participants, and therefore take no position on this issue. This issue is for the Court to determine in the manner in which it deems appropriate. However, the Petition contains a number of unsubstantiated and unsupported allegations against Mr. Mindiola individually and as a member of the HBPC.

2. The undersigned HBPC members offer the following observations regarding the Petition for the Court's consideration:

(a) Paragraphs 3 and 4 of the Petition include a lengthy list of alleged wrongful or inappropriate conduct. The undersigned point out that virtually all of these allege that the HBPC as a whole has acted inappropriately, not Mr. Mindiola individually. To the extent that the Petition alleges or implies wrongful or inappropriate conduct by the HBPC as a whole, the undersigned HBPC members wish to go on record as denying all of those allegations. The undersigned wish to further point out that such allegations cannot provide the basis for determining that Mr. Mindiola has failed individually to adequately represent Plan Participants.

(b) The only allegation of the Petition specifically referencing Mr. Mindiola is the assertion that "Mr. Mindiola has never communicated with non-represented Shy Participants to inform them about the current status of their Shy Plan benefits, changes to the Shy Plan, or any issues or disputes with Navistar, Inc. or those acting as the Shy Plan Administrator." The undersigned HBPC Members wish to

point out that nothing in the Plan requires, or even authorizes, any individual member of the HBPC to communicate directly with Participants on behalf of the HBPC.

(c) The undersigned have not attempted to verify whether the signatures in support of the Petition are genuine and consist entirely of "Participants who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement," as required by the Plan. However, the language of the Petition specifies that each signatory is "a non-represented Shy Participant (or is a Surviving Spouse of a non-represented Shy retiree)." The Plan does not provide for "Surviving Spouses" to sign a petition under Article IV, Sec. 6.6.

(d) Additionally, the undersigned note that the identified Petitioner, Jack D. Hall, is seeking not only to have Mr. Mindiola removed as the Other Member of the HBPC, but also to have himself appointed in Mr. Mindiola's place. There is no provision of the Plan that allows an individual to petition that he or she be named as the HBPC Other Member, or that obligates the Court to consider any such request. Rather, the determination of a replacement, if any, is left to the sound discretion of the Court. Should the Court find that Mr. Mindiola has not "adequately represented the Participants" as the HBPC Other Member, the undersigned request that the Court thoroughly vet potential candidates for the position of HBPC Other Member prior to appointing any replacement to ensure that the selected candidate is qualified for the position and does not have any

conflict of interest that may interfere with the candidate's ability to serve as a fiduciary for all Participants.

(e) Additionally, HBPC members Pikelny, Delphey, Morris, Doyle and Miller note that Section 6.6 of the Plan creates both the position of the HBPC "Other Member" and two "HBPC Other Member Alternates." The two HBPC Other Member Alternates identified in Appendix A-7 of the Plan are Phillip Herzog and Shirley Jacobs. As these individuals have already been vetted and approved by the Court and agreed to by all parties to the *Shy* Consent Decree, they would be logical candidates to serve as the HBPC Other Member should the court determine that Mr. Mindiola should no longer serve in that role.

[Signature pages follow]

Respectfully submitted, By Daniel J. Gentry

David P. Pierce (0061972) /DJG-0065283)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pierce@coollaw.com
*TRIAL ATTORNEY FOR DEFENDANTS
NAVISTAR INTERNATIONAL
CORPORATION, et al.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Phone: (312) 986-0300
Fax: (312) 986-9192

*Admitted Pro Hac Vice as
One of the Attorneys for Defendants
Navistar International Corporation, et al.*

Andrew Nickelhoff
Sachs Waldman
2211 East Jefferson
Suite 200
Detroit, Michigan 48207
*One of the Attorneys for UAW Members of the
Health Benefit Program Committee Sarah Doyle
and Craig Miller*

5

Accepted and Agreed To By:

*R. Barry Morris*
R. Barry Morris, HBPC Company Member

Date Signed: 4/22/14

*Dan Pikelny*
Dan Pikelny, HBPC Company Member

Date Signed: 4/22/14

*Brian Delphey*
Brian Delphey, HBPC Company Member

Date Signed: 4/22/14

John Mindiola, HBPC Other Member

Date Signed:_____

Craig Miller, HBPC UAW Member

Date Signed:_____

Sarah Doyle, HBPC UAW Member

Date Signed:_____

1106333.6

Accepted and Agreed To By:

_____
R. Barry Morris, HBPC Company Member

Date Signed:_____

_____
Dan Pikelny, HBPC Company Member

Date Signed:_____

_____
Brian Delphey, HBPC Company Member

Date Signed:_____

*/s/ John Mindiola*
John Mindiola, HBPC Other Member

Date Signed: April 22, 2014

*/s/ Craig Miller*
Craig Miller, HBPC UAW Member

Date Signed: April 22, 2014

*/s/ Sarah Doyle*
Sarah Doyle, HBPC UAW Member

Date Signed: 23 April 2014

1106333.6