*NAVISTAR 2014 PROXY STATEMENT*

(4) Pension/Retirement/401(k) Plans

We began transitioning to defined contribution/401(k) plans as the primary retirement income program for all non-represented employees hired on or after January 1, 1996. These plans are as follows:

- Retirement Plan for Salaried Employees ("RPSE"). This is our tax-qualified defined benefit pension plan for salaried employees hired prior to January 1, 1996.

- Managerial Retirement Objective Plan ("MRO"). The MRO is our unfunded non-qualified defined benefit pension plan designed primarily to restore the benefits that executives, including our NEOs, would otherwise have received if the Internal Revenue Code limitations had not applied to the RPSE.

- Retirement Accumulation Plan ("RAP"). This is our tax-qualified defined contribution/401(k) plan for salaried employees. Our NEOs receive age-weighted contributions and/or matching contributions depending on their eligibility for other retirement income programs and retiree medical coverage.

- Supplemental Retirement Accumulation Plan ("SRAP"). This is our non-qualified deferred compensation plan designed primarily to restore the contributions that participants would otherwise have received if the Internal Revenue Code limitations had not applied to the RAP.

- Supplemental Executive Retirement Plan ("SERP"). This is designed as a pension supplement to attract and retain key executives. The SERP is unfunded and is not qualified for tax purposes.

Additional information on the pension/401(k) plans are provided in the *Pension Benefits, Non-Qualified Defined Contribution and Other Non-Qualified Deferred Compensation* sections of this proxy statement. Mr. Campbell was not eligible for pension / retirement / 401(k) benefits per his employment agreement.

(5) Retiree Medical Benefits and Retiree Life Insurance Coverage. Certain represented and non-represented employees, including certain NEOs, are eligible for retiree medical benefits and retiree life insurance coverage as part of a 1993 court approved settlement restructuring of our postretirement health care and life insurance benefits. Non-represented employees hired on or after January 1, 1996, including our NEOs other than Mr. Cederoth, Mr. Allen and Mr. Covey are not eligible for retiree medical benefits or retiree life insurance coverage under the 1993 settlement agreement or any other program.

(6) Effective January 1, 2014, Messrs. Allen and Covey are eligible for the SRAP. Accruals under the MRO were frozen as of December 31, 2013, therefore, allowing contributions to the SRAP for these executives.

Effective November 1, 2009, the Compensation Committee approved a policy statement that eliminates all tax gross-ups for perquisites and other similar benefits to Section 16 Officers, and effective November 1, 2013 Navistar implemented a policy prohibiting tax gross-ups for any cash or equity awards for all employees.

### Employment Contracts and Executive Severance Agreements

Except for our President and CEO, Troy A. Clarke, we do not have employment contracts with our executive officers. Employment with each of them is "at will." However, like many companies, to ensure stability and continuity of management, we provide our executive officers with an executive severance agreement ("ESA"), which provides for severance benefits in the event of a specified termination such as an involuntary termination or a termination in connection with a change in control. Please refer to the *Potential Payments Upon Termination or Change-in-Control* section of this proxy statement for more information. A summary of Mr. Clarke's Employment Agreement appears in the *Chief Executive Officer Compensation* section of this proxy statement.

### Tax and Accounting Implications

### Policy on Deductibility of Compensation

Section 162(m) of the Internal Revenue Code provides that a public company generally may not deduct the amount of non-performance based compensation paid to certain executive officers that exceeds $1 million in any one calendar year. However, this provision does not apply to performance-based compensation that satisfies certain legal requirements, including income from certain stock options and certain formula driven compensation. In general, the Compensation Committee has considered the effect of the Internal Revenue Code limitation and has structured AI Plan awards and LTI Plan awards to NEOs in a manner intended to be exempt from the limitation. However, under certain circumstances the Compensation Committee may decide to grant compensation that is outside of the limits.



*EXHIBIT C*