# HBPC PETITION FOR SHY ELIGIBILITY

**WILLIAM W. JONES**
Attorney at Law (Retired) (Illinois only)
407 Mistwood Court
Spring Hill, Florida 34609

billyachts@aol.com
352.666.6434 (h)

October 9, 2013

**Navistar Shy Health Benefit Plan Committee Members**
Navistar, Inc. Retiree Health Benefit and Life Insurance Plan
2701 Navistar Drive
Lisle, IL 60532

c/o Mr. Brian Delphey, Secretary

Re: **PETITION FOR SHY ELIGIBILITY**
Eligibility Claim for **Cheryl S. Olchawa**
Social Security No.: 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
Date of Birth: September 3, 1957
Navistar years of credited Pension Service: 29
Start-date of Navistar employment: January 9, 1978
RPSE Retirement Date: October 31, 2012

Dear HBPC Member:

I represent Cheryl S. Olchawa, not as an attorney at law, but under a Special Limited Power of Attorney (copy enclosed Attachment 1) for the express purpose of obtaining a determination for Cheryl S. Olchawa to be eligible as a Participant under the Shy Retiree Health and Life Insurance Benefit Plan(s) ("Shy Plan").

Shortly before and after the time that Petitioner elected to retire and begin receiving her Retirement Plan for Salaried Employees ("RPSE") benefits on October 31, 2012 Navistar, through its Human Resources Department personnel, had determined that Petitioner was ineligible for Shy Plan retiree healthcare and life insurance benefits because she was deemed not to have been an "employee" on July 1, 1993. In addition to the total absence of any communication regarding her being declared ineligible for her Shy Plan benefits until she elected to retire, no communication from Navistar to Petitioner *at any time* evidences that a proper determination has been made by the Shy Plan Administrator with regard to Petitioner's eligibility to receive Shy Plan benefits. Since she retired Petitioner has been enrolled in a one year extension of her employee healthcare plan and allegedly will be eligible for the so-called "2012 Retiree Base Plan" (the "Alternative Plan") after October 31, 2013. Both such plans are


EXHIBIT D

significantly more expensive than and a more limited retiree healthcare plan than is the Shy Plan. Navistar has refused to provide Petitioner with any sort of Evidence of Coverage documentation that would disclose the specific terms and coverage for this plan. It appears, however, to be a hybrid plan designed for those who have been wrongfully denied their Shy Plan benefits. Some of the basic terms and retiree costs of the Alternative Plan are summarized in Attachment 2. Attachment 2 also has the comparable Shy terms entered in pen on the right hand side of the document. Petitioner has continuously, persistently and vigorously objected to Navistar's denial of her Shy Plan eligibility. Petitioner's subsequent enrollment in the continuation of her employee plan and the terms of the Alternative Plan were misrepresented and her acceptance did not constitute a waiver of her claim for eligibility under her ERISA rights and Shy Consent Judgment.

**ORIGINAL PETITION FOR SHY ELIGIBILITY.** On July 18, 2013 Petitioner filed a Petition for Shy Eligibility with the Shy Plan Administrator. As of the date of this HBPC Petition Navistar has not acknowledged or responded to this original Petition and after 60 days elapsed Petitioner believes that Navistar, Inc. and the Shy Plan Administrator have defaulted in their rights to present any opposition to the relief sought in the original Petition, which relief includes immediate and retroactive eligibility and participation for Petitioner in the Shy Plan and a full payment of Petitioner's damages in being wrongfully denied her Shy Plan benefits at her retirement date of October 31, 2012. The original Petition is not included here because this HBPC Petition is nearly identical in form and substance to the original. However, we will promptly provide a copy of it to the HBPC members upon request to the undersigned.

**HBPC PETITION TO THE HEALTH BENEIT PLAN COMMITTEE.**

In as much as the Plan Administrator has elected not to acknowledge or respond to the original Petition and has not added or reinstated Petitioner to Exhibit C (and therefore has made no determinations as to Petitioner's Shy Plan eligibility) we are applying to the HBPC pursuant to Section 2.1 (d) and Section 6.2 (b) of the Shy Plan (attached hereto as Attachments 3 and 4, respectively) to request that the HBPC make the *final* determinations to add Petitioner to Exhibit C and to grant Shy Plan eligibility to Petitioner as it deems just in its sole discretion and without giving deference to any of the Plan Administrator's prior determinations.

Shy Plan Section 2.1. (d) provides:

> "(d) Exhibit C is intended to list all (Shy Plan eligible persons at the Shy effective date)…All persons who would otherwise be entitled to Health and Life Insurance Benefits under any Existing Plan in the absence of the Settlement Agreement (other than an Excluded Retirees) shall be eligible for benefits under the Plan…Any disputes concerning eligibility to participate in the Plan shall be resolved through the claims dispute procedure set for in Appendix A-1 (Appendix A-1 is also the SPD pp. 163, 182-3) (emphasis and parentheticals added for clarity)

Shy Plan Section 6.2 (b) specifies that the HBPC has the *fiduciary* power, rights and duty:

> "(b) to resolve disputes with respect to the determinations of the Plan Administrator regarding benefits and eligibility in its *sole discretion* in accordance with the dispute resolution procedure set forth in the relevant SPD ("Summary Plan Description" or "SPD")" (parenthetical added for clarification)

Summary Plan Description, Page 163 is attached as Attachment 5 and states in part:

> "…The Health Benefit Plan Committee may review and resolve benefit and *eligibility disputes* after the claim review procedures and will act in its *sole discretion* in resolving such disputes…" (emphasis added)

**HBPC MEMBERS' ERISA FIDUCIARY DUTIES AND OBLIGATIONS.** Each member of the HBPC is a Shy Plan "fiduciary" subject to the statutorily well-defined ERISA fiduciary duties (and personal liability sanctions) as administrators of an ERISA employee benefit plan. In dealing with eligibility determinations for an ERISA plan each member must exercise his or her judgment to the "exclusive benefit" of the plan participants and must never act to serve their own self interests. [19 U.S.C Section 104 (a)(1)(B)] The Shy Plan Administrator obviously appears to be acting in Navistar's own self-interest in reducing its own financial obligations to the Shy Plan in (wrongfully) denying Shy Plan eligibility to Petitioner without legal basis and without authority under the Shy Consent Judgment documents or ERISA law. The Navistar members of the HBPC may not fully appreciate the very real conflict of interests that are always inherently present in their capacity as a HBPC member and also as a Navistar employee. We frankly do not understand how the Navistar HBPC members can ethically be even involved in Shy Plan eligibility disputes that come before the HBPC.

**COUNSEL TO THE HBPC.** We believe that Navistar, Inc. and the Shy Plan Administrator have been provided legal advice in this matter for the Petitions filed with the Shy Plan Administrator by attorneys employed by Navistar in its Legal Department. Petitioner believes that HBPC members will be better served if they rely on legal counsel from attorneys who are independent of Navistar, Inc. in the event that legal counsel is needed or desired in order to avoid the problems associated with clearly apparent conflict of interests issues already presented (but not addressed) by Navistar-employed attorneys.

**SHY PLAN ADMINISTRATOR.**

In the original Petition the Shy Plan Administrator was advised of the following:

> "The Shy Plan by law and by direct reference is subject to all of the laws, regulations and rules of ERISA as a qualified employee benefit plan. The Shy Plan defines the Shy Plan Administrator to be Navistar, Inc. Navistar, Inc. performs its duties and obligations, and is legally bound by its actions under

3

ERISA and the Shy Consent Judgment through the actions or inactions by its designated executives and officers. The original Petition, the Shy Consent Judgment and ERISA require that the Determination of Shy Eligibility for the Petitioner be made by the Shy Plan Administrator. Therefore the Determination must be signed and attested to by Navistar, Inc. and that action, in turn, must be properly authenticated by an authorized Navistar *person* signing the Determination. That person's authority to sign on behalf of and to legally bind Navistar, Inc. must be apparent or specifically authorized in a corporate resolution of the Board of Directors. It will suffice if the person signing as the Shy Plan Administrator is a Vice President (Organizational Level 9 or higher) of Navistar, Inc. with his or her title indicated thereon.

"Specific attention is directed to the Exclusive Benefit Rule under ERISA (19 U.S.C Section1104 (a)(1)(B) under which it is firmly established that a Plan Administrator must discharge its duties with respect to the Plan for the *exclusive benefit* of the participants and their beneficiaries. The Plan Administrator's Determination that is demanded under the original Petition cannot therefore be influenced by Navistar's self-interest in reducing its own costs in funding the Shy Plan. ERISA imposes personal liability on a fiduciary who breaches its fiduciary duties. 29 U.S.C Section 1109. ERISA law provides that civil actions to obtain appropriate relief for a breach of a fiduciary duty may be brought by a Plan participant or beneficiary or the Secretary of Labor. 29 U.S.C 1132 (a)."

The Shy Plan Administrator's abject failure to acknowledge or respond to the original Petition is itself a violation of its fiduciary duties under the Shy Consent Judgment and ERISA law.

## PROTOCOL FOR DETERMINATIONS OF SHY ELIGIBILITY.

The Shy Consent Judgment and related documents and agreements provide a specific and structured process requiring the Shy Plan Administrator, and now the HBPC, to make a determination of a person's eligibility to become a Shy Plan participant. Navistar, as the Shy Plan Administrator, has apparently not heretofore been following this process. The correct protocol as described by the documents is referenced and authenticated in the materials that follow.

**Shy Plan Eligibility Protocol Structure:** Petitioner states and confirms that the proper determination of Petitioner's Shy Plan eligibility by either of the Shy Plan Administrator and the HBPC must be as follows:

1. Plan Administrator (and now the HBPC) first must determine if Petitioner is listed on the original and the current Exhibit C to the Shy Consent Judgment Settlement Agreement.
    a. If Petitioner is listed thereon then the Plan Administrator (and now the HBPC) must secondly determine if Petitioner meets the stated

4

      qualifications for retiree health care and life insurance benefits under an Existing Plan.

    b. If both determinations are "yes" the Plan Administrator (and now the HBPC) must issue its determination that Petitioner is eligible for Shy Plan benefits

2. In the event that Petitioner's name does not appear on any Exhibit C the Plan Administrator (and now the HBPC) must then consider Petitioner's demand that her name be added or restored to Exhibit C pursuant to the eligibility provisions of the Settlement Agreement. This test process is exactly the same as described in step 1.a, above, and is made under the mandated assumption (and "as if") there was no Shy Consent Judgment in existence. Therefore, if the Petitioner is determined to have been eligible for retiree healthcare and life insurance benefits under the terms of an Existing Plan (and without regard to the Shy Consent Judgment) Petitioner must be added or restored to Exhibit C and granted eligibility for Shy Plan benefits.

**Exhibit C Status for Petitioner.** Navistar sent what was purported to be a full and accurate copy of the original Exhibit C to the undersigned in late September, 2012 in connection with another Shy Eligibility Petition. It was heavily redacted and seemed to have no particular order with no names being alphabetized internally, i.e. one had to carefully read each of the more than 1,000 pages to ascertain if a particular name was listed. The undersigned has made such an examination to determine if Petitioner's name appears therein and concludes for the record that it does not. Therefore this Petition seeks to have Petitioner's name added to Exhibit C to evidence Petitioner's eligibility under the Shy Plan.

**Specific Application of the Protocol for this Petitioner**

1. Pursuant to Section 7.3 of the Shy Consent Judgment Settlement Agreement (copy attached as Attachment 6) and Section 2.1(d) of the Shy Plan (copy attached as Attachment 3): the Plan Administrator (and now the HBPC) shall consult the *original* and the current version of Exhibit C to the Shy Settlement Agreement to determine if Petitioner's name appears thereon and to note under what category Petitioner's name appears. If Petitioner's name, in fact, appears on the original Exhibit C the Plan Administrator (and now the HBPC) shall then note Petitioner's additional factual qualifications under the terms contained in the Navistar booklet titled "Description of Benefits, December 1989" (the "1989 Plan"), that is an "Existing Plan" as defined in the Shy Consent Judgment documents. Those qualifications are:
    a. that of being vested with at least 10 years of credited service for the Retirement Plan for Salaried Employees ("RPSE") and
    b. having actually begun to receive, or qualified today to begin to receive RPSE benefits under a Navistar authorized regular or early regular retirement policy.

    If these tests are met the Shy Plan Administrator (and now the HBPC) **must** enter Petitioner's name onto the current Exhibit C and then issue a written

    determination finding the Petitioner is eligible for the Shy Plan. [Petitioner now acknowledges that her name does not currently appear on Exhibit C.]
2. In the event that Petitioner's name does appear on the original Exhibit C but was later removed by the Plan Administrator and therefore does not appear on the current Exhibit C the Plan Administrator (and now the HBPC) shall report in its written determination with regard to Petitioner's demand for a determination for her Shy Eligibility: a.) the date on which Petitioner's name was removed from Exhibit C, b.) the name and title of the person who authorized the removal, c.) the Plan Administrator's statement of the legal justification for its removal and d.) provide a copy of the dated notice, if any, provided to the Petitioner giving her timely notice of the pending action to remove her name and the notice of the action taken by Navistar to remove her name. [Petitioner has not been shown a copy of the "current" Exhibit C but has already acknowledged that apparently her name did not appear on the original Exhibit C such that this test is irrelevant for this HBPC Petition.]
3. In the event that Petitioner's name does not appear on any Exhibit C (or was previously removed from Exhibit C) the Plan Administrator (and now the HBPC) shall then consider Petitioner's demand that the Plan Administrator be ordered by the HBPC to "correct" Exhibit C by adding Petitioner's name to it pursuant to Section 7.3 of the Shy Consent Judgment Settlement Agreement and Section 2.1(d) of the Shy Plan and then issue its written determination concerning the Petitioner's demand for correction to Exhibit C and reference Petitioner's eligibility or non-eligibility for the Shy Plan together with its rationale for such determination(s). [**This is the eligibility protocol test that is relevant to this HBPC Petition.**]

**STATEMENT OF FACTS.**

Ms. Olchawa's factual basis for eligibility for Shy Plan benefits is set forth in her Affidavit (attached hereto and made a part hereof as Attachment 7). The controlling facts in support of her demand for her to be included in Exhibit C of the Shy Settlement Agreement and her claim for Shy Plan eligibility are as follows:
    a.) Ms. Olchawa was hired on September January 9, 1978 as a full time Navistar employee;
    b.) she is fully vested in and has begun to receive benefits under the RPSE with more than 29 years of credited service;
    c.) she has more than 10 years of credited service in the RPSE;
    c.) she was 55.1 years old at the time of her RPSE retirement;
    e). when she retired on October 31, 2012 she was a full time Navistar employee; and
    f.) she retired from Navistar under the Navistar regular early retirement policy.

In previous deliberations Navistar has asserted that Ms. Olchawa is not eligible for Shy Plan benefits due to the fact that she was a contract employee on July 1, 1993, the Shy Consent Judgment effective date and was therefore disqualified from receiving her Shy Plan benefits. As will be argued below, Petitioner strongly maintains that Ms. Olchawa's

6

Navistar service as a contract employee is simply and totally irrelevant to the determination of her Shy Plan eligibility. The circumstances of this situation and the total lack of legal basis or notice to Ms. Olchawa concerning Navistar's prior determinations of Shy non-eligibility are set forth in her Affidavit solely to make a "record" of those facts and to underscore Navistar's failure to timely provide Petitioner with any notice that her Shy Plan eligibility was being contested or had been improperly invalidated by Navistar.

There appears to be no evidence whatsoever arising from Petitioner's prior inquiries and dealings with Navistar and the Shy Plan Administrator as to whether Navistar or the Shy Plan Administrator has at any time consulted with any version of Exhibit C to determine if Petitioner's name currently appears thereon or whether Petitioner's name appears or ever did appear on any version of Exhibit C at any time. Navistar or the Shy Plan Administrator must make a record of those facts as a part of its determination of Petitioner's Shy Plan eligibility and has not to date done so. Inasmuch as Petitioner has reviewed a copy of the original Exhibit C she now acknowledges that she was (erroneously) not included on Exhibit C. Petitioner was not advised by Navistar that it deemed her ineligible for Shy Plan benefits until 2012, almost nineteen years later. Petitioner was given no notice of Navistar's action or inaction at the time and was therefore precluded from raising any objections at the time and denied her the ability to make alternative plans for her retirement.

**ARGUMENT FOR A FINDING OF PETITIONER'S INCLUSION ON EXHIBIT C AND FOR HER SHY PLAN ELIGIBILITY.**

In as much as Petitioner's name does not appear on Exhibit C Petitioner makes the following argument in support of demanding that the Shy Plan Administrator (and now the HBPC) correct Exhibit C by adding or restoring Ms. Olchawa's name and issue a written determination certifying Ms. Olchawa's qualification for Shy Plan Eligibility and her right to be a Shy Plan Participant retroactively as of her Navistar retirement date and her commencement in receiving her RPSE benefits, based on the Shy Consent Judgment and the following argument:

1. Pursuant to Shy Settlement Agreement, Section 7.3 the required Protocol for determination of Shy Plan eligibility under circumstances where a Petitioner's name does not appear on Exhibit C is to permit *any person* to petition the Shy Plan Administrator (and, if necessary, the HBPC) to have the error or omission corrected upon a showing that:

    **Section 7.3** *List of Eligible Class Members* **Shy Settlement Agreement:**
    "...**After the Effective Date, an individual who believes that he or she has been erroneously excluded from Exhibit C should contact the Plan Administrator, and any dispute shall be determined pursuant to the claims dispute procedures set forth in Exhibit A** (Exhibit A is the Shy Plan agreement and "SPD") and...

7

<u>No person</u> who would otherwise be entitled to Health and Life Insurance Benefits under any Existing Plans shall lose his or her eligibility for benefits under this Settlement Agreement because he or she was erroneously excluded from Exhibit C." **(emphasis added and parenthetical added for clarity)**

And as stated more positively in Shy Plan Section 2.1. (d):

"<u>All persons</u> who would otherwise be entitled to Health and Life Insurance benefits under any Existing plan in the absence of the Settlement Agreement (other than an Excluded Retiree) shall be eligible for benefits under the Plan." (emphasis added)

2. The two provisions quoted above in Paragraph 1 are not mere superfluous verbiage. These provisions, in fact, clearly supersede and override the specific "Shy" terms that precede them. The references to "Present-Non Represented Employees" and "Present Eligible Former Employee" used to describe Shy Class Members and those (others) who are to be eligible for Shy benefits are not *exclusive* or limiting. These overriding provisions clearly acknowledge that there may be persons who do not fit neatly into one of these artificially created and defined categories but who are nevertheless deemed to be eligible for Shy Plan benefits *provided* that: a.) they can demonstrate that they would have qualified for retiree health care and life insurance benefits under a health care plan that was in existence prior to the Shy Settlement Agreement and included in the definition of "Existing Plans" and b.) such person is not an "Excluded Retiree." Petitioner meets these two tests and, therefore, is such an included "person."
3. Petitioner is not an Excluded Retiree and the RPSE is an Existing Plan. (the definitions of Excluded Retiree and Existing Plans are included for reference in Attachment 8)
4. There was obviously no intent by the parties to the Shy Settlement Agreement to use the Shy Plan structure to improperly exclude anyone who was already vested with retiree healthcare benefits under the plans defined as "Existing Plans." Navistar's (prior) administration of the Shy eligibility tests using unintended and unstated criteria to deny qualified persons from Shy Plan eligibility is improper and unethical.
5. For this test, because the situation is viewed without regard to the existence of the Shy Consent Judgment, the defined terms such as "Present Non-Represented Employees" et al and their application in the Shy Consent Judgment (and in these two cited Sections) are deemed not to exist and are not relevant to the test.
6. Therefore the relevant test for this Petition is to determine if the Participant would be eligible for any Existing Plan without regard to the Shy Consent Judgment. The relevant Existing Plan in this matter is the 1989 Plan.
7. The 1989 Plan consists of 184 pages that provides comprehensive active employment and retirement benefits descriptions for specified Navistar

salaried, non-represented employees and future retirees. *All* of the eligibility requirements for retiree health care benefits are contained in a single sentence in a paragraph at page 56 (copy attached as Attachment 9) and are quoted in their entirety as follows:

> "If you retire with a benefit from the Retirement Plan for Salaried Employees (excluding deferred vested retirement benefit) and have at least 10 years of pension service, health care coverage under the health care coverage plan will be extended to you and your eligible dependents." (Emphasis added)

8. Unless one was already retired and was receiving benefits under the 1989 Plan at the time Shy became effective (July 1, 1993) the 1989 Plan retiree health care benefit is a "contingent" benefit. Under the 1989 Plan, by its terms, one could not receive retiree health care benefits until one actually retired from Navistar under a regular, early-regular or a special-early retirement policy provision (but not as a "deferred-vested" retiree). It was simply "unknowable" at the Shy Effective Date if a particular non-represented salaried person would actually be eligible to receive benefits under the 1989 Plan (or under the Shy Plan that subsumed it and replaced it) until the time to actually retire is reached; i.e. if one is not employed with Navistar at the time one reaches a specified age for regular, early-regular or special-early retirement one does not qualify to receive these retirement health benefits.

9. The 1989 Plan retiree healthcare plan eligibility provisions have no reference to or cite any consequence relating to retiree health care benefits for an intermediate break in service by a 1989 Plan participant. Since Petitioner has retired directly from active Navistar employment she did not take a "deferred vested retirement benefit" under the RPSE but rather a "regular" retirement. Therefore Navistar's prior focus on Ms. Olchawa's employment status at the Shy effective date is improper and irrelevant. The Shy Consent Judgment was clearly intended to extend Shy healthcare and life insurance benefits to each Navistar employee, including Ms. Olchawa, who was, *or would be*, eligible to be covered for benefits under the 1989 Plan when he or she retired from Navistar. This is what must happen now.

**VOLUNTARY SEPARATION AGREEMENT AND RELEASE ARE IRRELVEVANT.**

Petitioner entered into a Voluntary Separation Program ("VSP") agreement with Navistar on October 31, 2012 in connection with a Navistar cost reduction initiative. The VSP required that Petitioner agree to voluntarily resign from Navistar as of October 31, 2012 in exchange for a specified number of weeks of salary continuation to be paid after separation. Navistar required Petitioner to simultaneously enter into a General Release and Additional Terms ("Release") agreement that is a pre-printed, non-negotiable contract of adhesion that is used by Navistar to reduce its exposure to liability for age, race and sex discrimination claims in connection with the implementation of reduction in

force strategies. Petitioner separately elected to take a regular early Navistar retirement under the RPSE at the same time that she agreed to separate. Her retirement and her Navistar retirement benefits are independent and entirely separate matters from the VSP and Release. The VSP does not refer to the Alternative Plan and alludes instead to an option for the employee to continue with Navistar's active-employee benefits for twelve months after separation. Neither agreement adversely impacts Petitioner's rights under the Navistar retirement plans, including the Shy Plan. Section 5 of the Release excepts Petitioner from the scope of the Release: under subparts "…(a) any benefits in which you are vested under any retirement plan…and (f) any claim that cannot be released by law." The Shy Plan, by definition and by direct reference in the Shy Consent Judgment is an ERISA protected employee plan and Navistar, as the plan sponsor, cannot abridge Petitioner's Shy Plan rights nor retaliate against Petitioner for asserting her ERISA rights by any means legally available to her. The prohibitions under Section 23 <u>Non-Disparagement</u> of the Release are also excepted from application for otherwise disparaging comments made by the Petitioner about Navistar "(that are) required by law or as necessary for you to defend yourself in any judicial, arbitral, or administrative proceeding…" Therefore, the original Petition and this HBPC Petition together with all supporting documentation, correspondence or testimony of the Petitioner and her representative do not constitute actionable disparagement under the terms of the Release and ERISA law.

**CLAIM FOR RESTITUTION FOR PETITONER'S INCURRED DAMAGES.**

In as much as Petitioner has already begun to receive RPSE benefits as of October 31, 2012 but was improperly and illegally prevented from being made eligible to receive her Shy Plan benefits as required under the Shy Consent Judgment she has suffered, and will continue to suffer, consequential damages by having to enroll in the significantly more expensive and less comprehensive employee benefits continuation policy and the Alternative Plan (a retirement healthcare plan with significantly reduced benefits "offered" by Navistar that apparently is designed by Navistar especially for retirees who have been unlawfully denied their Shy Plan benefits). It is estimated that each of the retired employees covered by the Alternative Plan incurs at least $2,714 more to date in premium and out of pocket costs per year under this plan as compared to the Shy Plan (without regard to the substantially higher co-pays related to the prescription drug benefits) and does not have the dental, hearing, vision and life insurance benefits provided by the Shy Plan. See the comparison chart (Attachment 3). Petitioner must be retroactively enrolled into the Shy Plan effective as of October 31, **2012** and reimbursed by Navistar or the Shy Plan for the excess premiums paid, the excess out-of-pocket payments incurred that are above the Shy Plan limitations, the excess prescription drug deductibles and co-pays incurred, plus all incurred costs for dental, vision and hearing benefits up to the limits of the Shy Plan benefits.

**FORM OF HBPC DETERMINATION.** As a convenience to the HBPC, and to insure that Petitioner is provided with an effective (and appealable, if necessary) document, Petitioner has prepared and enclosed a draft Template for a HBPC Eligibility Determination form that the HBPC may use in documenting its determinations in this

matter. Regardless of whether this form is used or not Petitioner demands that any Determination rendered by the HBPC members be signed by each of the HBPC members participating in order to evidence each member's compliance (or bias) with regard to his or her ERISA fiduciary accountabilities in the event Petitioner seeks to file a Complaint with the Department of Labor or on appeal to a federal court.

**FURTHER APPEALS.** In the event that the HBPC (also) fails to determine that Petitioner is entitled to be added to Exhibit C and to be granted eligibility for the Shy Plan, the Petitioner reserves the right to appeal to the Department of Labor under ERISA and to any federal court including the Sixth Circuit in Dayton, Ohio pursuant to the terms of the SPD and ERISA law.

**NOTICES:**

Please send all decisions, notices and communications in connection with this matter directly to:

| | |
|---|---|
| Ms. Cheryl S. Olchawa | Mr. William W. Jones, Esq. |
| 1614 Derby Drive | 407 Mistwood Court |
| Batavia, IL 60510 | Spring Hill, FL 34609 |

Thank you for your attention to this matter.

Sincerely,

[signature]

cc: Ms. Cheryl S. Olchawa
    Bredhoff & Kaiser
    Groom Law Group

encl: Template for Shy Plan HBPC's Determination of Eligibility and Claim for Damages

attachments:
    Attachment 1: Special Limited Power of Attorney.
    Attachment 2: Alternate Plan (costs and coverage comparison).
    Attachment 3: Copy of Shy Plan Section 2.1 (d)
    Attachment 4: Copy of Shy Plan Section 6.2 (b)
    Attachment 5: Summary Plan Description p. 163
    Attachment 6: Copy of Shy Consent Judgment Settlement Agreement Section 7.3.
    Attachment 7: Sworn Affidavit of Cheryl S. Olchawa
    Attachment 8: Definitions of Excluded Retiree and Existing Plans
    Attachment 9: Copy of 1989 Plan (p. 56)