

Navistar, Inc.
2701 Navistar Drive
Lisle, IL 60532 USA

January 31, 2014

Mr. William W. Jones
407 Mistwood Court
Spring Hill, FL 34609

Re: Ms. Eileen C. Byrne eligibility claim appeal

Dear Mr. Jones:

This letter is in response to your appeal to the Health Benefit Program Committee ("Committee") on behalf of Ms. Elieen C. Byrne. In considering this eligibility claim, the Committee considered the following documents:

- The *Shy et al. v.* Navistar, Civil Action No. C-3-92-333 (S.D. Ohio) Settlement Agreement ("Settlement Agreement").
- The Navistar, Inc. Retiree Health Benefit and Life Insurance Plan (Exhibit A of the Settlement Agreement, "Health and Life Plan")
- The Navistar, Inc. Retiree Health Benefit and Life insurance Plan Summary Plan Description ("SPD"). [Exhibit A of the Health and Life Plan]
- The list of Class Members. ["Exhibit C" of the Settlement Agreement]
- A letter ("HBPC Petition for Shy Eligibility") including attachments dated October 6, 2013 from yourself to the Committee.
- A letter ("Cover/Transmittal Letter") including attachments dated October 7, 2013 from yourself to the Committee.
- A letter ("HBPC Petition for Shy Eligibility") including attachments dated October 25, 2013 from yourself to the Committee.
- A Contracted Service Agreement between Navistar International Transportation Corp. and Eileen Byrne dated June 7, 1993.
- A Contracted Service Agreement between Navistar International Transportation Corp. and Eileen Byrne dated April 17, 1995.
- A "HW-101 VSP Benefit Continuation Election" form dated October 23, 2012.
- A "Health & Life Insurance Election Form" dated September 24, 2012.
- A "Healthcare Enrollment Form – Retirees Eligible for the Non-Rep Base Plan" dated September 20, 2012.
- A "After Retirement Life insurance" form signed by Eileen Byrne (undated).
- A October 3, 2002 letter from Gary Fensler (Pension Analyst) to Elieen C. Byrne.
- The 1989 SPD for salaried, non-represented employees of Navistar International Transportation Corp.
- The 2013 "Retirement Benefit Summary and Enrollment Guide" for Non-Represented, Shy Plan members.



EXHIBIT F

The Committee completed a full and fair review of the documentation submitted and the terms of the Settlement Agreement.

In your October 6, 2013 Letter to the HBPC Members, you submitted the following "Statement of Facts".

a.) Ms. Byrne was hired on September 16, 1974 as a full time Navistar Employee;
b.) She is fully vested in and has begun to receive benefits under the RPSE [Navistar, Inc. Retirement Plan For Salaried Employees] with more than 30 years of credited service;
c.) She has more than 10 years of credited service in the RPSE;
d.) She was 61 years old at the time of her RPSE retirement.
e.) When she retired on October 31, 2012, she was a full time Navistar employee; and
f.) She retired from Navistar under the regular early retirement policy.

In order to determine whether or not Ms. Byrne is eligible for Shy benefits, the Committee reviewed the Shy plan requirements.

The first step was to determine whether or not she was listed in the list of class members (Exhibit C), as provided in Section 2.1(d) of the Health and Life Plan. Ms. Byrne was not listed on Exhibit C.

The second step in the process is to determine if she was erroneously excluded from Exhibit C. To make such a determination, the Committee reviewed the following provisions of the Health and Life Plan.

Section 2.1 "<u>Eligibility</u>". The following shall apply with respect to eligibility:

2.1 (a)

"Each Present Employee, Present Eligible Former Employee, Present Retiree, Present Eligible Dependent and Present Surviving Spouse shall be a Participant in the Plan as of the Effective Date;"

Ms. Byrne did not meet any of these definitions as of the Effective Date.

2.1 (b)

"Present Retirees (other than Deferred Retiree Participants), Present Surviving Spouses and Present Eligible Dependents will be entitled to receive benefits....".

Ms. Byrne did not meet any of these definitions as of the Effective Date.

2.1 (c)

"Present Represented Employees shall be eligible for benefits....".

Ms. Byrne did not meet any of these definitions as of the Effective Date.

2.1(d)

"Exhibit C is intended to list all President [sic] Non-Represented Employees, Present Eligible Former Employees, Present Retirees and Present Surviving Spouses, as reflected in the records of the Company. Appendix A-4 is intended to list all Present Represented Employees, as reflected in the records of the Company. The Company shall correct each error in Exhibit C and Appendix A-4 (including each omission therefrom) as it becomes known. All persons who would otherwise be entitled to Health and Life Insurance Benefits under any Existing Plan in the absence of the Settlement Agreement (other than Excluded Retirees) shall be eligible for benefits under the Plan. No person erroneously listed on Exhibit C or Appendix A-4 shall be entitled to any benefits hereunder. Any disputes concerning eligibility to participate in the Plan shall be resolved through the claims dispute procedure set forth in Appendix A-1."

Ms. Byrne does not meet any of these definitions due to the following facts:

(1) Ms. Byrne was a contract employee as of the Effective Date of the Settlement Agreement. You even mentioned this fact in your October 27, 2013 letter to Greg Elliott ("technically none of the three Petitioners [which included Ms. Byrne] were 'Current Active Navistar Employees' on the Shy Settlement Agreement effective date"). Therefore, she could not have been a Present Non-Represented Employee or a Present Retiree.

(2) Ms. Byrne was not represented by a union, so she was not a Present Represented Employee.

(3) Ms. Byrne was not a Present Surviving Spouse.

(4) Ms. Byrne was a former employee, but she does not meet the definition of a "Present Eligible Former Employee".

Exhibit D of the Settlement Agreement defines a "Present Eligible Former Employee" as "each former employee who as of the Effective Date is not a Present Retiree but who, without any further employment by the Employers and upon the satisfaction of any applicable conditions, would become eligible for Health and Life Insurance Benefits in the absence of the Settlement Agreement".

Without any further employment by the Employers, Ms. Byrne was a deferred vested pensioner as of the Effective Date [July 1, 1993] and as such is not eligible for coverage under the Health and Life Plan.

(5) We looked at whether or not Ms. Byrne would have qualified under the "All persons who would otherwise be entitled to Health and Life insurance Benefits under any Existing Plan..." clause of Section 2.1(d) of the Health and Life Plan.

Exhibit D of the Settlement Agreement defines "Existing Plans" as "all plans and other arrangements of the Employers, as in effect on the Effective Date, under which Present Retirees, Present Surviving Spouses, Present Eligible Dependents and Present Eligible Former Employees are receiving, are entitled to receive, or would become entitled to

receive, postretirement health or life insurance benefits in the absence of the Settlement Agreement".

As explained above, as of the Effective Date Ms. Byrne did not meet any of the definitions for this exception.

Section 2.1(d) was designed to protect those people that had already earned post-retirement health care benefits or were actively accruing eligibility for post-retirement health care as of the Effective Date. Ms. Byrne had not earned eligibility under the 1989 SPD (see page 56 of the 1989 SPD, "If you retire with a benefit from the Retirement Plan for Salaried Employees (excluding a deferred vested retirement benefit)….health care coverage plan will be extended to you and your eligible dependents.)" as she was a deferred vested retiree on the Effective Date. Also, she was not actively accruing benefits on the Effective Date as she was not an employee. Finally, coverage under all Existing Plans was terminated the day before the Effective Date so she has no continuing rights due to her reemployment after the Effective Date, contingent or otherwise, under any "Existing Plan" (see page 4 of the Settlement Agreement, "coverage…under the Existing Plans will be terminated at the end of the day before the Effective Date"; see also Section 1.7 of the Health and Life Plan and page 2 of the SPD "This Retiree Health Benefit Program replaces all prior health benefit plans…").

In your October 6, 2013 letter you make the statement "Voluntary Separation Agreement and Release are irrelevant". The Committee agrees with this statement as Ms. Byrne did not have her Settlement Agreement rights taken away by the Voluntary Separation Program implemented in 2012. The Committee is not basing its' decision on the Voluntary Separation Agreement and Release.

Finally, you make a "Claim for restitution for petitioner's incurred damages" requesting reimbursement for the cost differential between the "Alternate Plan" and the Shy plan. Since the Committee finds that Ms. Byrne was not erroneously excluded from the Health and Life Plan, there are no damages to award.

We sincerely regret that we are unable to grant your request, but the Committee is legally obligated to follow the terms of the Plan and does not have discretion to extend eligibility where the Plan does not provide it. Our review of the information submitted, as well as Company records, has led us to issue this final decision in response to Ms. Byrne's appeal.

Please note that Ms. Byrne has the right to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to her claim for benefits under the Plan. In addition, because her appeal has been wholly denied, she has the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

Sincerely,

Health Benefit Program Committee

cc: Eileen C. Byrne