**WILLIAM W. JONES**
Attorney at Law (Retired) (Illinois only)
407 Mistwood Court
Spring Hill, Florida 34609

billyachts@aol.com
352.666.6434 (h)

January 31, 2014 [Reissued to Delphey only 2/6/14]

**Navistar Shy Health Benefit Plan Committee:**
Ms. Sarah Doyle, VP, UAW Member
UAW Solidarity House
8000 East Jefferson Ave
Detroit, MI 48214

Mr. Craig Miller, UAW Member
UAW Solidarity House
8000 East Jefferson Ave
Detroit, MI 48214

Mr. John Mindiola, Other Non-UAW Member
2508 Pebble Valley Rd.
Waukesha, WI 53188-1530

Mr. Barry Morris, Navistar Member
Mr. Dan Pikelny, Navistar Member
**Mr. Brian Delphey, Navistar Member**
2701 Navistar Drive
Lisle, IL 60532

Re: **HBPC PETITIONS FOR SHY PLAN ELIGIBILITY**
     Eligibility Claim for **Diana Van Eenige**
     Eligibility Claim for **Eileen C. Byrne**
     Eligibility Claim for **Cheryl Olchawa**

Dear HBPC Member:

I am in receipt of an unsigned letter dated January 17, 2014 that purports to be responsive to the HBPC Petition that I filed seeking a HBPC determination of Shy Plan eligibility for Diana Van Eenige. This letter is so totally non-responsive and

1


EXHIBIT G

substantively inadequate that I hardly know where to begin in making a formal objection to it and its contents. However, as the Shy Consent Judgment and ERISA law do not seem to provide any further internal appeal processes we are forced into "accepting" this letter as a "final" denial of non- eligibility for our claim on behalf of Ms. Van Eenige.

Pursuant to Ms. Van Eenige's legal rights under the Shy Consent Judgment and ERISA law we are now going to pursue relief in federal court as is permitted, having now exhausted all internal administrative review policies provided. We have retained trial counsel and they are preparing the appropriate pleadings to continue pursuing this claim.

In as much as the HBPC has elected to continue the issuance, until February, of its determinations for the other two essentially identical claims that I filed I have decided to alert you to the many problems (for you) created by the Van Eenige determination in case you wanted to avoid those problems with the other two. In point of fact I want to insure that the federal court has a record that is complete and that will be relevant to what I now see as a "class" of many individuals who have been wrongfully denied their well-earned Shy Plan benefits that probably includes everyone whom Navistar has offered the so-called "Shy Lite" retiree healthcare plan instead of the full Shy Plan benefits.

1. The first "legal principle" that I hope that your legal counsel advised you about is that the HBPC is simply not a legal entity. It is six (or seven) individuals with independent and individual responsibilities and personal liability exposures under the Shy Consent Judgment and ERISA laws, including very specific fiduciary duties owed exclusively to Navistar employees and retirees. The "HBPC" cannot sue or be sued in any court. Only the individual members can sue or be sued. A written HBPC determination for Shy Plan eligibility that is not actually signed by the individual HBPC members or a properly designated representative of the HBPC who is reporting the results of an official vote by the individual members is simply null and void and of no legal consequence. With the unsigned HBPC determination letter as the only "evidence" in our federal litigation we will proceed on the basis that the HBPC members failed to follow the procedures set forth in the Shy Consent Judgment documents such that a valid determination simply was not made. We gave the HBPC a proposed form of determination ("Template") and written explanations for its application with the filing of our HBPC Petitions that make this requirement for individual signatures quite explicit. Our federal lawsuit will

2

necessarily therefore name each of you individually and seek findings of individual violations of the Shy Consent Judgment and ERISA law that will support judgments against you personally. Since the form of the HBPC's determination does not distinguish among those of you who may not have supported a determination of Shy Plan eligibility versus those who may have "voted" in favor of a finding of eligibility we will have to proceed on the assumption that each of you "voted" against Ms. Van Eenige's Shy Plan eligibility. If any of you wants to register your dissent to the general determination you may advise me in writing with whatever detail you wish to include and we will take that information into consideration when preparing our litigation strategy.

2. The determination itself appears to be a wholesale HBPC adoption of the Plan Administrator's (ultimate) argument in its entirety and therefore suffers from the same legal inadequacies as did those prior determinations. In essence the HBPC determination simply and totally avoids a meaningful adoption of or even a renunciation of or application of the very eligibility determination protocol upon which our Petitions are overtly based. This determination appears to me to have been written by an attorney and not a HBPC Member and since it is nearly identical in rationale and argument to the Plan Administrator's positions I think it is safe to assume that it was written by a Navistar staff attorney. I cautioned you at the time we filed the HBPC Petitions that the HBPC should not rely on Navistar or Navistar in-house attorneys concerning this matter due to the very apparent conflict of interests presented to them between acting in a fiduciary capacity for the exclusive benefit of the retirees versus trying to violate the Shy Consent Judgment in order (presumably) to save Navistar money and reduce its APBO. The HBPC members now are exposed to claims of violations of their fiduciary duties in relying on Navistar's argument and legal counsel.

3. Navistar and now the HBPC are trying to find a basis to argue that the Shy Consent Judgment itself contains an eligibility cut-off date of July 1, 1993; your argument is that to be eligible for the Shy Plan as a future Shy Plan participant one must have been an active employee or current retiree on that date. Your problem is that the agreements simply do not actually state any such exclusion based on one's date of Navistar employment. The Shy Settlement contains a term "Excluded Retirees." If the Settlement intended to exclude persons hired after July 1, 1993 this is where that could be stated. The apparent first application and enforcement of Navistar's purported limitation comes several years after the Shy effective date. Shy was intended to create a single retiree health benefit plan to replace many existing plans and to reduce Navistar's financial obligations for four benefits

3

then being supported; the Settlement in no way was intended to reduce the number of current or future potential participants in the Shy Plan as the retiree benefits themselves were rooted in the union labor agreements and in the Retirement Plan for Salaried Employees ("RPSE"). These plans were not amended or renegotiated to exclude participation by new employees in these retirement benefits until **January 1, 1996**. This critical "fact" is confirmed in Navistar's 2009, 2010, 2011, 2012, 2013 and 2014 Proxy Statements:

> "Retiree Medical Benefits and Retiree Life Insurance Coverage. Certain represented and non-represented employees, including certain NEOs (Named Executive Officers), are eligible for retiree medical benefits and retiree life insurance coverage as part of a 1993 court approved settlement restructuring of our postretirement health care and insurance benefits. Non-represented employees hired **on or after January 1, 1996** including our NEO's other than Mr. Cederoth, Mr. Allen and Mr. Covey are not eligible for retiree medical benefits or retiree life insurance coverage under the 1993 settlement agreement or any other program." (**2014 Proxy Statement page 42**, emphasis and parenthetical added for clarity.)

This excerpt from the Proxy Statement correctly states the actual cut-off date of first-Navistar employment for eligibility for Shy Plan benefits. Each of the three HBPC Petitioners were active employees on December 31, 1995 and are therefore eligible for the Shy Plan when they retire/retired from active employment and begin/began receiving their RPSE pension benefits. In my opinion the most recent argument advanced by Navistar (and now adopted by the HBPC members) is intentionally fabricated to unlawfully reduce Navistar's costs and APBO and is completely contrary to the unambiguous position taken for years by Navistar in its SEC public financial reports and filings.

4. Had the HBPC followed the eligibility protocol cited in the Shy Plan Section 2.1(d) it would have arrived at the proper determination. This protocol is mandated to be applied as if there was no Shy Settlement in existence for this test and therefore your reliance on parsing the defined terms or forcing application to them is simply improper and invalid. In addition, the drafter has now improperly inserted the fabricated phrase "actively accruing benefits" to try to align the protocol test with the Shy defined terms that are parsed; this phrase does not appear in the Shy Settlement documents and the inclusion and reliance on it by the HBPC is improper, or worse. The

definition of "Existing Plan" defines a **plan** and does not define who is eligible for that plan; in this instance the RPSE and the 1989 Plan are the relevant "Existing Plans" and the Shy- defined terms that are used and cited by you as limiting are superfluous and not limiting, they are merely non-exclusive examples of who *might* be a participant in an Existing Plan.

5. The determination states that the HBPC members considered all the items in a long list of documents to reach its determination. Among those items referenced and relied upon is: "The list of Class Members [Exhibit C of the Settlement Agreement]". I have been reliably informed that Navistar *never* maintained a list of Shy eligible employees and retirees. Upon my demand earlier Navistar produced to me what was purported by it to have been the Exhibit C that was included in the Shy Settlement closing. It is a box of about 1,000 sheets of unsorted computer print outs that is not even sorted in any alphabetical order; in order to confirm that a name appears or does not appear on Exhibit C every one of the 1,000 pages and every name on each of those pages must be closely examined. With regard to salaried employees who were being included in the Shy class the data were apparently printed out in March 1993 and appear to relate to Navistar's employee healthcare insurance plan at the time. Had the print out been run on August 1, 1993, when Ms. Van Eenige was once again an active Navistar employee, her name would still not appear on this print out because she had healthcare coverage under her husband's name who was also a Navistar employee at this time. All indications are that Navistar neither created a list nor maintains a list of Shy eligible employees and retirees as required by the explicit terms of the Shy Settlement Agreement. The original Exhibit C is so poorly prepared that it is practically speaking worthless for the purpose it was intended. For the HBPC to certify that it consulted a list of the Shy class members could be considered certifiably and intentionally false. I have been reliably informed that instead of properly preparing an Exhibit C and maintaining it as required by the Shy Consent Judgment documents Navistar merely added "tick" marks against names in its computerized personnel files to indicate that a person was Shy eligible. There is no information whatsoever as to what criteria were used and certainly there is no provable assurance whatsoever that it was done in compliance with the Shy Settlement agreement eligibility criteria. If my understanding of these "facts" is incorrect please provide me with a copy of Exhibit C that was used by you in your determination.

6. We note further that the HBPC Members have totally ignored the equitable considerations in reaching your determination. It is simply unconscionable that a denial for Shy Plan benefits be appropriate under the circumstances

5

where Navistar never advised petitioners at any time that Navistar had determined that they would not be eligible for Shy Plan benefits when they retired. They were not so advised on July 1, 1993. They were not advised when they resumed Navistar employment after July 1, 1993 (at which time they were supposedly "fully" advised of their employment benefits that had otherwise been reinstated in full). They were not, in fact, advised of this catastrophic news until they applied for their retirements some twenty years later. If (at any time) they were not eligible for Shy Plan benefits they had to be so advised immediately so that they could reasonably adopt an alternative plan for their healthcare needs in their retirement years; in these instances that would have given them twenty years to save up the money to fund this aspect of their retirements. The only written documents available to them while employees concerning their post-retirement healthcare benefits is the SHY <u>Summary Plan Description</u> and the 1989 Plan that both unambiguously confirmed that they were fully eligible for Shy Plan benefits when they retired. On this basis alone these petitioners will prevail in federal court (that has both "legal" and "equitable" jurisdictions). The Shy Plan and ERISA fiduciary duties (owing exclusively to the Navistar employees and retirees ) of the HBPC Members are essentially "equitable" in nature and the HBPC Members are required to have considered these equitable principles in making their determinations, but clearly failed to do so.

I have bent over backwards to raise your awareness you about what was going on with Navistar's utterly abusive and self-serving administration of the Shy Plan and the problems you could cause yourselves by becoming complicit in it. You have ignored those warnings and now I must follow through with my promises. You can, of course, review all of this and make a different determination for Ms. Byrne and Ms. Olchawa and then withdraw and replace the determination for Ms. Van Eenige. Otherwise we will be promptly seek comprehensive relief in a federal court as previously stated for all of the Navistar employees and retirees who have been wrongfully denied their benefits and rights under the Shy Consent Judgment and ERISA laws by Navistar, and now, by the HBPC Members.

                                                Very truly yours,

                                                *William W. Jones*

cc: Mr. Brian Delphey, HBPC Secretary