IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, et al.,

    Plaintiffs,

v.

NAVISTAR INTERNATIONAL
CORPORATION, et al.,

    Defendants.

:
:
:
:

Case No. 3:92-cv-333

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT NAVISTAR, INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL (DOC. #452); ANY PROCEEDINGS RELATED TO THE CLAIMS OF THE INTERVENOR-PLAINTIFF, THE SUPPLEMENTAL BENEFIT COMMITTEE OF THE NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION RETIREE SUPPLEMENTAL BENEFIT PROGRAM, AS SET FORTH IN ITS AMENDED COMPLAINT (DOC. #439), ARE STAYED PENDING THE RESOLUTION OF DEFENDANT'S APPEAL OF THE COURT'S DECISION OVERRULING THE MOTION TO COMPEL ARBITRATION (DOC. #446) BY THE SIXTH CIRCUIT COURT OF APPEALS

---

Pending before the Court is the Motion to Stay All Proceedings Pending Appeal (Doc. #452) filed by Defendant Navistar, Inc. ("Defendant" or "Navistar"). For the reasons set forth below, the Court SUSTAINS Navistar's motion.

I. **RELEVANT BACKGROUND**[1]

The Supplemental Benefit Committee of the Navistar International Transportation Corporation Retiree Supplemental Benefit Program (the "Committee") is the administrator and fiduciary of the Supplemental Benefit Program and Trust ("Supplemental Trust") created by the Settlement Agreement that was approved by this Court on June 8, 1993. Doc. #327. The Settlement Agreement resolved a class action brought by Navistar retirees over pension, health, and life insurance benefits, and provided a series of remedies to the retirees, including payments from the Supplemental Trust that Navistar was to fund with profit-sharing contributions. Doc. #327.

On March 23, 2012, the Committee filed a Motion to Intervene under Fed. R. Civ. P. 24, seeking to enforce the terms of the Settlement Agreement and alleging that Navistar had improperly withheld profit-sharing contributions to the Supplemental Trust. Doc. #394. On February 6, 2013, the Court sustained the Committee's Motion to Intervene, but ordered the Committee to file a complaint in compliance with Fed. R. Civ. P. 24(c). Doc. #414.

The Committee complied by filing a Complaint on February 15, 2013 (Doc. #415), and later filed an Amended Complaint on October 18, 2013 (Doc. #439).

---

[1] The following summary only presents the factual and procedural background that is relevant to this ruling. A more detailed presentation of the background of this case may be found in pages 2-14 of the Court's Decision and Entry Overruling Navistar's Motion to Dismiss. Doc. #446.

2

On October 17, 2013, Navistar filed a Motion to Dismiss and Motion to Compel the Dispute Resolution Process, which the Court overruled on March 6, 2014 (Doc. #446). In overruling Navistar's motion, the Court held that although the parties' dispute was arbitrable because its subject matter fell within the dispute resolution provision in the Settlement Agreement that applied to disputes over profit sharing contributions to the Supplemental Trust, Navistar had waived its right to invoke that process by actions it had taken before and after the Committee's intervention.

On March 20, 2014, Navistar filed a Notice of Appeal (Doc. #451), notifying the Court of its appeal to the Sixth Circuit Court of Appeals of the Court's decision to deny Navistar's request to compel the arbitration process. The same day, Navistar also filed a Motion to Stay All Proceedings Pending Appeal ("Motion to Stay"). Doc. #452. Navistar's Memorandum in Support of the Motion to Stay presented two arguments. First, Navistar argued that the Court should grant the stay because its appeal automatically divested the Court of jurisdiction over the issues raised therein, namely, whether the Committee's claims could be litigated in this Court or whether they had to be sent to arbitration. Even though there is a split of authority among the Circuit Courts of Appeal on the issue of whether such an appeal automatically divests the district court of jurisdiction, and the Sixth Circuit has not weighed in on the issue, Navistar urged the Court to follow the majority view and issue an automatic stay. Alternatively, Navistar argued that several factors warrant the issuance of a discretionary stay, including the serious question it raised on appeal and the irreparable harm that would result if the Sixth

3

Circuit eventually vacates this Court's ruling and holds that the entire dispute should have been sent to arbitration in the first instance.

The Committee filed a Memorandum in Opposition to Navistar's Motion to Stay on April 10, 2014. Doc. #457. In its Memorandum in Opposition, the Committee argued that there is no Sixth Circuit authority that automatically divests a district court of jurisdiction upon the filing of an appeal of a denial of a motion to compel arbitration. Thus, the decision to order a stay is within the Court's discretion, and the Committee argues that the discretionary factors do not support a stay.

On April 24, 2014, Navistar filed a Reply Brief, in which it emphasized that an automatic stay would be in accordance with the majority of Circuit Courts, as well as district courts within the Sixth Circuit that have addressed the issue. Doc. #458. Navistar also argued that the Committee cannot demonstrate that it has not raised a serious issue on appeal, or that a stay would irreparably harm the Committee, such that a discretionary stay would not be warranted.

## II. ANALYSIS

The Federal Arbitration Act ("FAA") allows for the interlocutory appeal of a district court's decision to deny a party's motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C); *see also Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496 (6th Cir. 2011) (recognizing the FAA's grant of jurisdiction to hear a party's interlocutory appeal of a denial of a motion to compel arbitration). As the parties

4

note, the Circuit Courts of Appeal have split over whether the filing of such an appeal divests the district court of jurisdiction over the matter. The Third, Fourth, Seventh, Tenth, Eleventh, and D.C. Circuits have held that the appeal of an order denying a party's motion to compel arbitration divests the district court of jurisdiction and effects an automatic stay. *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997) (imposing stay on proceedings in district court and holding that an appeal under 9 U.S.C. § 16(a)(1) confers jurisdiction on the court of appeals while divesting district court of same); *Bombadier Corp. v. Nat'l R.R. Passenger Corp.*, No. 01-7125, 2002 WL 31818924 (D.C. Cir. Dec. 12, 2002); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th 2004) (recognizing the split among Circuit Courts of Appeal and holding that upon appeal the case "should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration"); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005) (following *Bradford-Scott* and *Blinco* and holding that a non-frivolous appeal brought under 9 U.S.C. § 16(a) divests the district court of jurisdiction over the matter); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3rd Cir. 2007) (agreeing with the Circuit Courts of Appeal that have adopted a "rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011) (following *Bradford-Scott* and holding that "an appeal on the issue of arbitrability automatically divests the district court

5

of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited").

Conversely, the Second, Fifth, and Ninth Circuits have concluded that an appeal brought under 9 U.S.C. § 16(a) of an order denying a motion to compel arbitration does not automatically divest the district court of jurisdiction over the case. *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) (holding that in the absence of a stay, the district court is not deprived of jurisdiction over any matter except the issue of arbitrability); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004) (holding that it "explicitly adopt[s] the Ninth Circuit's position that further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and that a district court therefore has jurisdiction to proceed with a case absent a stay"); *Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011).

In *Weingarten Realty Investors*, the Fifth Circuit recognized that the Supreme Court's decision in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), controls the jurisdictional issue over which the Circuit Courts have split. 661 F.3d at 908. *Griggs* held that the "notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*" *Griggs*, 459 U.S. at 58 (emphasis added). Thus, the Fifth Circuit characterized the current split as the result of courts either broadly or narrowly interpreting the "aspects of the case" that are appealed. *Weingarten Realty*

6

*Investors*, 661 F.3d at 908. Thus, reading *Griggs* in the context of a potentially arbitrable dispute, the issue is "whether the merits of an arbitration claim are an aspect of a denial of an order to compel arbitration." *Id*. The Fifth Circuit described the alternative readings of *Griggs* on this issue as follows:

> The Ninth Circuit [in *Britton v. Co-op Banking Group*] interpreted *Griggs* narrowly, holding that because answering the question of arbitrability does not determine the merits of the case, the merits are not an aspect of the case that is involved in the appeal on arbitrability. To the contrary, the Seventh Circuit [in *Bradford-Scott Data Corp.*] interpreted *Griggs* broadly, holding that because an appeal on arbitrability concerns whether the case will be heard in the district court at all, the merits in district court are an aspect of the case that is involved in the appeal.

*Id.* In *Weingarten Realty Investors*, the Fifth Circuit ultimately sided with the Ninth Circuit, finding that "[a]n appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the district court." *Id.*

To support its ultimate conclusion, the Fifth Circuit relied upon language from the Supreme Court's opinion in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). According to the Fifth Circuit, *Moses H. Cone* "made it plain . . . that the merits were 'easily severable' from the dispute over the arbitrability of those claims." However, in *Moses H. Cone*, the only issue brought before the federal court was the issue of arbitrability, because the contractual dispute that one party wished to submit to arbitration was already the subject of a pending lawsuit in state court. 460 U.S. at 7. After the contract claim was filed in state court, the parties disputed its arbitrability, which led to the defendant filing suit in federal court, seeking an order to arbitrate under 9 U.S.C.

7

§ 4. *Id.* Thus, when the Supreme Court described the issue of arbitrability as "easily severable from the merits of the underlying disputes," it did so against the backdrop of the pending state court case where the parties were litigating the underlying contract claim. *Id.* at 21. Because the federal district court was never going to reach the merits of the contract claim, which the state court or an arbitrator would eventually resolve, the Supreme Court dismissed the district court's concern that "piecemeal" litigation would result if a stay were not issued. *Id.* at 20-21. Where, as here, the merits of the claim and the issue of arbitrability initially arise in one court, severing those issues is not so clear cut: "Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A) . . . it is the mirror image of the question presented on appeal." *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997). The *Weingarten Realty Investors* opinion did not fully grapple with the intertwined issues of resolving the merits and arbitrability of the dispute when they arise in the same forum, or the possibility that continued litigation after the appeal was filed might undermine the intent of Congress when enacting the FAA.

In *Bradford-Scott*, however, the Seventh Circuit did address such concerns when it warned that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." Writing for the Seventh Circuit, Judge Easterbrook also stated that:

8

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under [9 U.S.C. § 16(a)] helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under [9 U.S.C. § 16(a)] is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Id.* at 506.

The Court agrees with the analysis of Judge Easterbrook and the conclusion that majority of the Circuit Courts of Appeals reached when applying *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), to this issue. The resolution of the Committee's claims against Navistar is necessarily an "aspect[] of the case involved in the appeal" of arbitrability. *Id.* at 58. The issues are intertwined because "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Bradford-Scott Data Corp*, 128 F.3d at 506. Applying *Griggs*, the Court must recognize that Navistar's appeal has divested it of jurisdiction "over those aspects of the case involved in the appeal," which includes the merits of the litigation of the Committee's claims against the company. Here, as in *Bradford-Scott*, the worst possible outcome would be to expend the resources required to litigate the Committee's claims during the pendency of Navistar's appeal, only to later have that effort rendered futile by a

decision from the Sixth Circuit that requires the Court to send the parties into arbitration. The Court's conclusion also aligns it with the majority of district courts in the Sixth Circuit that have considered the issue. *See Cambio Health Solutions, LLC v. Reardon*, 228 F.Supp.2d 883 (M.D. Tenn.2002); *Dental Assocs., P.C. v. American Dental Partners of Mich., LLC*, No. 11-11624, 2012 WL 1555093 (E.D. Mich. Apr. 30, 2012); *Levy D.D.S v. Cain, Watters, & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 2560395 (S.D. Ohio June 23, 2010).[2]

Each of the foregoing district court decisions also found the Sixth Circuit's holding in *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Natural Resources*, 71 F. 3d 1197, 1203 (6th Cir. 1995), to be controlling, although that holding did not specifically apply to the appeal of a decision denying an order to compel arbitration. In *Fort Gratiot*, the Sixth Circuit stated that "[i]t is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Id.* No unrelated remedial matters are currently pending before the Court. The matter on appeal directly relates to whether this Court or an arbitrator will ultimately determine the merits of the Committee's claims. Accordingly, under

---

[2] The only district court to hold otherwise stated only that the Sixth Circuit had not spoken on the issue, and therefore declined to order an automatic stay. *Tillman v. Macy's*, No. 11-10994, 2012 WL 12737 (E.D. Mich. Jan. 4, 2012). On appeal, the Sixth Circuit ordered the parties to brief the issue of "whether an appeal from the denial of a motion to compel arbitration divests the district court of jurisdiction to proceed on the merits of the claim." *Tillman v. Macy's, Inc.*, 753 F.3d 453, 462 (6th Cir. 2013). Ultimately, however, the Sixth Circuit did not address the issue because it was able to resolve the appeal without doing so. *Id.*

10

*Fort Gratiot*, as well as the majority position on the effect of an appeal under 9 U.S.C. § 16(a), as set forth in *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997), the Court finds that Navistar's appeal divests it of jurisdiction to act further in this case.

## III. CONCLUSION

Based on the foregoing, the Court SUSTAINS Navistar's Motion to Stay All Proceedings Pending Appeal (Doc. #452). All proceedings in this matter are stayed pending a resolution by the Sixth Circuit of Navistar's appeal of the Court's Decision and Entry of March 6, 2014 (Doc. #446). The parties must, therefore, appropriately direct any request for relief from the stay to the court with jurisdiction over this matter, the Sixth Circuit Court of Appeals.

Date: May 7, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE