UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ART SHY**, *et alii*,
    Plaintiffs

Vs.                            Case No. C-3:92 cv 333

                                    Judge Walter H. Rice

**NAVISTAR, INC**. *et alii*,

    Defendants

---

### *PRO SE* MOTION BY JACK D. HALL FOR INTERPRETION AND ENFORCEMENT OF THE SHY CONSENT JUDGMENT, SHY PLAN SECTION 6.7 <u>EXPENSES</u>

Now comes Jack D. Hall, *pro se*, who was appointed the Health Benefit Program Committee Other Member by this Court on May 7, 2014 and states as follows:

### JURISDICTION AND FORM OF MOTION

1. This Court accepted the *pro se* Motion of William W. Jones and accepted the filing of the Petition to Replace the "HBPC Other Member" (Doc.#447) to seat Jack D. Hall as the HBPC Other Member by its Entry Sustaining *pro se* Motion (Doc.#448) dated March 7, 2014.
2. This Court seated Mr. Hall as the HBPC Other Member by Entry and Order dated May 7, 2014 (Doc.#461).
3. Before Mr. Hall was seated by this Court as the HBPC Other Member Mr. Hall had carefully reviewed Shy Plan Section 6.7 <u>Expenses</u> that establishes the compensation and expense reimbursement policies for the HBPC Members. Section 6.7 <u>Expenses</u> is quoted below in its entirety:

> "6.7 <u>Expenses</u>. The **Company** agrees that, **upon demand** and the Company's receipt of such detailed supporting documentation as the Company may reasonably request, **it will** forthwith **pay** (i) to all HBPC Committee Members that are not employed by the Company, any Employer or the UAW, **reasonable compensation for the time spent on Health Benefit Program Committee matters,** (ii) to each HBPC UAW Member, the **HBPC Other Member** and any HBPC Other Member Alternate, **the amount of any and all out of pocket expenses,** including reasonable travel expenses, **incurred by him** in exercising or discharging his powers, rights and duties hereunder and (iii) to the Health Benefit Program Committee, the amount of any and all out-of-pocket costs and expenses (other than the expenses of consultants and other professionals) incurred by it

1

in connection with reviewing the administration of the Health Benefit Program and the Life Insurance Program. Such compensation and expenses shall not be considered Plan Expenses." (Emphasis added for application and clarity)

4. Mr. Hall has delivered two statements to Navistar, Inc. in care of Mr. Delphey (HBPC Secretary) seeking payments from Navistar, Inc. pursuant to Shy Plan Section 6.7 Expenses for compensation and reimbursement for his expenses in accordance with the terms of Section 6.7 Expenses for the period from May 19, 2014 to July 8, 2014 seeking $2,993.90 (**Exhibit A**) and from July 8, 2014 through August 29, 2014 seeking $3,156.25 (**Exhibit B**).

5. Navistar, Inc., through a letter from Mr. Delphey dated July 14, 2014 (**Exhibit C**) initially refused to make any payments to Mr. Hall for the first statement presented by Mr. Hall to Mr. Delphey on July 8, 2014 asserting that all claims for compensation and expense reimbursement (except for scheduled HBPC meetings) under Section 6.7 Expenses were subject to prior approval by the (other) HBPC Members.

6. Mr. Hall asserts that there is absolutely no over-sight or approval of his chosen HBPC activities or for his claims for compensation and reimbursement under Section 6.7 Expenses by the other HBPC Members or by Navistar, Inc.

7. Navistar claimed to interpret Section 6.7 Expenses in ways that are totally inconsistent with the plan and unambiguous terms of this Section and that thereby create impermissibly severe economic coercion on Mr. Hall.

8. Mr. Hall retained legal counsel, Mr. David Schellenberg, Esquire, to represent him in his capacity as the HBPC Other Member as a means to enforce the Navistar, Inc. obligations owing to him under the Shy Plan terms, especially with respect to Section 6.7 Expenses. Mr. Schellenberg sent a letter dated August 19, 2014 to Mr. Delphey (**Exhibit D**) arguing that there is no over-sight control or pre-approval requirement by the other HBPC Members or Navistar, Inc. for claims made by the HBPC Other Member for compensation and reimbursement under Section 6.7 Expenses. He made demand that Navistar, Inc. pay the statement as submitted.

9. Two months later Mr. Jeffrey Dash. in-house Senior Counsel for Navistar Inc. sent a letter to Mr. Schellenberg dated October 15, 2014 (**Exhibit E**) in response to Mr. Schellenberg's August 19, 2014 letter to Mr. Delphey. In this letter Navistar, Inc. has taken the (final) position that it does not owe any payments to Mr. Hall under Section 6.7 Expenses for any work done by Mr. Hall or for any expenses incurred by Mr. Hall unless he had actual prior approval by the other HBPC Members for doing the work or incurring the expenses.

10. In his letter Mr. Dash asserts that a prior approval requirement was adopted by Motion by the HBPC Members in 2009 under Shy Plan Section 6.2(a) that provides that the HBPC Members have the power to establish "rules" for the conduct of HBPC business. Shy Plan Section 6.2(a) is as follows:

"The Health Benefit Program Committee shall have the powers, rights, and duties consistent with its rights and obligations under this Exhibit A: (a) to adopt rules of procedure consistent with the Health Benefit and Life Insurance Program as it may deem appropriate in its sole discretion in connection with the exercise or discharge of its powers, rights and duties hereunder"

11. Mr. Dash alleges that a transcript he attached to his letter from a 2009 HBPC meeting confirms the existence of the prior approval requirement rule for all

2

payments under Section 6.7 Expenses. In fact the transcript does not support Mr. Dash's allegation at all. While there are words suggesting that a motion was made and acted upon there in fact was no motion actually described or proposed. There is no discussion in this record of the need for prior approval for compensation or reimbursement payments by Navistar under Section 6.7 Expenses nor any reference whatsoever to it or Section 6.2(a). There was simply no rule adopted by the HBPC evidenced by this transcript. The discussion recorded on the transcript was limited to whether a HBPC UAW Member should attend a meeting somewhere and the discussion was about how he would be paid or reimbursed. That HBPC UAW Member (who is not paid compensation for his HBPC work by Navistar under Section 6.7 Expenses) was also a Navistar "liaison" who had another, separate position apart from the HBPC where he provided Shy Plan benefit information to UAW Shy Plan Participants in a particular geographic area for which he was paid by Navistar, Inc. It is impossible to discern from the transcript to know which of his positions the HBPC participants were actually discussing but it probably was about the liaison position because under no circumstances would the HBPC or Navistar, Inc. be authorizing or "pre-approving" compensation for a HBPC UAW Member.

12. By Mr. Dash's letter Navistar Inc. has now agreed to pay Mr. Hall his claimed compensation and expense reimbursement only up to July 18, 2014 when, Navistar asserts, Mr. Hall was made aware of the alleged prior approval requirement rule. Navistar, Inc. has flatly and finally refused to pay any compensation or expense reimbursement (which includes claims for legal fees reimbursement) earned or incurred after July 18, 2014 unless Mr. Hall had first obtained such prior approval. Therefore Navistar, Inc. has agreed to pay for only ten days of the statement covering July 8, 2014 to August 29, 2014.

13. At no time has Navistar, Inc. objected to any line item in Mr. Hall's submitted statements regarding the work performed that he described, any expenses he incurred or the reasonableness of his compensation fee or of any travel expense.

14. Mr. Hall has been advised by Mr. Schellenberg not to seek any prior approvals from other HBPC Members or from Navistar, Inc. as he has assured Mr. Hall that Navistar, Inc. has no authority under the Shy Plan documents to impose prior approval as a requirement and that such a prior approval requirement would: 1.) severely violate the HBPC Other Member's rights under the Shy Plan, 2.) illegally discriminate against the HBPC Other Member as compared to the other HBPC Members and 3.) would constitute unintended and impermissible Navistar, Inc. control over the HPBC Other Member's ability to discharge his HBPC powers and duties and violate his legal rights.

15. The positions taken by Navistar, Inc. have created a severe economic coercion on Mr. Hall's ability to discharge his HBPC Other Member duties and obligations, including his fiduciary duties owed to all Shy Plan participants, including the non-UAW-represented Shy Plan participants whom he specifically represents, and he is effectively left with no means to protect his legal rights as the HBPC Other Member with Navistar's denial of future reimbursement for any legal fees that are incurred by him without Navistar's prior approval.

16. Mr. Hall, through his attorney, has objected to Navistar, Inc.'s interpretation of the Shy Plan provisions and legal argument in a letter dated October 20, 2014 from

Mr. Schellenberg to Mr. Dash (**Exhibit F**). Mr. Schellenberg discusses the issues concerning his representation of Mr. Hall that have been created by Navistar's refusal to reimburse Mr. Hall for his legal bills going forward.

17. Mr. Hall has been advised by Mr. Schellenberg that Mr. Hall appears to have exhausted all administrative remedies provided in the Shy Plan documents for obtaining the compensation and reimbursement owing to Mr. Hall under Section 6.7 Expenses and he has advised him that his only viable option is to seek judicial legal interpretation and enforcement of the Shy Plan from this Court under its retained jurisdiction to interpret and enforce the Shy Settlement Agreement.

18. Mr. Hall files this Motion *pro se* with the Court asking, under the circumstances that he does not have the financial means to retain counsel and litigate these issues as now appear to be necessary, that this Court accept this *pro se* Motion under its retained and continuing jurisdiction over the parties under the Shy Settlement Agreement, Section 15.4, that provides that this Court "will retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of this Settlement Agreement."

19. Additionally or alternatively the Court should accept this Motion to interpret and enforce Shy Plan Section 6.7 Expenses under the inherent powers of the Court relating to its May 7, 2014 appointment of Mr. Hall to the HBPC as the HBPC Other Member pursuant to the Shy Plan Section 6.6 HBPC Other Member.

20. Mr. Hall asserts that he has standing to file this *pro se* Motion under this Court's continuing jurisdiction over himself and Navistar, Inc. pursuant to the Petition filed on his behalf and this Court's Orders relating to his appointment as the HBPC Other Member in order that this Court's Orders are fully enforced against Navistar, Inc.

21. This Motion seeks to have this Court provide the correct judicial/legal interpretation of Section 6.7 Expenses [and, if deemed by the Court to be necessary, Section 6.2(a) ] holding that there is not and cannot be any prior approval requirement imposed by either Navistar, Inc. or by the other HBPC Members and an Order of Enforcement directing Navistar, Inc. to comply with that interpretation and to promptly make payments to the HBPC Other Member for past and future statements submitted by the HBPC Other Member that comply with Section 6.7 Expenses, including but not limited to reimbursement claims for legal representation provided to the HBPC Other Member for legal issues related to HBPC matters for which the HBPC Other Member seeks legal guidance, assistance and legal representation in the discharge of his duties and protection of his rights as the HBPC Other Member.

## ARGUMENT SUPPORTING THE MOTION

22. Jack D. Hall was seated as the HBPC Other Member effective as of May 7, 2014 and immediately began discharging the duties and obligations of the HBPC Other Member by asking that Brian Delphey, HBPC Secretary (and one of the three HBPC Navistar Members and Navistar Associate Director, Corporate Compensation) to provide him with numerous documents such as the Shy Consent Judgment documents, HBPC minutes and transcripts for previous meetings, current HBPC agenda, medical claims appeals and supporting information, et cetera. As these materials were provided Mr. Hall reviewed them and began the process of identifying

4

the issues that were before, or should now be brought before, the HBPC Members for
action.

23. From the date that Mr. Hall was seated as the HBPC Other Member he maintained
detailed records for the time he spent on HBPC matters and for all expenses he
incurred in exercising his powers, duties and rights as the HBPC Other Member.

24. Mr. Hall asserts that his statements for compensation and reimbursement (Exhibits
A and B) conform in all respects to all of the requirements of Shy Plan Section 6.7
Expenses.

25. Mr. Hall maintains that Section 6.7 Expenses provides that:

    a.  Navistar, Inc., and not the HBPC (nor the Shy Plan VEBA Trusts), is
obligated to make Section 6.7 Expenses payments;

    b.  Only the HBPC Other Member is currently entitled to receive compensation
from Navistar, Inc. under sub-Section 6.7(i) and such compensation is limited
only to being charged at a reasonable rate and for activities related to the
HBPC Other Member's HBPC power, rights and duties;

    c.  There is no limitation on the nature of incurred expenses that are to be
reimbursed by Navistar under sub-Section 6.7(ii) as long as they are related to
the discharge of the power, rights and duties of the HBPC member;

    d.  There is no HBPC Members' over-sight responsibility or power whatsoever
for statements presented to Navistar, Inc. for payment of compensation or
reimbursements paid to the HBPC Other Member under sub-Sections 6.7(i) or
6.7(ii);

    e.  There is no discretion provided in Section 6.7 Expenses for Navistar, Inc. to
pay or not pay claimed compensation amounts or to make reimbursements
for incurred expenses (only the rate of compensation and travel expenses
are subject to a "reasonableness" standard and Navistar has not raised an
objection to either);

    f.  Mr. Hall maintains that the $75 per hour compensation he charged is on
the low side of "reasonable" given that the discharge of his duties as the
HBPC Other Member requires in-depth knowledge and experience with
health insurance plans terms and operation relating to structure, coverage and
claims administration, Medicare laws and regulations and ERISA laws and
regulations;

    g.  Navistar, Inc. has no authority whatsoever to dispute or direct the HBPC
Other Member as to which matters he may work on or how much time he is
allowed to devote to them.

    h.  No action taken by HBPC Members pursuant to Shy Plan Section 6.2(a) (or
any other Shy Plan provision) can impose new or different standards, criteria,
over-sight or control over Navistar's obligations to promptly make payments
under Section 6.7 Expenses.

26. Mr. Hall asserts that there is not and cannot be a Navistar, Inc. or other HBPC
Members' prior approval requirement implied in or interpreted to be in the Shy Plan
documents, or created through any HBPC action.

27. Mr. Hall states categorically that the Navistar Inc. intransigence in denying his claims
for compensation and reimbursement under Section 6.7 Expenses has resulted in and

5

will continue to result in economic coercion by severely limiting Mr. Hall's ability properly to discharge his powers, duties and rights as the HBPC Other Member.

28. Mr. Hall has now identified several issues where the Navistar, Inc. in-house attorney has provided Navistar, Inc. and certain of its managers, in its and their capacity and actions as the Shy Plan Administrator, and the HBPC Members with legal opinions that apparently intentionally mis-interpreted provisions of the Shy Consent Judgment documents in order to administer the Shy Plans in ways that wrongfully reduce the retiree health and life insurance benefit plans costs and that create unauthorized burdens on the Shy Plan Participants in the same way that Navistar, Inc. attempted to unilaterally impose the SilverScript prescription drug plan on Shy Plan 2 Participants in 2010.

29. Mr. Hall has initiated a process to compel the other HBPC Members to identify and correct the improper Navistar, Inc. legal interpretations and constructions of the Shy Consent Judgment documents. He clearly will need competent legal counsel to advise him and the other HBPC Members as these issues are addressed by the HBPC Members. Mr. Hall has no independent "deep-pockets" source for the payment for such legal counsel except through the operation of sub-Section 6.7 (ii) reimbursement provisions.

30. The HBPC Navistar Members demonstrate that they have obvious and serious conflicts of interests due to their multiple corporate capacities in their respective Navistar, Inc. employment positions such as Director Health Plans (Mr. Pikelny), Associate Director, Corporate Compensation (Mr. Delphey) and Director Labor (Mr. Morris) as well as serving as HBPC Navistar Members, and in Mr. Pikelny's case signing official Form 5500 filings as the Shy Plan Administrator. As corporate employees they have compelling executive directives and financial incentive pressures to do whatever they (or their bosses) "deem" necessary in order to reduce Navistar's costs without, it is clear, regard to their Shy Plan and ERISA fiduciary duties to act in the exclusive best interests of the Shy Plan participants. Mr. Hall and the other HBPC Members will require competent legal counsel to identify and rectify the issues created by these individual conflicts of interest.

31. The HBPC Navistar Members have demonstrated a propensity to discriminate among Shy Plan Participants in the discharge of their HBPC and corporate position duties to treat union-represented Shy Plan Participants differently than non-union-represented Participants, especially with respect to making legal interpretations and constructions of the Shy Plan documents that improperly reduce or deny the benefits or increase the costs for the non-union-represented Participants. The HBPC Other Member represents the rights and interests of the non-union-represented Shy Plan Participants and the initiatives that Mr. Hall has identified as requiring HBPC action each involve challenging Navistar's self-serving, cost reduction strategies. The refusal of Navistar, Inc. to honor the statements of the HBPC Other Member is clearly an effort to wrongfully limit the HBPC Other Member in his efforts to combat this discrimination and Navistar's cost-avoidance strategies. Mr. Hall will require competent legal counsel to enforce the non-discrimination provisions of the Shy Plan.

32. Mr. Hall is the sponsor of a Motion to the HBPC Members that is currently pending before the HBPC Members with regard to a HBPC Petition seeking final HBPC determinations (without deference to any prior Navistar, Inc. determinations) that

6

class membership in the <u>Shy v. Navistar</u> litigation is not a necessary criterion for Shy Plan eligibility for salaried, non-represented employees and retirees. Navistar, Inc. as the Shy Plan Administrator has denied Shy Plan eligibility to an estimated 2,000 salaried, non-represented employees and retirees based solely on legal opinions by Mr. Dash wrongfully "interpreting" the Shy Plan documents to claim that Shy class membership as of July 1, 1993 is required. Mr. Hall must be able to refute Mr. Dash's legal opinion with an opinion from competent counsel representing the HBPC Other Member (and thereby also representing the legal rights and interests of the salaried, non-union-represented employees and retirees that the HBPC Other Member represents). Similarly, otherwise eligible union-represented employees and retirees have been wrongfully denied Shy Plan eligibility based on other legal opinions from Navistar in-house attorneys for which each of the HBPC UAW Members and the HBPC Other Member will require contrary legal opinions to correct the situation.

33. Movant refers the Court to the "*pro se*" Joint Response signed by and filed by the HBPC Members and their individual counsel (except for the then incumbent HBPC Other Member) in opposition to Mr. Hall's Petition to be seated as the HBPC Other Member (Doc.#459). It is apparent that all HBPC members except the HBPC Other Member have access to (expensive) legal counsel to assist them in the discharge of their duties and obligations and to protect their rights. It would be inequitable discrimination to deny such assistance to the HBPC Other Member.

34. Movant argues that Navistar, Inc. has exercised discretion it does not have under the terms of the Shy Plan to interpret Section 6.7 <u>Expenses</u> in the way described herein. This Court has recently cited the following excerpt from the Opinion of the Sixth Circuit Court of Appeals in the Shy Plan "SilverScript" litigation that applies to the actions of Navistar in denying payment of Mr. Hall's statements (and in "legal" interpretation positions Navistar has taken and is taking in each of the HBPC issues Mr. Hall has identified):

> "Article V further states that Navistar shall perform its duties 'on a reasonable and non-discriminatory basis and shall apply uniform rules to all persons similarly situated.' Thus, although Navistar has the power to construe and interpret the Plan, that power is not discretionary. Therefore, Navistar's interpretations of the Agreement or Plan, and the Manual shall be given no deference." Shy, 701 F.3rd. at 530.

## RELIEF SOUGHT

Wherefore, Mr. Hall moves this Court, under its retained post-judgment jurisdiction over the parties and the Shy Consent Judgment for the interpretation and enforcement of the Shy Consent Judgment, to enter an Order that: 1.) confirms the proper judicial/legal interpretation and application of the terms of Section 6.7 <u>Expenses</u> with regard to Mr. Hall's past-due, current and future statements for compensation and reimbursement as the HBPC Other Member and orders Navistar, Inc. to comply with the terms of Section 6.7 <u>Expenses</u> and promptly pay Mr. Hall the amounts claimed in his statements submitted and to be submitted in the future to Navistar, Inc., including but not limited to, reimbursement claims for legal fees and expenses incurred by Mr.

Hall in obtaining legal counsel that support his duties, rights and obligations as the HBPC Other Member.

Respectfully submitted,

Dated this 23rd day of October, 2014

Jack D. Hall, *pro se*, as the
HBPC Other Member

40 East Ash Street, Suite H
Canton, IL 61520      309.647.8380
jdhallagency@gmail.com

Notice: A copy of this Motion was sent to Navistar, Inc. c/o Mr. Brian Delphey, HBPC Secretary and Navistar Associate Director, Corporate Compensation, 2701 Navistar Drive, Lisle, Illinois 60532 via U.S. Postal Service post-paid mail and by email on the date noted above.

Exhibits: A: Statement dated July 8, 2014
         B.  Statement dated August 29, 2014
         C: Navistar/Delphey letter to Hall dated July 14, 2014
         D: Schellenberg letter to Navistar/Delphey dated August 18, 2014
         E: Dash letter to Schellenberg dated October 15, 2014
         F: Schellenberg letter to Dash dated October 20, 2014

8