Mr. Brian Delphey, Secretary
August 18, 2014
Page 2



Exhibit D Page 1

Participants, are not adequately represented for matters that affect them and that need to be brought before the HBPC for resolution and action.

I intend to take such action as deemed appropriate to insure that Mr. Hall is afforded the rights to which he is entitled under the Shy Plan and ERISA law without improper interference or resistance by Navistar, Inc. or any other HBPC Members.

It appears to be appropriate, therefore, in moving forward to parse Section 6.7 Expenses to determine exactly what compensation/reimbursement is covered or not covered and exactly who and on what basis such demands for compensation and reimbursement can be reviewed, approved or denied. Payment by Navistar, Inc. *upon receipt of a demand* and of detailed supporting documentation of Section 6.7 Expenses is explicit and unambiguous in providing two types of payments to HBPC Members: 1) for *reasonable* compensation for time spent on HBPC *matters* and 2) for *all* out-of-pocket expenses incurred by such Member. As designed the compensation provision ends up covering only Mr. Hall as the HBPC Other Member [and because he is not employed by Navistar (or any Navistar subsidiary; see "Employer" definition) or the UAW]. He is the only currently sitting HBPC Member who is entitled to receive reasonable compensation under Section 6.7 Expenses.

The word "reasonable" used in the first category modifies the word "compensation and clearly refers to the hourly fee rate claimed by a HBPC Member in a billing statement. Mr. Hall has determined and asserts that $75 per hour is a reasonable rate for his time working on HBPC matter as the HBPC Other Member obligations require a very high level of knowledge and experience with regard to healthcare plans, insurance policies, healthcare service provider contracts, medical procedures, CPT coding Medicare policies and ERISA laws, to name a few. If Navistar, Inc. wants to challenge Mr. Hall's compensation rate then Navistar, Inc. should do that directly at this time and we will defend his claim. However, we now state emphatically that there is absolutely no reference to any other oversight, pre-approval or post-approval process related to Section 6.7 Expenses statements by Navistar, Inc. or by other HBPC Members as asserted by Navistar Inc. in your letter to Mr. Hall.

It is critical to note that Section 6.7 Expenses specifies that it is Navistar, Inc. (the "Company") who is obligated to pay Mr. Hall, not the HBPC or any of the Shy VEBA Trusts. Such payments and reimbursements must be paid out of Navistar, Inc. accounts and not from any Shy related trust account. It is therefore equally apparent, in fact and theory, that there is no role for other HBPC Members to play in any pre-approval/post-approval payments or denials of payments since no Shy Plan assets are involved.

With respect to claims for reimbursement for out-of-pocket expenses there is no limitation in Section 6.7 Expenses except with regard to travel expenses which are to be *"reasonable."* With respect to claims for compensation (other than the fee rate must be reasonable) there is no limitation except that the claimed compensation must be for time spent on

Exhibit D Page 2

Mr. Brian Delphey, Secretary
August 18, 2014
Page 3

HBPC *matters*. It is within Mr. Hall's sole discretion to choose what HBPC matters he wants to spend his time on; there is no provision for pre-approval or post-approval by anyone else for what he may work on or for how much time he spends on *any matter* as long as the work is related to his HBPC Other Member obligations and duties. Section 6.7 Expenses claims for compensation are clearly not limited only to time spent at actual HBPC meetings as appears to be Navistar's position in your letter to Mr. Hall. We maintain that the value of Mr. Hall's approach to his new responsibilities is proved out by the results of the time that he spent researching the very complex appeal claim that was discussed at the July 8, 2014 HBPC meeting. The reason the HBPC sends appeal files to the HBPC Members prior to a meeting is so that the Members can do whatever due diligence they feel is necessary to be able to make decisions that comport with the Shy Plan and ERISA law. The HBPC Members' powers, duties, obligations are incredibly broad in scope and nature and relate to venues outside of HBPC meetings and related agenda.

For all of these reasons we hereby demand that Navistar, Inc. reconsider its disapproval of Mr. Hall's recent statement for compensation and reimbursement and of the false assertions about an approval process made in your July 14, 2014 letter to Mr. Hall. Please direct Navistar's response to this letter directly to me with a copy to Mr. Hall. We will react accordingly. Incidentally Mr. Hall has retained us on an hourly fee basis to advise him and represent him in his capacity as the HBPC Other Member; you should expect a claim to be filed by Mr. Hall for reimbursement of those fees.

Thank you for your attention to our demands. We look forward to working this out with Navistar, Inc. and you.

Very truly yours,

David N. Schellenberg

DNS/vsp
514-198
Enclosure
cc: Gregory W. Elliot