

Navistar, Inc.
Law Department
4201 Winfield Road
Warrenville, IL 60555 USA

P : 630-753-5000
W : navistar.com

Exhibit-E   Page 1

Jeffrey L. Dash
Senior Counsel

jeffrey.dash@navistar.com
Phone: 630-753-2328
Fax:    630-753-2261

October 15, 2014

**VIA EMAIL (DSchellenberg@emrslaw.com)**

Mr. David Schellenberg
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, IL 61602

Re: <u>Letter Dated August 19, 2014 (Payment of HBPC Other Member Expenses)</u>

Mr. Schellenberg:

Mr. Brian Delphey, Secretary of the Navistar, Inc. Health and Life Insurance Plan ("Shy Plan") Health Benefit Program Committee ("HBPC") forwarded me your above-referenced letter to him.

Please note that I represent Navistar, Inc. ("Navistar"), and not the HBPC, nor any members of the HBPC. However, as your letter to Mr. Delphey was requesting reimbursement from Navistar for certain matters for HBPC "Other Member" Mr. Jack D. Hall, I am responding to your letter on behalf of Navistar.

Contrary to your assertion that Mr. Delphey's July 14, 2014 letter to Mr. Jack D. Hall "is seriously flawed in several aspects", in fact Mr. Delphey's letter is consistent with the Shy Plan terms and conditions.

One key section of the Shy Base Plan document you failed to cite was Section 6.2(a). That Section provides, in relevant part:

"The Health Benefit Program Committee shall have the powers, rights and duties set forth herein and the following additional powers, rights and duties consistent with its rights and obligations under this Exhibit A: (a) to adopt such rules of procedure consistent with the Health Benefit Program and Life Insurance Program as it may deem appropriate in its sole discretion in connection with the exercise or discharge of its powers, rights and duties hereunder."

As Mr. Delphey explained to Mr. Hall in his July 14th letter, the HBPC exercised the discretion afforded to it by Section 6.2(a) of the Shy Base Plan when it adopted a procedure whereby HBPC members get pre-approval from the HBPC for compensation/expense reimbursement requests outside of scheduled HPBC meetings. Please see attached extract from the September 29, 2009 HBPC minutes. Per Section 6.2(a) of the Shy Base Plan, it is well within the HBPC's authority to adopt such a procedure.

The HBPC's valid adoption of this rule also makes logical sense. Who is in a better position to determine what is valid, reimbursable HBPC member activity than the HBPC itself? And who is in a better position to determine what a reasonable rate of compensation is for the HBPC Other Member than the HBPC itself? Even if Mr. Hall disagrees with this HBPC rule, as a member of the HBPC his recourse is to raise the issue at an HBPC meeting. Section 6.2(a) of the Base Plan gives the HBPC the discretion to adopt the procedure in place, and Mr. Hall is certainly free to discuss the issue with other HPBC members if he does not agree with the HBPC's current validly adopted rule.

However, it is Navistar's understanding from our discussions with Mr. Delphey that Mr. Hall may not have been made aware of the HBPC's pre-approval procedure prior to him submitting his first reimbursement request for the period May 19, 2014 – July 8, 2014. As such, Navistar agrees to reimburse Mr. Hall for the entire reimbursement request for that period of time - $2993.90. In addition, Mr. Hall recently requested compensation for time spent from July 8, 2014 through August 29, 2014. As Mr. Hall was apparently not aware of the HBPC pre-approval rule for reimbursement prior to receiving Mr. Delphey's July 14th letter to him, Navistar agrees to reimburse Mr. Hall for time spent from July 8, 2014 through July 18, 2014. Per Mr. Hall's schedule, Navistar will reimburse Mr. Hall $1481.25 (19.75 hours x $75.00 per hour) for the period July 8, 2014 through July 18, 2014.

As for Mr. Hall's compensation as the HBPC Other Member for time spent after July 18, 2014 and going forward, that is a decision for the HPBC to make pursuant to the pre-approval process it validly put in place under its authority under Section 6.2(a) of the Shy Base Plan.

In terms of the legal expenses your firm incurred representing Mr. Hall, Navistar will pay him the amount of the submitted invoice in the amount of $587.10. However, we do not concede Mr. Hall's personal attorneys' fees are reimbursable under the Shy Settlement Agreement, and we in no way agree to pay for any additional personal attorneys' fees going forward.

Very truly yours,

Jeffrey L. Dash
Senior Counsel

cc: Brian Delphey
Attachment