# ELIAS, MEGINNES & SEGHETTI, P.C.
*ATTORNEYS AT LAW*

JOHN S. ELIAS
BRIAN J. MEGINNES
MICHAEL R. SEGHETTI
TROY N. PUDIK

416 MAIN STREET, SUITE 1400
PEORIA, ILLINOIS 61602-1611
TELEPHONE: (309) 637-6000
FACSIMILE: (309) 637-8514
www.emrslaw.com

DAVID N. SCHELLENBERG
JANAKI NAIR
LANE G. ALSTER
CYNTHIA L. ELIAS, OF COUNSEL

32770-001

October 20, 2014

Jeffrey Dash, Esq.
Navistar, Inc.
Law Department
4201 Navistar Road
Lisle, IL 60555

Re: Payment of HBPC Other Member Expenses

Dear Mr. Dash:

I am in receipt of your October 15, 2014 letter to me concerning your legal interpretations of the Shy Plan relating to Mr. Hall's two statements for compensation and expenses reimbursement as the HBPC Other Member. I am having difficulty making any sense out of your various assertions but we will nevertheless accept those assertions as Navistar, Inc.'s "official" and final positions that:

1. Mr. Hall is required to obtain some sort of prior approval from (all of? a majority of?) the HBPC Members for his future claims for his HBPC Other Member compensation and expenses reimbursement relating to other than his attendance at actual HBPC meetings before any obligation arises for Navistar, Inc. to make such payments under Shy Plan Section 6.7 Expenses; and

2. Navistar, Inc. has no obligation under Section 6.7 Expenses to reimburse legal counsel retained by Mr. Hall to advise him in his capacity as and to protect his rights as the HBPC Other Member for the legal fees and expenses incurred.

Mr. Hall's position and argument against both of these conclusions are fully documented in my August 19, 2014 letter to Mr. Delphey. Your letter utterly fails to address these arguments and authority and you instead only interject a totally irrelevant Shy Plan provision to justify your conclusions.

Jeffrey Dash, Esq.
October 20, 2014
Page 2

      We have long maintained that the HBPC Navistar Members have an inherent and intractable conflict of interests between their HBPC member duties, obligations and personal liability exposures and those for their Navistar corporate positions. HBPC members owe Shy Plan and ERISA fiduciary duties for the exclusive benefit of the Shy Plan Participants which have clearly been shown to be exactly contrary to their primary employment goals as Navistar, Inc. corporate managers to reduce retiree benefit plans costs. You have now further muddled the conflict of interest problems by claiming on the one hand to now be representing only Navistar, Inc. while, in fact, your actions appear to be representing the "HBPC" and one or more of the HBPC Navistar Members. I am aware of the fact that whenever Mr. Pikelny or Mr. Delphey have a "legal" issue arise before the HBPC Members as to the legal interpretation of the Shy Plan documents or with regard to medical coverage issues under the Shy Plan they present those issues to you. You are wearing two hats and you have the same fiduciary duty conflict of interests described above. In this instance you have donned your Navistar, Inc. hat and you are giving Navistar-biased cost savings interpretations to HBPC Members who have conflicting fiduciary duties and obligations and personal liability exposures owing exclusively to the Shy Plan Participants. In this instance your legal advice is also impermissibly <u>discriminatory</u> to Mr. Hall and to the non-UAW-represented Shy Plan Participants who he represents. Under your legal interpretations Mr. Hall is the only HBPC Member who has no legal representation advising him and protecting his rights and he is the only HBPC Member who is being economically coerced to limit his HBPC activities to only what Navistar, Inc. pre-approves.

      Next let me dispense with your attempt to interject Shy Plan Section 6.2(a) into the argument so we are on the record in making objection to it. We do not deny that Section 6.2(a) says what you quote or that the HBPC Members can adopt rules and procedures. We do deny that the HBPC Members can modify the clear mandate of Section 6.7 <u>Expenses</u> with regard to the compensation and expenses reimbursement provisions for the HBPC Other Member. We iterate that Section 6.7 <u>Expenses</u> relates only to Navistar, Inc. payment obligations and they are outside the payment obligations of the Shy base Plan VEBA Trusts. There is therefore no basis or intent for these Navistar, Inc. payments to be subject to review by the other HBPC Members as no Shy Plan assets are affected by such payments. The entire purpose of the HBPC is to provide <u>over-sight</u> to Navistar, Inc. as the Shy Plan Administrator. Obviously the Shy Plan drafters would not permit Navistar, Inc. "over-sight," control (or economic coercion) of the activities of the non-Navistar HBPC Members. If over-sight, prior approval, post-approval et cetera of the HBPC Other Member activities were intended by the drafters they would have to have been described in Section 6.7 <u>Expenses</u> and it is not. The HBPC Members do not have the authority under Section 6.2(a), or any other section, to re-write the rules for the operation of Section 6.7 <u>Expenses</u>. As an aside, we do not see the relevance of the HBPC transcript that you included in your letter to me. There is no reference to Section 6.2(a) and there is not even a recognizable motion described. We most certainly do not see there to have been a Section 6.2(a) "rule" adopted by the dialogue presented. There is simply no "Pre-Approval Process" in place as you have described.

Jeffrey Dash, Esq.
October 20, 2014
Page 3

      Finally, I feel compelled to advise you that I have discussed with Mr. Hall his several options for going forward as the HBPC Other Member under the terms Navistar, Inc. has (wrongfully) attempted to impose. The uncertainty you have created concerning Mr. Hall's reimbursement for attorneys' fees and expenses by Navistar, Inc. will necessarily influence his next actions. I have advised him that under no circumstances should he seek prior approval from the other HBPC Members or from Navistar, Inc. for the activities he chooses to undertake or the related expenses that he incurs going forward as the HBPC Other Member. He will continue to submit his statements for compensation and expenses reimbursement on a regular basis and consistent with Section 6.7 Expenses.

      Due to Navistar's expressed position regarding Mr. Hall's reimbursement for attorney's fees and expenses my future representation of Mr. Hall is now uncertain. Until the situation clarifies Navistar, Inc. should communicate directly with Mr. Hall with regard to his Section 6.7 Expenses claims. If you want to respond to me concerning the content of this letter I would suggest that you address it to Mr. Hall and copy me; Mr. Hall and I will then discuss whether and how I will be involved.

      Very truly yours,

      David N. Schellenberg

DNS/vsp
514-257
cc: Mr. Jack Hall