IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ART SHY, et al., | : | Case No. 3:92-cv-00333-WHR |
| | : | |
| Plaintiffs, | : | (District Judge Walter H. Rice) |
| v. | : | |
| | : | DEFENDANT NAVISTAR'S |
| NAVISTAR INTERNATIONAL | : | MEMORANDUM IN OPPOSITION TO |
| CORPORATION, et al., | : | JACK D. HALL'S *PRO SE* MOTION |
| | : | FOR INTERPRETATION AND |
| Defendants. | : | ENFORCEMENT OF THE SHY |
| | : | CONSENT JUDGMENT, SHY PLAN |
| | : | <u>SECTION 6.7 EXPENSES</u> |

Defendant Navistar, Inc. ("Navistar" or the "Company") submits this memorandum in response to non-party Jack Hall's *pro se* "Motion for Interpretation and Enforcement of the Shy Consent Judgment, Shy Plan Section 6.7 Expenses."[1]  Hall's request for compensation and expense reimbursement is moot.  Navistar has in good faith agreed to pay Hall for all compensation and expenses that have been invoiced as of November 19, 2014, without admitting the legitimacy of those fees and expenses, as described below.  With respect to future requests for compensation and expense reimbursement, Navistar respectfully requests that the Court deny Hall's motion and refer future requests for approval of compensation and expenses to the Health Benefit Program Committee ("HBPC" or the "Committee") in accordance with the HBPC's rules and procedures.  At the HBPC's next meeting – which is scheduled for November 25, 2014 – the Committee can discuss, with Hall's input, procedures regarding compensation and expense reimbursement going forward.

---

[1] By filing this memorandum, Navistar is not waiving its position that all proceedings have been stayed in this matter pending appeal pursuant to the Court's May 7, 2014 Order.  Dkt. Nos. 462, 463.

I.      **INTRODUCTION**

On May 7, 2014, the Court entered an order appointing Hall as the "Other Member" of the HBPC under the Navistar, Inc. Retiree Health Benefit and Life Insurance Plan (the "Plan")[2], which was created by the Settlement Agreement approved and entered by the Court as a Consent Decree in June 1993. Dkt. No. 327. Less than two weeks after his appointment, and with no prior consultation with the other members of the HBPC, Hall began to engage in a broad range of activities that he determined unilaterally to be appropriate, including assisting individual retirees seeking benefits and coverage under the Plan and spending considerable hours working on eligibility coverage appeals that had previously been decided by the HBPC.[3] Hall now demands compensation from Navistar for time spent on these activities, without any independent assessment of whether the activities described in his invoices relate to legitimate Committee business. In addition, he is seeking reimbursement for legal fees he incurred when he unilaterally decided to hire a personal attorney to assist him with his request for compensation. In response, Navistar agreed to pay Hall all requested compensation and expenses (without questioning their validity) before he was made aware of the HBPC's pre-approval process for such matters, and Navistar requested Hall to seek approval for these expenditures from the HBPC going forward. Hall refused, and instead has brought the present motion.

In his motion, Hall asks this Court to "enforce" the Settlement Agreement by issuing a ruling that Hall is entitled to receive payment for time and expenses (including personal legal expenses) that Hall unilaterally deems compensable under Section 6.7 of the Plan, without any

---

[2] The Plan was formerly known as, and is identified in the Settlement Agreement as, the Navistar International Transportation Corp. Retiree Health Benefit and Life Insurance Plan.

3 A recent internet posting by Hall's known associate William Jones (attached as Exhibit A), confirms that Hall's activities are likely not related to Committee business. *See* billyachts, *Motion filed with Judge Rice*, ASSOCIATION OF SHY RETIREES (Oct. 30, 2014), https://groups.yahoo.com/neo/groups/ shyretirees/conversations/messages/119. Jones reported that their expressed intention is to use this motion to open the door for future *pro se* motions to directly challenge the HBPC's eligibility determinations in federal court.

oversight or involvement by the HBPC. Navistar recognizes its obligation under the Plan to provide reasonable compensation and expense reimbursement to certain HBPC members in certain circumstances. In fact, in this case, Navistar proceeded in the best of faith to reimburse Hall for all time and expenses claimed up to the point that Hall was advised of the HBPC's procedures for preapproving his reimbursable time and expenses. Since this motion was filed, Navistar has further agreed to fully reimburse Hall for all time and expenses invoiced as of November 19, 2014, in order to give both Hall and the HBPC an opportunity to discuss the nature of Hall's activities and provide Hall clarity going forward as to which activities are compensable as Committee business under Section 6.7.

However, Navistar contests the notion now advanced by Hall that, as the Other Member of the HBPC, he is entitled to unilaterally determine the scope of his compensable activities with no oversight or accountability whatsoever, even to the point (as further explained below) where the activities may undermine the role of the HBPC and compromise Hall's own role as a Committee member. Navistar respectfully submits that the Consent Decree entered in this case was never intended to create such *carte blanche* entitlement for the Other Member.

Beyond these big-picture considerations, Hall's motion should be denied for several reasons. First, Hall's motion is procedurally improper. He lacks standing to enforce the Settlement Agreement because he is not a party to it. Moreover, there is no provision in the Settlement Agreement that authorizes him to bring this motion. Thus, as a non-party he may not intervene in this lawsuit without first securing leave of Court to do so.

Second, even assuming the motion was properly brought, Navistar submits that the Court should defer this matter to the HBPC. Sections 6.2(a) and (i) of the Plan authorize the HBPC to adopt internal procedures in connection with the discharge of its duties. In accordance with these

provisions, the HBPC has implemented a procedure that requires Hall to obtain prior Committee approval for payment of compensation and expenses under the Plan. This arrangement recognizes that the HBPC is in the best position to determine whether his time or expenses are reasonably related to Committee business, and also gives other Committee members advance notice of Hall's anticipated activities and meetings in the event they may also wish to participate.

For all of these reasons, Hall's motion should be denied.

## II.     RELEVANT FACTS

### A.     The Settlement Agreement and the HBPC

In 1993, Navistar and other affiliated entities entered into a Settlement Agreement with a class of active and retired employees, along with several unions that represented some of the class members. In June 1993, this Court entered final judgment approving the Settlement Agreement as a Consent Decree. Dkt. Nos. 326, 327. The Settlement Agreement created the Plan and the HBPC. The HBPC is comprised of seven members: three members appointed by Navistar, two members appointed by the UAW,[4] one member to represent non-UAW retirees (defined in the Plan as the "HPBC Other Member"), and a final "seventh" member to be appointed by a majority of the other members (the "HBPC Chair").[5]

Section 6.2 of the Plan enumerates authority vested in the HBPC, including the authority to resolve disputes regarding benefits and eligibility determinations.[6] Among other things, the HBPC is responsible for:

---

[4] The UAW refers to the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

[5] The HBPC Chair position is presently vacant.

[6] Article VI of the Plan is attached, for the Court's convenience, as Exhibit B.

4

- "adopt[ing] rules of procedure consistent with the Health Benefit Program and the Life Insurance Program as it may deem appropriate in its sole discretion in connection with the exercise or discharge of its duties" (Section 6.2(a)); and

- "undertak[ing] such other actions as are necessary or appropriate in connection with the exercise or discharge of [its] powers, rights or duties" (Section 6.2(i)).

In addition, the HBPC is authorized in its sole discretion "to engage consultants and other professionals to assist it in the exercise or discharge of its powers, rights and duties" (Section 6.2(g)). The Plan does not contain any provision authorizing individual members to exercise these powers unilaterally.

Individual HBPC members may receive compensation and reimbursement of expenses in accordance with Section 6.7 of the Plan. Specifically, Navistar is responsible for paying individual HBPC members who are not employed by either the Company or the UAW "reasonable compensation for time spent on Health Benefit Program Committee matters." Certain HBPC members, including the HBPC Other Member, are also eligible to receive reimbursement for out-of-pocket expenses "incurred by him in exercising or discharging his powers, rights and duties" under the Plan.

Pursuant to Sections 6.2(a) and (i) of the Plan, in approximately September of 2009, the HBPC implemented an oversight procedure for reimbursement requests. Under this adopted procedure, the HBPC determined that the HBPC Other Member (Hall's current position) must obtain prior approval for reimbursement of compensation and expenses for activities other than scheduled Committee meetings.

B.     Jack Hall's Invoices

On February 28, 2014, William Jones, a retired Navistar in-house attorney who now (via powers of attorney) advocates for a number of individual retirees with their Plan benefits and eligibility disputes, submitted a petition pursuant to Section 6.6 of the Plan to replace John Mindiola with Jack Hall as the HBPC Other Member. Dkt. No. 447. The Court granted the motion and appointed Hall as the HBPC Other Member effective May 7, 2014. Dkt. No. 448.

On July 8 2014, Hall submitted an invoice to the Committee Secretary Brian Delphey for compensation and reimbursement of expenses. The invoice sought compensation for over 30 hours of time spent by Hall between May 19 and July 7 (before he even attended his first Committee meeting) working with individual retirees on their personal benefits and eligibility matters. Hall never discussed any of these activities with other HBPC members before moving forward with them. It is unclear whether the substantial amount of time spent on individual retiree matters were pursuant to his official duties as an HBPC member, or whether he was undertaking a separate role as an advocate or advisor to these retirees outside the scope of his official HBPC duties. On the face of the invoice, there are legitimate questions about whether some of the entries in any way even relate to legitimate Committee business.[7]

On July 14, Delphey sent a letter to Hall informing him that Navistar would reimburse him in the amount of $981.40 for time and expenses incurred attending the HBPC meeting on July 8, but that his requests for compensation and expense reimbursement outside of Committee meetings must be approved by the HBPC in advance pursuant to Committee procedures. On

---

[7] For example, the invoice identifies time spent assisting retiree James Widger with a dependent life insurance matter concerning Widger's daughter who passed away on December 23, 1979, more than 12 years before the Plan was approved. Moreover, the Plan does not even provide dependent life insurance benefits. Similarly, the invoice identifies time spent working on a hearing aid claim for retiree Sandy Oxford, even though hearing aids are a benefit under the separate Supplement Benefit Program. Therefore, at least some portion of the work Hall is choosing to perform is not related to Hall's Committee duties. Copies of the three invoices submitted by Hall to Navistar through November 19, 2014 are attached as Exhibit C.

August 19, Hall's attorney sent Delphey a letter asserting that the HBPC had no authority under the Plan to require prior approval for Hall's compensation and expense reimbursement and that Hall may unilaterally decide the activities and expenditures for which he may be compensated. Thereafter, on September 16, Hall submitted a second invoice to Delphey for time and expenses incurred between July 8 and August 29. Hall subsequently submitted a third invoice for hours worked between September 4 and 25. The second and third invoices collectively include what appear to be more than 10 hours of time spent on appeals that had already been decided by the HBPC at the July 8 meeting and were therefore moot.[8] The second invoice also sought reimbursement for Hall's attorney's fees for preparing the August 19 letter. Again, Hall did not request or obtain approval from the HBPC before incurring the time and expenses listed in the second and third invoices.

On October 15, Navistar, through its counsel, responded to Hall's counsel and explained the terms set forth in Section 6.2 of the Plan, which grants the Committee powers described above. Recognizing that Hall may not have been aware of the HBPC's reimbursement approval procedures for his activities until Delphey's July 14 letter, the Company, without questioning the validity of his requests, agreed in good faith to compensate Hall for all time and expenses claimed by Hall through July 18, 2014. Navistar issued Hall a check in the amount of $3,793.75. As a further demonstration of good faith, Navistar also agreed to reimburse Hall for his attorney's fees and costs incurred preparing the August 19 letter. Finally, Navistar reiterated that, going forward, the Company would not compensate Hall for personal legal expenses.

---

[8] The second and third invoices also include an additional two hours on Widger's dependent life insurance matter.

7

### C. The Instant Motion

Hall's motion to enforce the Settlement Agreement asks the Court enter an order interpreting Section 6.7 of the Plan to mean that the HBPC has no authority to adopt internal procedures governing his compensation and expense reimbursement for Committee matters, and that Hall may unilaterally decide how much and for what activities he will be compensated without any oversight or accountability to anyone. He seeks reimbursement for all time and expenses incurred to date. Hall is also seeking reimbursement for personal legal expenses he incurred advancing his own interpretation of the Settlement Agreement. Navistar has paid all compensation and expenses (including attorneys fees) invoiced by Hall through November 19, 2014.

### III. ARGUMENT

Hall's motion improperly asks this Court to ignore the terms of the Settlement Agreement and decide that the HBPC has no authority to oversee and determine procedures for approving his compensation and expense reimbursement. Put differently, Hall is asking the Court to issue him a blank check from Navistar for as long as he serves on the Committee. This matter should be deferred to the HBPC, which is scheduled to reconvene on November 25, 2014, to give Hall an opportunity to explain the activities for which he seeks compensation and for the HBPC to determine whether those activities fall within the scope of compensable Committee business under Section 6.7 of the Plan. In the meantime, as a demonstration of good faith, on November 19, 2014, Navistar issued Hall a check for all remaining compensation and expenses invoiced through that date in the amount of $3,331.25. By agreeing to make this payment, Navistar does not admit that some or all of the activities in which Hall engaged are compensable under Section 6.7. Instead, the Company merely wishes to give the Committee and Hall opportunity to discuss procedures for approving his reimbursement requests going forward at the next HBPC meeting.

8

Additionally, Hall's motion should be denied for several reasons.  First, as a procedural matter, Hall has no standing or basis to move the Court to interpret or enforce the Consent Decree.  He is not a party to the Settlement Agreement, but instead an individual member of a Committee that was created by the Settlement Agreement.  The Sixth Circuit has consistently and unequivocally held that a non-party lacks standing to enforce a consent decree.  *Aiken v. City of Memphis*, 37 F.3d 1155, 1167-1168 (6th Cir. 1994); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992); *S.E.C. v. Dollar Gen. Corp.*, 378 F. App'x 511, 514-516 (6th Cir. 2010); *Sanders v. Republic Servs. of Kentucky, LLC*, 113 F. App'x 648, 650 (6th Cir. 2004).

Second, Hall is not a party to this lawsuit and therefore cannot request relief from the Court in this matter without filing a motion to intervene and an intervenor complaint pursuant to Federal Rule of Civil Procedure 24.  Unlike Jones's *pro se* petition to appoint Hall, which was expressly authorized by Section 6.6 of the Plan, there is no provision in the Plan that permits Hall to directly petition the Court for relief under the instant circumstances.  For this additional reason, Hall's motion should be stricken as procedurally flawed.

Third, on the merits, Hall's interpretation of the Plan ignores the authority granted to the HBPC under Section 6.2 of the Plan.  The Plan clearly delegates certain powers to the HBPC including the implementation of rules and procedures in connection with the exercise of its duties.  The ability to oversee and regulate Hall's requests for compensation and expense reimbursement fall squarely within these powers.  Section 6.7 of the Plan does not entitle Hall to receive reimbursement for all time and expenses, only time and expenses that are "reasonable" and "spent on [HBPC] matters."  Therefore, Hall's argument that he may unilaterally decide the activities for which he is entitled to receive compensation and expense reimbursement is simply wrong.  Indeed, as further explained above, the invoices submitted by Hall and the recent posting

by Jones raise many questions and doubts about whether the thousands of dollars in compensation and expense reimbursement Hall sought are all recoverable from Navistar under the terms of the Plan. As a practical matter, the HBPC, as opposed to the Court, is in the best position to decide whether Hall's claimed compensation and expenses qualify for reimbursement.

Fourth, Hall's demand for reimbursement of his personal attorney's fees is not supported by the Plan. The Committee – not its individual members – has the authority to retain "consultants and other professionals," including counsel, pursuant to Section 6.2(g) of the Plan, and Section 6.7 expressly excludes reimbursement of fees to the Committee from Navistar for such consultants and professionals. Allowing an individual member to retain his own counsel and charge it to the Company as a Committee-related expense would be wholly inconsistent with these provisions. Moreover, it could create substantial conflicts of interest if the Company is making payments to Hall's private attorney in a manner that is not permitted by the Plan.

Finally, Hall's motion is littered with baseless accusations about the actions and intentions of Navistar and its representatives towards retirees. These inflammatory statements serve no purpose other than to color the Court's opinion and distract the Court from the extreme nature of Hall's request. Because these accusations have no bearing on the present motion, they should be stricken from the record.

For all of the reasons stated above, the Court should deny Hall's motion and refer the matter of Hall's request for compensation and expense reimbursement to the HBPC for further consideration.

        Respectfully submitted,

        s/ David P. Pierce
        David P. Pierce (0061972)
        COOLIDGE WALL CO., L.P.A.
        33 W. First Street, Suite 600
        Dayton, OH 45402
        Phone:  937-223-8177
        Fax:  937-223-6705
        E-mail:  pierce@coollaw.com

        *TRIAL ATTORNEY FOR DEFENDANT NAVISTAR, INC.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone:  312-986-0300
Fax:  312-986-9192

*Admitted Pro Hac Vice as Attorneys for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's CM/ECF.  Parties may access the filing through the Court's system.  A copy of this filing will be forwarded via overnight mail to the following:

Jack D. Hall
40 E. Ash Street, Suite H
Canton, IL 61520

        s/ David P. Pierce
        David P. Pierce

w:\wdox\client\009025\00382\00722407.docx