IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ART SHY, et al., | : | Case No. 3:92-cv-00333-WHR |
| Plaintiffs, | : | |
| v. | : | (District Judge Walter H. Rice) |
| | : | DEFENDANT NAVISTAR'S SUR- |
| NAVISTAR INTERNATIONAL | : | REPLY IN OPPOSITION TO JACK D. |
| CORPORATION, et al., | : | HALL'S *PRO SE* MOTION FOR |
| | : | INTERPRETATION AND |
| Defendants. | : | ENFORCEMENT OF THE SHY |
| | : | CONSENT JUDGMENT, SHY PLAN |
| | : | <u>SECTION 6.7 EXPENSES</u> |

This matter is before the Court on Jack Hall's *pro se* motion to enforce the 1993 Consent Decree. In essence, Hall contends that, as a member of the Health Benefit Program Committee ("HBPC" or the "Committee") of the Navistar, Inc. Retiree Health Benefit and Life Insurance Plan (the "Plan"), he is entitled to unilaterally determine his compensation and expenses for his activities as the HBPC's Other Member with no oversight and no accountability whatsoever.

Defendant Navistar, Inc. ("Navistar" or the "Company") filed a response to Hall's motion on November 20, asserting among other things that Hall's requests for compensation and expenses should be subject to advance review and approval by the HBPC in accordance with reimbursement procedures that had previously been established by the Committee. Recognizing that the Committee's reimbursement procedures were put in place before Hall was appointed to the HBPC, Navistar also proceeded in good faith to pay Hall for all compensation and expenses invoiced as of November 19, 2014.[1] Shortly thereafter, Hall was afforded a full and fair an opportunity to participate in discussions at the November 25 HBPC meeting about how compensation and expense reimbursement requests should be handled going forward.

---

[1] As explained in Navistar's response memorandum, Navistar made these payments without admitting the legitimacy of Hall's fees and expenses.



Unfortunately, Hall refused to engage with the Committee Members on this issue at the November 25 HBPC meeting, and instead filed a reply memorandum full of vitriol and factual misstatements directed at Navistar and its corporate employees and counsel, most of which have no bearing on the central issue presently before the Court – i.e., whether the HBPC has the authority to review and preapprove requests for compensation and expenses by individual Committee members. Navistar respectfully declines the opportunity to address every single falsehood and ad hominem attack advanced by Hall. However, Navistar wishes to draw the Court's attention to a few discrete issues in Hall's reply memorandum that support Navistar's position on why the matter of compensation and expense reimbursement should be deferred to the Committee.

First, Navistar reiterates its position that Hall lacks standing to move to enforce the Consent Decree. Navistar recognizes that Hall is a Shy class member. Nevertheless, Hall's motion for expenses is not presented in his capacity as a class member. Instead, his motion is presented in his capacity as the HBPC Other Member, and is squarely focused on expanding his powers as the HBPC Other Member beyond what the Plan provides. As explained in Navistar's response memorandum, the position of HPBC Other Member was created by the Settlement Agreement, and is not a party to the Consent Decree. Therefore, Hall lacks standing to now move to enforce the Consent Decree.

Second, Hall falsely accuses Navistar of trying to "control" his activities. To the contrary, Navistar's position is simply that there are (and should continue to be) procedures in place to review and determine what activities are compensable as Committee business under the Plan, and that the HBPC – with Hall's participation and input – should decide those procedures going forward. In his reply memorandum, Hall lists a number of activities which he "strongly

believes" should be compensable Committee activities. Hall Reply at 6-7. None of these activities are listed as Committee powers or duties in the Plan. Hall has every right to engage in these activities, but the Plan plainly gives the HBPC authority to decide whether the activities are compensable under the Plan. Plan §§ 6.2(a), (i), Ex. B to Def. Mem. Simply put, matters of compensation and expense reimbursement should be decided by the Committee as a whole and not unilaterally by individual members.

Hall's mischaracterization of HBPC UAW Member Craig Miller's activities illustrates the above point. As Hall points out, Miller attended a UAW retiree meeting on October 14, 2014. Hall Reply at 7. Hall implies that Miller was compensated by Navistar for his attendance at this meeting. Pursuant to the HBPC reimbursement procedures noted above, Miller must obtain prior approval from the HBPC for his Committee-related compensation and expense reimbursement. Miller has never requested or received compensation from Navistar pursuant to Section 6.7 of the Plan for his participation in the October 14 UAW retiree meeting. Hall essentially contends that he should be treated differently than Miller and be compensated for engaging in similar affairs. Hall's attempt to gain preferred treatment is precisely why an oversight procedure is necessary.

Finally, Hall grossly misstates Navistar's position on his request for reimbursement for attorney's fees and expenses. Contrary to Hall's assertions, Navistar has never taken the position that Hall is not entitled to personal legal representation. Like all of the HBPC Members, Hall is free to consult with whomever he chooses. But the Shy Settlement Agreement does not authorize reimbursement for Hall's or anyone else's personal legal expenses under circumstances described in Hall's motion and reply brief. The fact that HBPC Company Members and HBPC UAW Members may have at times sought advice from counsel representing the Company or the

3

UAW, respectively, does not change the terms of the Plan or provide an exception for Hall. Rather, as explained by in Navistar's response brief (Dkt. No. 466), allowing Hall to retain personal counsel at his sole discretion but at the sole of expense of Navistar would contradict the Plan and could create substantial conflicts of interests between Hall, the HBPC and Hall's personal attorney.

For all of the reasons stated above and in Navistar's November 20, 2014 response memorandum, the Court should deny Hall's motion and refer the matter of Hall's request for compensation and expense reimbursement to the HBPC for further consideration.

          Respectfully submitted,

          COOLIDGE WALL CO., L.P.A.


          s/_____
          DAVID P. PIERCE (0061972)
          33 W. First Street, Suite 600
          Dayton, OH 45402
          Phone: 937-223-8177
          Fax: 937-223-6705
          E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR DEFENDANTS NAVISTAR INTERNATIONAL CORPORATION, ET. AL.*

OF COUNSEL:
David P. Radelet
Sally J. Scott
William R. Pokorny
Abizer Zanzi
FRANCZEK RADELET P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
Phone: 312-986-0300
Fax: 312-986-9192

*Admitted Pro Hac Vice as Attorneys for Defendant Navistar, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on December ___, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF. Parties may access the filing through the Court's system. A copy of this filing will be forwarded via regular U.S. mail to the following:

Jack D. Hall
40 E. Ash Street, Suite H
Canton, IL 61520

                                                s/ _____

w:\wdox\client\009025\00382\00726289.docx