UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, *et alii*, including Jack D. Hall,
    Plaintiffs

vs.

Case No. C-3:92 cv 333

Judge Walter H. Rice

NAVISTAR, INC. *et alii*,

    Defendants

**MEMORANDUM IN OPPOSITION TO**

**NAVISTAR MOTION RE SURREPLY**

---

**HALL MEMORANDUM IN OPPOSITION TO NAVISTAR'S MOTION FOR LEAVE
TO FILE A SURREPLY**

Jack D. Hall moves *pro se* to object to Navistar's Motion for Leave to file a Surreply in Opposition ("Navistar Motion" Doc.# 468) with regard to Jack D. Hall's Motion for Interpretation and Enforcement of the Shy Consent Judgment ("Hall Motion," Doc. #464). In opposition to the Navistar Motion Jack D. Hall states as follows:

1. The Navistar Motion was filed clearly only to create unnecessary delay in the Court's consideration of the Hall Motion. The Hall Motion is highly time-critical with regard to a number of important issues currently pending before the Health Benefit Program Committee ("HBPC") for resolution. Navistar's attempted and improper imposition of an over-sight or pre-approval control over the compensation and expense reimbursement, that Navistar is required to pay to Mr. Hall as the HBPC Other Member, has already severely limited Mr. Hall's ability to properly discharge his HBPC Other Member duties and has already severely impacted his legal and financial rights under the Shy Plan documents. Any delay in this Court's consideration of the Hall Motion serves to exacerbate the damages being done and serves Navistar's clear intent to limit Mr. Hall's ability to provide the over-sight of Navistar as the Shy Plan Administrator that is the central mandate for the HBPC under the Shy Plan documents.
2. The proposed Navistar Surreply contains no new facts or arguments that would inform the Court.

In the event that this Court grants the Navistar Motion and accepts the filing of the Navistar Surreply Mr. Hall requests that this Court consider the following points in opposition to the contents and assertions made by Navistar in the Navistar Surreply:

1

1. The proposed Navistar Surreply continues the false factual assertion that there was a Motion made and adopted by the HBPC in 2009 to impose prior approval for the activities and claims for compensation and expense reimbursement of the HBPC Other Member. Navistar has totally evaded a discussion of or offered an argument against a primary assertion of Mr. Hall in the Hall Motion and in the Hall Reply that there simply was no such motion ever made or adopted by the HBPC.

2. With regard to Mr. Hall's standing to maintain the Hall Motion Navistar now admits that Mr. Hall is a party to the Shy Consent Judgment but denies that this Court has jurisdiction over Mr. Hall as the HBPC Other Member. Navistar's continuing denial of standing in the Navistar Motion and Surreply ignores the reality of the fact that this Court accepted the Hall Petition to be seated on the HBPC, made a determination that Mr. Mindiola, the then incumbent HBPC Other Member, had inadequately served the Shy Plan participants, found Mr. Hall qualified and issued an Order immediately seating him as the HBPC Other Member. Mr. Hall had standing and this Court assumed jurisdiction over him. When one considers that some other group of non-UAW represented Shy Plan participants could file a new Petition to replace Mr. Hall as the HBPC Other Member with evidence that Mr. Hall was not adequately representing the non-UAW represented Shy Plan participants it is readily apparent that this Court retains continuing jurisdiction over Mr. Hall as the HBPC Other Member and has the power to remove him. Mr. Hall thereby clearly has continuing standing before this Court to maintain the Hall Motion.

3. The Navistar Motion introduces the events of the November 25, 2014 HBPC meeting where Navistar had pre-announced that it was going to "explain" to Mr. Hall the operation and details for the prior approval process as a "new" issue that allegedly justifies its determination to file the Surreply. The letter to Mr. Dash (Navistar in house attorney) from Mr. Hall's attorney (Doc#464, Exhibit F) referenced the Navistar intent to discuss and enforce the prior approval scheme and made it clear that Mr. Hall would not take part in any such discussions with Navistar or the other HBPC members until this Court ruled on the Hall Motion. The Hall Reply referenced this meeting, Navistar's intent to discuss the issues and Mr. Hall's notice that he would not discuss the issues at this meeting.

4. In the Navistar Motion Navistar's outside attorneys repeat their unsubstantiated claims that Mr. Hall's Motion and Reply contain "new false assertions and accusations directed at Navistar and its corporate employees and counsel" (Doc.#468 p.2). Hall provided "evidence" for these assertions and accusations in the Hall Reply. Navistar has provided no contrary evidence or argument to dispute those facts. This Court therefore has been provided with the proof of these assertions and accusations and may therefore arrive at its own conclusions as to their truth or falseness.

5. The Navistar Surreply claims that Mr. Hall "falsely accuses" Navistar of trying to control his activities (Doc.468 p.2). Nothing could possibly be more clear than the fact that Navistar is intentionally attempting to impose unauthorized and overtly misconstrued over-sight and prior approval limitations over Mr. Hall's compensation as a means to control his activities. Navistar has made it abundantly clear that it will not compensate Mr. Hall for his work on Shy Plan eligibility issues currently pending before the HBPC or reimburse Mr. Hall for legal counsel needed by Mr. Hall to combat the gerrymandered legal opinions from Mr. Dash that have been foisted on the HBPC members. The Navistar Surreply now takes this nonsense a step further and claims that none of the

several Hall activities discussed in the Hall Motion and Hall Reply are compensable as HBPC powers under Section 6.2 <u>Committee Powers</u>. This conclusion is totally inconsistent with the plain meaning and clear general intent of Section 6.2 <u>Committee Powers</u>. Sub-section 6.2(b) gives HBPC members the power to resolve disputes (in its sole discretion) over Shy Plan eligibility determinations made by Navistar as the Shy Plan Administrator; such disputes are currently Mr. Hall's top priority and he has a Motion pending with the HBPC in support of a HBPC Petition seeking eligibility determinations affecting up to 2,000 retirees. Sub-section 6.2 (g) empowers HBPC members to engage such consultants <u>and other professionals</u> to assist it in the exercise or discharge of its powers, rights and duties hereunder as it may deem appropriate in its sole discretion. And sub-section 6.2 (d) empowers the HBPC members to bring to the attention of the Shy Plan Administrator such administrative problems under the Shy Health Benefit Program of which it has knowledge as it may deem appropriate in its sole discretion. The HBPC is a "committee" of HBPC members and each of the individual committee members have all of the powers and rights described for the HBPC.

6. The Navistar Surreply asserts that Mr. Hall has "mischaracterized" Mr. Miller's activities in attending and speaking about HBPC matters with UAW Local 402 retirees on October 14, 2014 and claims that Mr. Hall implied that Mr. Miller was compensated by Navistar for this attendance. Mr. Hall objects to the Navistar discussion on the basis that he knows that Mr. Miller is not compensated for his HBPC activities under Section 6.7 <u>Expenses</u> although he could seek reimbursement from Navistar for his expenses. Mr. Hall's point in this discussion is that Mr. Miler did not seek HBPC prior approval for his attendance under any HBPC prior approval process (that Navistar continues to argue was in place for all HBPC Members <u>since 2009</u>). There is no discussion in the transcript from the immediately preceding HBPC meeting where Mr. Miller seeks or obtains an approval from the other HBPC members to attend and speak at this meeting. In point of fact it was a discussion about Mr. Miller's intent to attend some other meeting in 2009 that was the subject of the transcript produced by Mr. Dash (Doc#464, Exhibit E) by which Mr. Dash (improperly) argued that such a prior approval process was established by a HBPC motion. Clearly Mr. Miller does not believe that there is a prior approval process in place. Mr. Hall reasserts that he believes that Navistar's claims that a prior approval process actually exists is simply fraudulent.

7. Mr. Hall will not reargue why a prior approval process cannot legally be imposed under a Section 6.2 (a) HBPC action as Navistar has not challenged Mr. Hall's argument made in the Hall Motion to Enforce and Hall Reply that a Section 6.2 (a) action must be consistent with the other Shy Plan provisions and cannot be used to add additional, inconsistnet limitations to Section 6.7 <u>Expenses</u>.

8. Navistar has not explained why Mr. Hall's compensation and expense reimbursement claims against Navistar would be any business for the other HBPC members since no Shy Plan assets are being claimed.

For all the reasons stated above Mr. Hall asserts that the Navistar Motion should be denied by this Court to prevent further unnecessary delay in this Court's consideration of the Hall Motion. However, if no additional delay is anticipated Mr. Hall has no objection to the Court allowing the filing of the Navistar Surreply provided that it also takes into consideration Mr. Hall's objections to its contents as described herein, in the Hall Motion and in the Hall Reply.

3

Respectfully submitted,

Dated this 16th day of December, 2014

*Jack D. Hall*

Jack D. Hall, *pro se*, as the
HBPC Other Member

40 East Ash Street, Suite H
Canton, IL 61520      309.647.8380
jdhallagency@gmail.com

I hereby certify that a copy of this Memorandum was sent via regular U.S mail to Navistar, Inc.
c/o Mr. Brian Delphey, HBPC Secretary and Navistar Associate Director, Corporate
Compensation, 2701 Navistar Drive, Lisle, Illinois 60532 on November 25, 2014 and that a
paper-filing was sent via Federal Express to the Clerk of the Court for filing and posting on the
Court's CM/ECF on December 16, 2014.

*Jack D. Hall*

Jack D. Hall