IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, *et al.*,

    Plaintiffs,

    v.

NAVISTAR INT'L CORP., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:92-cv-333-WHR

JUDGE WALTER H. RICE

---

ENTRY AND ORDER OVERRULING *PRO SE* MOTION FOR RECONSIDERATION OF THE COURT'S ENTRY AND ORDER OF JUNE 30, 2016, OR, ALTERNATIVELY, A NEW MOTION TO FILE PETITION TO APPOINT OR REPLACE TWO SHY PLAN HBPC OTHER MEMBER ALTERNATES OF THE HEALTH BENEFIT PROGRAM COMMITTEE (DOC. #489)

---

Before the Court is William W. Jones's ("Jones") *Pro Se* Motion for Reconsideration of the Court's Entry and Order of June 30, 2016, or, Alternatively, a New Motion to File Petition to Appoint (or Replace) Two Shy Plan HBPC Other Member Alternates ("OMAs") of the Health Benefit Program Committee ("HBPC") ("Motion"). Doc. #489. Jones is a member of the Plaintiff class and a beneficiary of the Navistar International Transportation Corporation ("Navistar") Retiree Health Benefit and Life Insurance Plan ("Plan" or "Shy Plan"). The Plan was created by the settlement agreement approved by this Court on June 8, 1993, which terminated the above-captioned class action. Doc. #327. Article VI of the Plan authorized the creation of the HBPC, and required the appointment of one "Other Member" as a representative of Plan participants who, like Jones, were not represented by the United Auto Workers

("Non-UAW Participants"). Section 6.6 of the Plan required the appointment of two OMAs, one of whom would become the Other Member "[i]n the event of the death, incapacity or resignation of the HBPC Other Member." Doc. #481-2, PAGEID #3098. Additionally, in the event of death, resignation or incapacity of one of the OMAs, "his successor shall be appointed by a majority vote of such HBPC Other Member Alternate (if he is not deceased or incapacitated), the other HBPC Other Member Alternate, and the HBPC Other Member." Id., PAGEID #3099. Finally, section 6.6 provided that the Other Member and OMAs "may also be replaced by the Court upon petition signed by not less than 50 Participants who are Non-Represented Employees, . . . for failure adequately to [sic] represent the Participants." Id.

The current Motion is Jones's second attempt to replace the current OMAs, Philip Herzog ("Herzog") and Shirley Jacobs ("Jacobs"), with John N. Stiso ("Stiso") and himself. On December 11, 2015, Jones filed a motion seeking the Court's leave to file a Petition to Appoint (or Replace) the Shy Plan Two "HBPC Other Member Alternates" for the Health Benefit Program Committee ("Petition") ("December, 2015, Motion"). The Petition was authored by Jones and Stiso, and signed by 158 Non-UAW Participants. Doc. #481-1. The Petition claimed that Jones and Stiso were unable to identify the OMAs, and were "unaware of any activities . . . that could be attributed to them as representing the Shy Plan Non-UAW Represented Participants[,] much less as 'adequately' representing them." Id., ¶ 5, PAGEID #3065. However, Brian Delphey ("Delphey") and Dan Pikelny, two of the three HBPC members representing Navistar ("Company Members"), filed a memorandum contra, in which they identified Herzog and

2

Jacobs as the OMAs, and stated that they have been the OMAs continuously since the creation of the HBPC. Doc. #483, PAGEID #3102, 3106; Doc. #483-2, PAGEID #3110.

The Court held that the December, 2015, Motion was premature, because Jones and Stiso had failed to "articulate some concrete manner in which the OMAs have failed to represent the Non-UAW Participants adequately." Doc. #488, PAGEID #3146. The Court noted that it was undisputed that "Herzog and Jacobs have never had the opportunity to represent the Non-UAW Participants at all, much less inadequately." *Id.*, PAGEID #3147. Accordingly, the Court overruled the December, 2015, Motion.

In the current Motion, Jones states that he contacted Jacobs and Herzog, both of whom supposedly told Jones that they were unaware that they were OMAs, had no desire to serve in such a capacity, and intended to resign their positions. Doc. #489, PAGEID #3149-50. Jones claims that Jacobs and Herzog would be mailing their resignation letters to Delphey and Jack Hall ("Hall"), the current HBPC Other Member, immediately, and that their resignations "clear[] the way" for the Court to appoint Jones and Stiso as the replacements for Jacobs and Herzog, respectively. *Id*. Thus, Jones argues, the Court should either reconsider its June 30, 2016, entry or, in the alternative, "accept this Motion as a renewed Motion to File [the previous Petition]." *Id.*, PAGEID #3150.

Jones's Motion suffers from several defects. <u>First</u>, a motion to reconsider is not the proper vehicle for the relief sought. While a district court may, upon good cause shown, modify, reopen or rescind orders, it usually does so under one or more of the following circumstances: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*

3

*v. Tenn. Laborers Health & Welfare Fund*, No. 02-5601, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 950, 955 (N.D. Ohio 1998)) (common circumstances under which motions to reconsider interlocutory orders are sustained). Jones does not argue that the first or third circumstance is present. Nor does he attach Herzog and Jacobs's alleged letters of resignation; rather, he merely states that Herzog and Jacobs told him that they would be sending their resignation letters immediately. Jones offers no evidence that would compel the Court to reconsider its previous Entry.

Second, even treating the current Motion as a properly renewed motion for leave to file a petition, the Court notes that it may lack jurisdiction to grant the relief requested. "Section 15.4 of the Settlement Agreement provides that this Court will retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with . . . this Settlement Agreement." Doc. #448, PAGEID #2413 n.1 (emphasis added) (internal quotation marks omitted). At present, there is no evidence that Herzog and Jacobs have formally resigned, and no party has formally objected to their resignations. Thus, there appears to be no dispute regarding the Settlement Agreement for the Court to adjudicate. Moreover, whereas Section 6.6 expressly requires the Court's approval when, as in the December, 2015, Motion, movants are seeking to replace the OMAs due to alleged inadequate representation, Doc. #481-2, PAGEID #3099, Section 6.6 does not appear to require—or even permit—Court involvement in replacing OMAs in the event of resignation. Rather, as discussed above, the OMAs are to be replaced by majority vote of Hall, Herzog and Jacobs. *Id*. Further, Jones does not claim that there is another provision of the Settlement Agreement or Plan that would provide this Court

4

with jurisdiction to grant the relief sought in his Motion.[1] Nor does he cite any legal authority suggesting that the Court has jurisdiction.

Third, even assuming *arguendo* that Jones, under Section 6.6, is seeking to replace Herzog and Jacobs due to allegedly inadequate representation, the present Motion still fails. Jones concedes that Herzog and Jacobs have never been called upon to serve in their capacity as OMAs, Doc. #489, PAGEID #3149-50, and the alleged statements by Herzog and Jacobs that they were unqualified to serve as OMAs, *id.*, do not constitute evidence of inadequate representation. For the same reason as the December, 2015, Motion, the present Motion is premature.[2]

Accordingly, William W. Jones's *Pro Se* Motion for Reconsideration of the Court's Entry and Order of June 30, 2016, or, Alternatively, a New Motion to File Petition to Appoint (or Replace) Two Shy Plan HBPC Other Member Alternates of the Health Benefit Program Committee is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[1] In their briefing for the December, 2015, Motion and the current Motion, the parties did not provide the Court with any portion of the Settlement Agreement or Plan (other than those pages containing Section 6.6 of the Plan).

[2] Jones claims that the Court, in its Order overruling the December, 2015, Motion, held "that Section 6.6 requires a showing of inadequate representation by the incumbent OMA's and finds that Jones and Stiso failed to make, and never can make[,] that showing." Doc. #489, PAGEID #3149. The Court did not hold that Jones and Stiso could never make a showing of inadequate representation. Rather, the Court stated that there had to be the opportunity for Herzog and Jacobs to act in their capacities as OMAs prior to a determination that they had represented the Non-UAW Participants inadequately. Doc. #488, PAGEID #3147.

5

Date: July 15, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE