IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, *et al.*,

    Plaintiffs,

v.                            Case No. 3:92-cv-333

                                        JUDGE WALTER H. RICE

NAVISTAR INT'L CORP., *et al.*,

    Defendants.

---

DECISION AND ENTRY OVERRULING *PRO SE* MOTION OF JACK HALL, OTHER MEMBER OF HEALTH BENEFIT PLAN COMMITTEE, FOR ENFORCEMENT OF THE SETTLEMENT AGREEMENT AND CONSENT JUDGMENT (DOC. #503)

---

Pending before the Court is the *Pro Se* Motion of Jack D. Hall ("Hall" or "Other Member"), Other Member of the Health Benefit Program Committee ("HBPC"), for Enforcement of the Settlement Agreement and Consent Judgment ("Motion"). Doc. #503. Hall is a member of the Plaintiff class and is a beneficiary of the Navistar International Transportation Corporation ("Navistar") Retiree Health Benefit and Life Insurance Plan ("Plan"), a creation of the Settlement Agreement approved by this Court as part of a Consent Judgment on June 8, 1993. Doc. #327. Under the Plan, Navistar became the Plan Administrator and Named Fiduciary. Doc. #507-1, § V, PAGIED #3629. As Plan Administrator, Navistar was responsible for "constru[ing] and interpret[ing] the Health Benefit program and the Life Insurance Program" and "decid[ing] all questions of eligibility under such programs[.]" *Id.*, § V(b), PAGEID

#3630. If a claimant disagrees with a benefits eligibility decision, then she may petition Navistar for reconsideration. If a claimant's petition is unsuccessful, then she may appeal to the HBPC. Doc. #507, PAGEID #3587 (citing Doc. #507-1, § 6.2(b), PAGEID #3632; Doc. #507-2, PAGEID #3655). For the purpose of benefit eligibility appeals, the HBPC is a six-member committee, comprised of three individuals representing Navistar, two individuals representing retirees who were members of the United Auto Workers ("UAW"), and one "Other Member," who represents retirees who were not members of the UAW. Doc. #507-1, §§ 6.1, 6.6, PAGEID #3631, 3637. By majority vote, the HBPC renders a final decision on a claimant's eligibility for benefits. Doc. #507-1, §§ 6.4(b),(f), PAGEID #3635, 3636-37.[1]

In the Instant Motion, Hall argues that Navistar has created fraudulent criteria for benefit eligibility that resulted in at least fourteen non-UAW claimants being denied Plan benefits, and has impeded his "ability to discharge his HBPC Other Member duties in representing the rights of . . . the salaried, non-UAW retirees." Doc. #503, ¶ 4, PAGEID #3501. Hall seeks a declaratory judgment "finding that Navistar representatives and HBPC Navistar Members improperly interfered with the HBPC Other Member's rights, duties and obligations[.]" *Id.*, ¶ 7. He also seeks injunctive relief that would: (a) compel Navistar and the HBPC to enforce certain eligibility criteria set forth in the Settlement Agreement and elsewhere, *id.*, ¶ 8, PAGEID #3501-02; and (b) "invalidate all Navistar HBPC Plan eligibility denial determinations that were made using [improper] criteria[,]" and to enroll in the Plan all retirees who were "wrongfully denied Plan benefits

---

[1] The HBPC has a seventh member who serves as the chairperson, but casts a vote on eligibility determinations only if there is a tie vote among the other HBPC members. Doc. #507-1, § 6.4(e), PAGEID #3636.

2

retroactively to their respective dates of retirement[.]" *Id.*, ¶ 9, PAGEID #3502. For the reasons set forth below, Hall's Motion is OVERRULED.

I. **SUBJECT MATTER JURISDICTION**

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (citing Fed. R. Civ. P. 12(b)(1). "[T]he party invoking federal jurisdiction has the burden to prove that [subject matter] jurisdiction [exists]." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). If the Court determines that it lacks jurisdiction over certain claims, then it must dismiss those claims. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (quoting *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)) ("parties cannot waive the requirement of subject matter jurisdiction.").

The Settlement Agreement vests in this Court continuing jurisdiction "to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of this Settlement Agreement, <u>except for disputes relating solely to eligibility or entitlement to benefits hereunder</u>." Doc. #498-1, § 15.4, PAGEID #3239 (emphasis added). Thus, before addressing the merits of Hall's Motion, we must first determine whether the gravamen of the Motion is disputes over benefit eligibility. Further, the parties due not dispute that the benefit plan at issue is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which completely pre-empts any state-law cause of action. *Aetna Health, Inc. v.*

3

*Davila*, 542 U.S. 200, 209-10, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Thus, if any part of the relief sought in Hall's Motion could have properly been raised under ERISA as a claim for benefits, 29 U.S.C. § 1132(a)(1)(B), or for injunctive relief, 29 U.S.C. § 1132(a)(3), then it must be construed as such.

**II.  ANALYSIS**

Hall concedes that his Motion pertains at least in part to benefit eligibility, Doc. #503, ¶ 14, PAGEID #3504, and despite his protestation that "[t]his Motion to Enforce does not seek individual eligibility determinations by the Court[,]" *id.*, ¶ 20 PAGEID #3505, he "seeks a Court Order to invalidate all Navistar and HBPC Plan eligibility denial determinations that were made using [improper] criteria." *Id.*, ¶ 9, PAGEID #3502. Thus, to the extent that the Motion pertains to the eligibility of the fourteen non-UAW applicants, whose benefit claims were denied in October 2016, or the eligibility of anyone else whose interest Hall represents on the HBPC, it must be overruled.

While Hall argues that he is not asserting any ERISA claim in his Motion, he also claims that the HBPC's benefits determination process was tainted by false information allegedly given by Navistar representative Brian Delphey ("Delphey") to the other HBPC members, prior to voting on the non-UAW applicants' claims. Doc. #508, PAGEID #3660. Even if Hall's claim is true, and Delphey violated the Settlement Agreement in doing so, such violation pertains directly to benefit determinations, and thus, is either: (a) outside of this Court's continuing jurisdiction; or (b) properly raised as an ERISA claim by an individual claimant who was prejudiced by Delphey's violation.

4

Hall argues that Navistar is interfering with his "ability to discharge his HBPC Other Member duties to represent the non-UAW-represented employees'/retirees' rights under the Settlement and Plan[,]" Doc. #503, ¶ 4, PAGEID #3501, and that he is asking the Court for nothing more than enforcement of the plain language of sub-section 6.2(b), which requires the HBPC to "apply the terms of the Existing Plans in a manner consistent with the prior interpretations of the Existing Plans by the Company[.]" Doc. #498-1, § 6.2(b), PAGEID #3267; Doc. #508, PAGEID #3659. Yet, the purpose, makeup and structure of the HBPC dictate that the interests of non-UAW members must be balanced against those of Navistar and UAW members.[2] Indeed, the claims for benefits of the fourteen non-UAW members and Hall's motions to change the eligibility criteria were rejected by the HBPC by all five Navistar and UAW representatives.

Further, Hall fails to explain how the HBPC's recent interpretations of the benefit plans differ from their previous interpretations and implementations. Finally, to the extent he is attempting to prevent ongoing harm for the more than 1,000 non-UAW members he represents, his proper course of action is to file a motion for injunctive relief under 29 U.S.C. § 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489, 510, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Even if the Court were to construe Hall's Motion as one seeking injunctive relief under ERISA, Hall has presented no properly authenticated evidence, much less evidence that would demonstrate how Navistar or the HBPC violated the Settlement Agreement, such that injunctive relief would be proper. Accordingly, Hall's Motion must be overruled.

---

[2] No one group (Navistar, UAW and non-UAW) may bind the HBPC to a particular interpretation of eligibility criteria without the agreement of at least one member from one of the other groups. Doc. #498-1, § 6.4(b), (e), PAGEID #3268, 3269.

### III. FUTURE MOTION PRACTICE MUST COMPLY WITH LOCAL RULE 83

The Court notes that William O. Jones, Jr. ("Jones"), a non-UAW retiree upon whose motion Hall was installed on the HBPC as the Other Member, Doc. #447, 461, and who has unsuccessfully moved to be installed as an Other Member Alternate, Doc. #487-490, represented the fourteen non-UAW members before the HBPC in the appeals of their denials. Doc. #507, PAGEID #3592 n.3. Further, Jones signed the Motion's Certificate of Service, Doc. #503, PAGEID #3519. Finally, Navistar argues, and Hall does not dispute, that Jones was an attorney, and although he no longer has an active license, appears to be "collaborating with Mr. Hall on his present motion[.]" Doc. #507, PAGEID #3592 n.3. Indeed, Jones appears to have provided information to Hall, which the latter included in his (ostensibly *pro se*) reply memorandum. Doc. #508, PAGEID #3656 n.1.

If Jones wishes to write or contribute to any future motions filed by Hall, then pursuant to Local Rule 83, he must: (1) reactivate his license to practice law, if necessary; (2) associate with counsel admitted to practice before this Court. Moreover, said local counsel must be designated as trial attorney and sign all papers filed with this Court; and (3) move for admission to this Court *pro hac vice*. S.D. Ohio L.Civ.R. 83.

### IV. CONCLUSION

For the foregoing reasons, Hall's Motion for Enforcement of the Settlement Agreement and Consent Judgment, Doc. #503, is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 19, 2017

_[signature]_
WALTER H. RICE
UNITED STATES DISTRICT JUDGE