IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ART SHY, et al.,

  Plaintiffs,

  v.

NAVISTAR INTERNATIONAL
CORPORATION, et. al.,

  Defendants.

: Case No. 3:92-cv-0333

: JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING THE REQUEST TO THE COURT OF THE HEALTH BENEFIT PROGRAM COMMITTEE ("HBPC") TO RESOLVE THE FOLLOWING ISSUES: (1) WHETHER WILLIAM W. JONES WAS PROPERLY SEATED AS AN OTHER MEMBER ALTERNATE OF THE HBPC IN 2016-2017 AND IS THE OTHER MEMBER OF THE HBPC; AND WHETHER IF THE ANSWER TO THE FIRST INQUIRY IS "NO," (2) THE HBPC HAS AUTHORITY TO CONDUCT REGULAR BUSINESS (DOC. #581-2); AND FINDING THAT (1) WILLIAM W. JONES WAS NOT PROPERLY SEATED AS AN OTHER MEMBER ALTERNATE OF THE HBPC IN 2016-2017 AND IS NOT THE OTHER MEMBER OF THE HBPC; AND (2) THE HBPC HAS AUTHORITY TO CONDUCT REGULAR BUSINESS; THE SECRETARY OF THE HBPC IS ORDERED TO SEND THIS DECISION AND ENTRY BY REGULAR MAIL AND/OR EMAILTO ALL NON-UAW RETIREES ALONG WITH THE ATTACHED NOTICE OF VACANCY FOR THE POSITIONS OF THE OTHER MEMBER AND THE OTHER MEMBER ALTERNATES AND A SEPARATE COPY OF THE NOTICE ITSELF NO LATER THAN THE CLOSE OF BUSINESS ON OCTOBER 14, 2021; THE SECRETARY IS FURTHER ORDERED TO SEND TO ANY PERSON INTERESTED IN APPLYING FOR THE POSITION OF OTHER MEMBER OR OTHER MEMBER ALTERNATE THE LAST KNOWN STREET OR EMAIL ADDRESS FOR ALL NON-UAW RETIREES WITHIN TWO BUSINESS DAYS OF THE REQUEST; ALL SIGNED PETITIONS FOR THE POSITIONS OF OTHER MEMBER AND OTHER MEMBER ALTERNATES TO BE SUBMITTED TO THE COURT BY

REGULAR U.S. MAIL OR EXPRESS MAIL ON OR BEFORE THE
CLOSE OF BUSINESS ON NOVEMBER 15, 2021

Pending before the Court is a dispute concerning the membership of the Health Benefit Program Committee ("HBPC"), a creation of the Settlement Agreement approved by this Court on May 27, 1993, Doc. #324, with a final judgment filed adopting it as a Consent Decree on June 8, 1993. Doc. #327. Under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), the HBPC is a fiduciary of the Navistar International Transportation Corporation Retiree Health Benefit and Life Insurance Plan ("the Base Plan"). Pursuant to Article VI, Section 6.1 of the Base Plan, the HBPC consists of seven members: three "Company Members," appointed by Navistar, also a fiduciary and Plan Administrator, two "UAW Members," appointed by the UAW, and one "Other Member," appointed to represent non-UAW retirees. Doc. #343-3, PageID#210-215. The final member, the HBPC Chair, is appointed by a majority of the HBPC members.[1]

On August 13, 2021, a letter signed by "William W. Jones ("Jones"), HBPC Other Member," dated August 12, 2021, was filed. Doc. #580. Although the

---

[1] Pursuant to § 6.4 of Article VI, the role of the HBPC Chair is more limited than the other HBPC members. Presently, no Chair has been appointed by the HBPC.

Clerk of Court docketed this letter as a "Petition," the *pro se* filing[2] states that "I have proceeded to assume the rights, duties and obligations as the HBPC Other Member. No further action from the Court is requested at this time." *Id.*, PageId#5865. Jones's letter further stated that he felt it "prudent to advise the Court" that: (1) pursuant to a document entitled "Appointment of Replacement HBPC Other Member Alternates"("Appointment of Replacement"), he and John Stitso ("Stitso") were appointed "Other Member Alternates" by Jack Hall on July 14, 2016, then serving as the Other Member, and have been serving in that capacity ever since; (2) he and Stitso voted Jones as the Other Member after Hall died on July 23, 2021, and also named Robert Johnson as the new Other Member Alternate; and (3) although Jones has "proceeded to assume the rights, duties and obligations as the HBPC Other Member," he has been "informally advised" that Navistar may have contacted the Court in an "unauthorized attempt" to "appoint someone else as the successor" to Jack Hall. *Id.*

On September 3, 2021, Navistar Inc. ("Navistar"), filed a "Plan Administrator's Notice of Response to Letter to Court Regarding HBPC Other Member" ("Notice"). Doc. #581. The Notice includes 118 pages of exhibits, Doc. ##581-1 and 581-2. Included in these exhibits is a letter dated September 2, 2021,

---

[2] Jones's stationery states that he is an "Attorney at Law (Retired) (Illinois only)" and that he has been "directly and indirectly involved in disputes before the Court with Navistar over the Health Benefit Program Committee." Doc. ##580 and 582.

addressed to the Court and sent by Sadie Hahn, Secretary of the HBPC,[3] on behalf of four members of the HBPC, two Company Members and two UAW Members. Doc. 581-2, PageID##5908-59131.[4] The HBPC letter identified three issues that "require resolution by the Court:" (1) whether Jones was properly seated as an Other Member Alternate in 2016-2017; (2) whether he has properly assumed the position of Other Member of the HBPC following the death of Jack Hall; and (3) whether the HBPC has the authority to conduct regular business with only four HBPC Members until such time as the Court determines the Other Member. The HBPC argues that because neither Jones nor Stitso was properly seated as Other Member Alternates, Jones, acting with Stitso, has "no basis or authority" to "declare himself to be the HBPC's Other Member." Concerning its request to conduct regular business, the HBPC cites to § 6.4 (c) of Article VI, and requests "confirmation" from the Court that it has a quorum with four Members.

On September 8, 2021, Jones responded to the HBPC's September 2, 2021, letter to the Court by filing a letter, along with "two appendices," on September 10, 2021, arguing that he and Stitso were validly appointed as Other Member Alternates by Jack Hall in July 2016 and that he is now the Other Member. Doc. #582. He further contends that the HBPC has no authority to conduct business

---

[3] Pursuant to § 6.1, the Secretary of the HBPC is elected by its Members. Doc. #343-3, PageID#210.

[4] As stated in the September 2, 2021, letter to the Court, the third Company Member, Dan Pikelny, recently left Navistar and the HBPC. Navistar, according to the HBPC Secretary, expects to appoint his replacement in the near future. Doc. #581-2, PageID#5909.

4

without his receiving notice of meetings and participating as the Other Member. Doc. #582. Finally, Jones asserts that "[T]here is no justiciable issue pending before the Court," given that neither the September 2, 2021, letter from the HBPC, "the entire 120-page filing,[5] nor anything else filed in this case to date creates a justiciable dispute that actually invokes the Court's jurisdiction to decide whether my appointment as a successor HBPC Other Member (or as an OMA in 2016) is valid or not." *Id.*

Before analyzing the validity of Jack Hall's July 2016 Appointment of Replacement of Jones and Stitso, Jones's claim that he is the successor HBPC Other Member and whether the HBPC has the authority under § 6.4 (c) Article VI to conduct regular business in the absence of the Other Member, the Court will first address whether it has subject matter jurisdiction.

**I. Subject Matter Jurisdiction**

On May 27, 1993, this Court approved a Settlement Agreement entered into by the parties in *Shy, et al., v. Navistar International Transportation Corp.*, et al., Case No. 3:92-cv-333 (S.D. Ohio) (Rice, J). Doc. #324. Section 15.4 of the agreement provides that this Court "will retain exclusive jurisdiction to resolve any disputes relating to or arising out of or in connection with the enforcement,

---

[5] The filing consists of 118 pages of exhibits attached to a two page "main document."

5

interpretation or implementation of this Settlement Agreement, except for disputes relating solely to the eligibility or entitlement to benefits hereunder" and that "[e]ach of the parties hereto expressly and irrevocably submits to the jurisdiction of the Court in connection with any proceedings in connection with the enforcement, interpretation or implementation of this Settlement Agreement, except for disputes relating solely to the eligibility or entitlement to benefits hereunder." Doc. #343-3, PageID#183. In its Supplemental Opinion and Order of June 8, 1993, the Court adopted the Settlement Agreement as a Consent Decree and also retained "continuing jurisdiction over all parties hereto for the purposes of implementing, enforcing and administering the Settlement Agreement and exhibits thereto." Doc. #326 at PageID##100-101.

Sixth Circuit authority is clear that "[C]ourts 'have a duty to enforce. . . their consent decree as required by circumstance,'" *Shy v. Navistar Int'l Corp.*, 701 F.3d 523, 532 (6th Cir. 2012 (quoting *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 132 F.3d 1142, 1145 (6th Cir. 1997), and may "protect the integrity of the decree with its contempt powers." *Waste Mgmt. of Ohio*, 132 F.3d at 1145. "In enforcing a consent decree, '[a] federal court has broad equitable remedial powers' and '[t]he court's choice of remedies is reviewed for an abuse of discretion.'" *Shy*, 701 F.3d at 533 (quotations omitted). Although a consent decree "memorializes the bargained for position of the parties," it also exists as "a final judicial order" and "[o]nce approved, the prospective provisions . . . operate as an injunction." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983).

6

Here, it is evident from the HBPC's September 2, 2021, letter, Doc. #581-2, PageID#5908-5913, and Jones's response of September 8, 2021, Doc. #582, that disputes exist "relating to or arising out of or in connection with the enforcement, interpretation or implementation" of the Settlement Agreement and Consent Decree. Specifically, these disputes concern whether Jones can be validly seated as the HBPC Other Member following the death on July 23, 2021, of Jack Hall and, if not, whether the HBPC can conduct regular business pending the appointment by the Court of the Other Member. The sole exception to the Court's jurisdiction in § 15.4 of the Settlement Agreement, disputes concerning "the eligibility or entitlement to benefits hereunder," is not at issue. Accordingly, based on the language of the Settlement Agreement, Consent Decree and the above-cited legal authorities, the Court has subject matter jurisdiction of this dispute.[6]

**II. Background Facts**

On May 7, 2014, Jack Hall replaced John Mindiola, the initial HBPC Other Member. Doc. #461. Thereafter, on December 15, 2015, Jones, who had sent signed petitions to the Court on behalf of Hall, filed a petition requesting that he and Stitso replace Phillip Herzog ("Herzog") and Shirley Jacobs ("Jacobs"), the

---

[6] Jones's argument that the HBPC lacks "standing" to raise these issues is without merit. The Court has continuing jurisdiction of the Consent Decree and when disputes arise, it has an obligation to enforce the decree's terms as required by circumstances. No new claim for relief or new lawsuit has been filed by the HBPC, raising concerns of justiciability including standing.

7

two Other Member Alternates. Doc. #481. Jones argued that "for 20 years the initial Alternates [two Other Member Alternates] have apparently done nothing whatsoever to prepare themselves to act." In overruling this motion, the Court stated that Jones failed to "offer some concrete manner" in which Herzog and Jacobs had not represented "the non-UAW Participants adequately," Doc. #488, PageID#3146, since during this time "there has never been an instance of death, incapacity or resignation with respect to the Other Member or" Other Member Alternates. *Id.*, PageID#3147. Therefore, the Court stated, Herzog and Jacobs never had any occasion to represent the Non-UAW Participants, "much less inadequately," by voting for any replacement, thus, making Jones's motion "premature." *Id.*

On July 7 and 8, 2016, Herzog and Jacobs, after speaking with Jones, sent letters to Hall saying that they resigned their positions as Other Member Alternates.

A Motion for Reconsideration or, Alternatively, a New Motion to File Petition to Appoint or Replace two Shy Plan HBPC Other Member Alternates of the Health Benefit Program Committee ("Motion for Reconsideration") was filed by Jones on July 12, 2016. Doc. #489. In this motion, he stated that he spoke to both Herzog and Jacobs, both "were unaware that they were" Other Member Alternates, "had no desire to serve in such a capacity and intended to resign their positions." Doc. #490, PageID#3154. In overruling Jones's Motion for

8

Reconsideration, the Court stated three reasons: (1) Jones did not attach Herzog and Jacob's alleged letter of resignations, thus offering "no evidence that would compel the Court to reconsider its previous Entry;" (2) the Court may lack jurisdiction to grant the relief since there is no "dispute" pursuant to Section 15.4; and (3) even assuming that Jones is seeking to replace Herzog and Jacobs under § 6.6 due to alleged inadequate representation, there is no evidence that they have been called upon to serve in that capacity making the motion premature.

On some date after July 15, 2016, the Other Member, Jack Hall, signed the Appointment of Replacement naming Jones and Stitso as the Other Member Alternates. Doc. #581-1PageID#5893. The document, also signed by Jones and Stitso, stated that Herzog and Jacobs had sent a letter resigning their positions to "Mr. Hall and Mr. Delphey" and that Jones filed a Motion for Reconsideration on July 12, 2016, "advising him [the Court] of his findings about the incumbent Other Member Alternates and about their resignations." *Id.* PageID#5893. The Appointment of Replacement explains the Court's ruling on Jones's Motion for Reconsideration as follows:

> Judge Rice issued an Entry and Order overruling Jones' Motion for Reconsideration claiming that he could not reverse his findings[,] that Jones had not shown inadequate representation by the two incumbent Other Member Alternates and with the resignations by them there was no longer any dispute for him to decide. His final ruling is that Mr. Hall, Ms. Jacobs and Mr. Herzog had the power to appoint successor HBPC Other Member Alternates and did not need oversight of the Court to do so. Since Ms. Jacobs and Mr. Herzog

9

> have resigned[,] Mr. Hall alone has the power to appoint their successors.[7]

*Id.*

At an HBPC meeting held October 27, 2016, the resignations of Herzog and Jacobs were discussed, along with Hall's appointment of Jones and Stitso. Doc. #581-2. The Committee, including Hall, agreed that pursuant § 6.6 of Article VI, it was required to send a letter to the Other Member Alternates notifying them of the procedure requiring them to vote, along with Jack Hall as the Other Member, for new Other Member Alternates. *Id.* PageID#5945-5946. Although a letter was sent by the HBPC to Herzog and Jacobs, a partial transcript from the January 23, 2017, HBPC meeting shows that Herzog requested another copy of the HBPC letter and that Jacobs would not answer her telephone. Although no vote was taken, the "general consensus" among the Members was that there was no issue to resolve "until. . . one of the alternates has to be seated at this table." *Id.*, PageID#5980. Hall agreed with this position stating "I'd just as soon wait until something happens. I'll never know what you guys did." *Id*, PageID#5982.

---

[7] Although the explanation of the Court's Decision and Entry Overruling Jones's Motion for Reconsideration, Doc. #490, leaves out several important legal details, overall, it states the key points of the Court's ruling. However, without question, the Court made no such statement in its Decision and Entry that "[S]ince Mr. Jacobs and Mr. Herzog have resigned[,] Mr. Hall alone has the power to appoint their successors."

### III. Analysis

#### A. Because Jones and Stitso Were Never Properly Seated as the Other Member Alternates, Jones Has Not Properly Assumed the Position of Other Member of the HBPC

Jones argues that, pursuant to the Appointment of Replacement executed by Hall, Jones and Stitso, he and Stitso became Other Member Alternates, "effective July 14, 2016." He asserts that since Herzog and Jacobs resigned as Other Member Alternates, "[I]t is axiomatic that the only person in the world remaining with the power to appoint the replacement OMAs [Other Member Alternates] following these resignations was the HBPC Other Member [Hall]." Doc. #582, PageID#5993. Following Hall's death on July 23, 2021, Jones contends that he and Stitso, as the Other Member Alternates, lawfully voted Jones as the Other Member and Robert Johnson as the new Other Member Alternate.

Section 6.6 of Article VI of the Base Plan describes the procedure to be followed for replacement of the Other Member and the creation and replacement of the two Other Member Alternates:

> In the event of the death, incapacity or resignation of the HBPC Other Member, his successor shall be appointed by a majority vote of such Other Member (if he is not deceased or incapacitated) and two alternates (the HBPC Other Member Alternates") . . . In the event of the death, incapacity or resignation of either of the HBPC Other Member Alternates, his successor shall be appointed by a majority vote of such HBPC Other Member Alternate (if he is not deceased or incapacitated), the other HBPC Other Member Alternate and the Other Member upon notice from the Health Benefit Program Committee or such HBPC Other Member Alternate of such death, incapacity or resignation.

11

Doc. #343-3, PageID##213-214.

This section also permits the HBPC Other Member or either of the HBPC Other Member Alternates to be replaced by the Court for "failure adequately to represent the Participants."

> The HBPC Other Member or either of the HBPC Other Member Alternates may also be replaced by the Court upon Petition signed by not less than 50 Participants who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement, for failure adequately to represent the Participants.

*Id.*, PageID#214.

Based on the above language from § 6.6 of Article VI, Hall's Appointment of Replacement of Jones and Stiso, effective July 14, 2016, is invalid. As explained in the Court's Entry and Order Overruling Jones's Motion for Reconsideration, Doc. #490, the Other Member Alternates "are to be replaced by majority vote of Hall, Herzog and Jacobs." *Id.*, PageID#3155. There is no provision in § 6.6 or anywhere else in Article VI for the Other Member to have the sole vote in replacing either of the Other Member Alternates.

Because Jones and Stitso were never properly seated as Other Member Alternates, Jones did not assume the position of Other Member of the HBPC, following the death of Jack Hall on July 23, 2021. Upon the filing of this Decision

12

and Entry, Jones is to cease immediately any representation to any individual or entity that he is the Other Member of the HBPC.

Additionally, the Court finds that because there is no Other Member and no Other Member Alternate, there is a "failure to adequately represent the Participants." Accordingly, pursuant to § 6.6, the Court will consider Petitions for the position of the Other Member and Other Member Alternates. Said Petitions must be "signed by not less than 50 Participants who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement."

**B. Until the Court Determines the Other Member of the HBPC, the Committee, Presently Consisting of Two Company Members and Two UAW Members, Constitutes a Quorum Pursuant to § 6.4(c) and has the Authority to Conduct Regular HBPC Business**

The HBPC's letter of September 2, 2021, states that it presently consists of four members, two Company Members and two UAW Members. Pursuant to § 6.4(c) of Article VI, a meeting of the HBPC "shall be validly constituted if both HBPC UAW Members or one UAW Member and the HBPC Other Member, on the one hand, and two HBPC Company Members, on the other hand, participate in such meeting." Doc. #343-3, PageID#213. Accordingly, this section permits the HBPC to be validly constituted with the four members stated in the HBPC's letter of September 2, 2012, and to conduct its regular business in accordance with the Plan and Settlement Agreement.

13

A footnote in the HBPC's September 2, 2021, letter states that Navistar expects to appoint its third Member, to replace Dan Pikelny who has left Navistar and the HBPC, "in the near future." If this appointment occurs prior to the Court determining the identity of the Other Member so that the Company Members have three votes and the UAW Members have two votes, Section 6.4(b) permits the UAW to also have three votes since the Other Member will be deemed "absent."

> At all meetings of the Health Benefit Program Committee[,] the HBPC Company Members shall have a total of three votes and the HBPC UAW Members and the HBPC Other Member together shall have a total of three votes, the vote of any absent HBPC Company Members being divided equally between the HBPC Company Members present and the vote of any absent HBPC UAW Member or the absent HBPC Other Member being divided equally between the HBPC UAW Members and HBPC Other Members present;

*Id.*, PageID#212

In the event that a unanimous vote is required pursuant to § 6.3(c), this can be accomplished by the four HBPC members as explained in § 6.4(c).

**C. The Secretary of the HBPC is to Send Copy of this Decision and Entry, with Notice Attached as Exhibit A, and the Notice Itself, on or before October 14, 2021, and to Provide Last Known Street or Email Address of All Non-UAW Retirees within Two Business Days of Request to any Interested Person for the Vacant Positions of Other Member and Other Member Alternates**

On or before the close of business on October 14, 2021, the Secretary of the HBPC is ordered to send to all Non-UAW Retirees, by regular U.S. Mail and/or email, the following: (1) a copy of this Decision and Entry, including the attached Exhibit A; and (2) a separate copy of the Notice itself. Any interested person

14

wishing to serve as either the Other Member or as one of the Other Member Alternates and needing the last known street or email address of the non-UAW Retirees is to contact the Secretary of the HBPC. The Secretary is ordered to provide to any interested person wishing to serve in these positions the last known street or email address of all non-UAW Retirees. This information is to be sent by the Secretary to the requesting individual by either regular United States Mail or email within two business days from when the request is made to the Secretary.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court SUSTAINS the request of the HBPC to the Court to resolve the following issues: (1) whether William W. Jones was properly seated as an Other Member Alternate of the HBPC in 2016-2017 and is the Other Member of the HBPC; and whether if the answer to the first inquiry is "no," (2) the HBPC has authority to conduct regular business, Doc. #581-2. The Court finds that (1) William W. Jones was not properly seated as an Other Member Alternate of the HBPC in 2016-2017 and is not the Other Member of the HBPC; and (2) the HBPC has authority to conduct regular business with two Company Members and two UAW Members pursuant to § 6.4(c) of Article VI. The Court further finds that until such time as the Other Member is selected by the Court, the Other Member is deemed "absent" for purposes of § 6.4(b) of Article VI.

The Secretary of the HBPC is ORDERED to send to all Non-UAW Retirees, on or before the close of business on October 14, 2021, by regular U.S. Mail and/or email the following: (1) a copy of this Decision and Entry, including Exhibit A; and (2) the Notice itself. Any person wishing to serve as either the Other Member or as one of the Other Member Alternates and needing the last known street or email address for non-UAW Retirees, shall contact the Secretary of the HBPC for this information, and the Secretary is further ORDERED to send any said information by regular United States Mail or email within two business days of receiving the request.

All petitions must be signed and dated on or after October 14, 2021. Any such petitions for the positions of Other Member and/or Other Member Alternates, are to be submitted to the Court at the address below by regular U.S. Mail and/or express mail on or before the close of business on November 15, 2021. The Court will then decide the identity of the Other Member and the two Other Member Alternates.

Honorable Walter H. Rice,
Walter H. Rice Federal Building and U.S. Courthouse
200 West Second Street, Room 909
Dayton, Ohio 45402

Date: October 8, 2021

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## NOTICE TO ALL NON-UAW RETIREES OF VACANCIES IN THE POSITIONS OF "OTHER MEMBER" AND "OTHER MEMBER ALTERNATES"

Pursuant to Article VI, § 6.6 of the Navistar International Transportation Corporation Retiree Health Benefit and Life Insurance Plan (the "Base Plan"), the Court has determined that there are vacancies for the positions of the <u>Other Member</u> of the Health Benefit Program Committee ("HBPC") and for the <u>two Other Member Alternates</u> of the HBPC. The HBPC Other Member is a representative of the non-UAW Retirees and shall not be a non-represented employee, an employee of the UAW, an employee represented by the UAW or a retiree represented by the UAW at the time of his retirement.

Interested individuals for the positions of Other Member and/or Other Member Alternate should send the following information to the Honorable Walter H. Rice, Walter H. Rice Federal Building and U.S. Courthouse, 200 West Second Street, Room 909, Dayton, Ohio 45402, <u>on or before the close of business on November 15, 2021</u>: (1) a letter indicating their interest in either or both positions; and (2) a Petition, signed and dated on or after October 14, 2021, by not less than 50 Participants of the Base Plan who are Non-Represented Employees, Present Employees who are not represented by the UAW or Retirees who were not represented by the UAW at the time of their retirement. All petitions, for the positions of Other Member and/or Other Member Alternates, are to be submitted to the Court by regular U.S. Mail and/or express mail on or before the close of business on November 15, 2021.

A request by persons interested for the street or email address for all non-UAW Retirees should be sent by regular United States Mail, express mail or email to Ms. Sadie Hahn, Secretary of the Health Benefit Program, 2701 Navistar Dr., Lisle, IL 60532 or Sadie.Hahn@Navistar.com. The Secretary will have two (2) business days following receipt of such request to process and respond to any request for these addresses.