UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ART SHY, et al.<br>       Plaintiffs,<br>vs.<br>NAVISTAR INTERNATIONAL<br>CORPORATION, et al.<br>       Defendants. | Case No. 3:92-CV-00333<br><br>District Judge Walter H. Rice |

## [ORDER GRANTING CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF AMENDMENTS TO THE SUPPLEMENTAL BENEFIT PROGRAM

This matter comes before the Court on Class Representatives' Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Amendments to the Supplemental Benefit Program ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release dated December 22, 2021 ("Agreement"),[1] along with its attached exhibits, entered into by Intervenor Plaintiff Supplemental Benefit Program Committee of the Navistar International Transportation Corp. Retiree Supplemental Benefit Program, Defendants Navistar International Transportation Corporation and Navistar, Inc. (collectively, "Navistar"), and Class Representatives and Class Counsel on behalf of the Settlement Class, and finds that the Motion should be **GRANTED**.

NOW, THEREFORE, the Court hereby **FINDS, CONCLUDES AND ORDERS**:

1.  The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following modified non-opt out Class pursuant to Fed. R. Civ. P. 23(b)(1):

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Agreement.

> Present participants (including spouses and dependents) and those eligible to become participants, whether upon retirement or election (including eligible spouses and dependents), in the Navistar International Transportation Corp. Retiree Health Benefit and Life Insurance Plan (n/k/a the Navistar, Inc. Retiree Health and Life Insurance Plan). This includes all eligible present retirees, individuals eligible upon retirement or election, and participating, eligible, or future-eligible spouses and dependents in the Navistar International Transportation Corp. Retiree Health Benefit Program (n/k/a the Navistar, Inc. Retiree Health Benefit Program), the Navistar International Transportation Corp. Retiree Life Insurance Program (n/k/a the Navistar, Inc. Retiree Life Insurance Program), and the Navistar International Transportation Corp. Retiree Supplemental Benefit Program (n/k/a the Navistar, Inc. Retiree Supplemental Benefit Program).

2. Based upon information provided: the class is ascertainable; it numbers in the thousands, satisfying numerosity; there are common questions of law and fact, including whether Navistar properly administered the *Shy* Plan; the proposed Class Representatives' claims are typical, in that they are members of the Class and allege they have been or will be damaged by the same conduct as others members of Class; the proposed Class Representatives and Class Counsel can fully, fairly and adequately protect the interests of the Class; question of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The Court previously appointed Richard Zounes and Miller Rodgers to join Carl Potts as Class Representatives. The Court additionally appoints, based on the revised class definition, Robert Bergmann and Fred Cortright as Class Representatives.

4. The Court appoints Navistar, under the supervision of Class Counsel, to act as settlement administrator for the proposed Notice Plan.

5. The Court does hereby preliminarily approve the Class Action Settlement Agreement, including the notices and the releases contained therein as being fair, reasonable, and

adequate as to Class Members, subject to further consideration at the Fairness Hearing described below. Furthermore, the amendments and modifications attached as Exhibits B and C to the Class Action Settlement shall take effect concurrent with the effective date of the Class Action Settlement, if any.

6. A hearing (the "Fairness Hearing") shall be held before the Court on June 9, 2022 at __10:00__ a.m./~~p.m.~~ for the following purposes:

a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

c. To determine whether Class Counsel's application for attorneys' fees and reimbursement of expenses should be approved; and

d. To rule upon such other matters as the Court may deem appropriate.

7. The Court approves, as to form and content, the Long Form Settlement Notice, Email Notice, and Publication Notice, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

8. The Court directs Navistar to timely notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. §1715. Navistar shall, at or before the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

9. The Class Action Settlement affords the following settlement benefits to Class Members:

    a. Navistar agreed to pay $292 million (plus interest) in the Profit-Sharing Settlement to resolve the Profit-Sharing Disputes;

    b. Navistar committed to share all future Medicare Part D subsidies (currently estimated at a value of $118 million) with the Base Plan through an agreement in the *Krzysiak* Settlement concerning the Medicare Part D subsidies and future calculations of the *Shy* Plan participant premiums to the *Shy* Agreement;

    c. Navistar agreed to pay $17 million to the Base Plan Retiree Sub Account A in respect of the *Krzysiak* Settlement; and,

    d. Navistar agreed to reimburse the Supplemental Trust for $3 million of litigation expenses in the *Krzysiak* Lawsuit.

Additionally, Navistar and the UAW agreed to recommend action by the Health Benefit Program Committee directing $48 million of Base Plan Retiree Sub Account A assets, plus the aforementioned $17 million, towards the reduction of future monthly participant contributions.

10. Pursuant to the Agreement, the parties seek the Court's approval of an amendment to the Supplemental Benefit Program to exchange Navistar's obligation to make future contributions to the Supplemental Benefit Program for a payment of $264 million. The Court finds that the Notice Plan constitutes "appropriate notice" within the meaning of Section 9.1(c) of the Supplemental Benefit Program.

11. Navistar shall administer the Notice Plan as follows:

    a. Within 30 days of this Order, Navistar shall: i) provide notice to Class Members with readily identifiable mailing addresses via U.S. mail, substantially in the form of the Long

Form Notice attached as Exhibit G to the Agreement; ii) provide notice to Class Members with readily identifiable email addresses via email, substantially in the form of the Email Notice attached as Exhibit H to the Agreement; iii) cause the Publication Notice, substantially in the form attached as Exhibit I to the Agreement, to be published via PRNewswire and any other outlet Navistar and Class Counsel agree upon; iii) establish a Settlement Website that includes the notices, an FAQ, and other information relevant to the Class, including important historical Court submissions as well as material Court submissions relating to the proposed settlement; and iv) establish a toll-free line for Class Members to obtain answers to questions relating to the Settlement.

    b. No later than May 26, 2022, Navistar shall cause proof, by affidavit or declaration, of compliance with the Notice Plan to be filed with the Court.

    12. All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement.

    13. Pending final determination of whether the Agreement should be approved, the SBC, Class Counsel and Class Members are barred and enjoined from commencing or prosecuting any action asserting any proposed settled class claims against Navistar.

    14. Any Class Member may enter an appearance for purposes of the Settlement, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Navistar a notice of such appearance no later than April 11, 2022. If they do not enter an appearance, they will be represented by Class Counsel.

15. All papers in support of the Class Action Settlement, and Class Counsel's Fee Application and request for expenses, shall be filed no later than 14 days prior to the scheduled Fairness Hearing.

16. Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than April 11, 2022 to each of the following:

>OFFICE OF THE CLERK
>Walter H. Rice Federal Building
>200 W, 2nd St,
>Suite 712
>Dayton, Ohio 45402
>
>MARKOVITS, STOCK & DEMARCO, LLC
>W. B. Markovits
>3825 Edwards Rd., Suite 650
>Cincinnati, Ohio 45209
>*Class Counsel*
>
>MORGAN, LEWIS & BOCKIUS, LLP
>John C. Goodchild, III
>1701 Market Street
>Philadelphia, PA 19103
>*Counsel for Navistar*

17. An objection must contain: (a) the full name, address, telephone number, and email address of the objector; (b) a written statement of all grounds for the objection accompanied by any legal or factual support for such objection; (c) copies of any papers, briefs, or other documents

on which the objection is based; (d) a list of all cases in which the objector and/or objector's counsel had filed or in any way participated in—financially or otherwise—objecting to a class action settlement in the preceding five years; (e) the name, address, email address, and telephone number of all attorneys representing the objector; (f) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Fairness Hearing, and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and (g) the objector's signature. Any person who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than May 26, 2022.

  18. This Order and Class Action Settlement Agreement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Class Action Settlement Agreement, shall not constitute evidence, or an admission by Navistar that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Navistar. This Order and the Class Action Settlement Agreement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Class Action Settlement Agreement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

  19. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or

matters arising out of or connected with the proposed Class Action Settlement. The Court may approve the Class Action Settlement, with such modifications as may be agreed to by the SBC, Navistar, and Class Representatives, and to the satisfaction of the UAW as provided in the Settlement, [and] if appropriate, without further notice to the Class.

Dated: 1-10-22

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE